# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER,** | ) | |
| | ) | |
| **Plaintiff, Pro Se** | ) | **Civ. Action No. 07-cv-02757-MAM** |
| | ) | **The Hon. Mary A. McLaughlin** |
| **v.** | ) | |
| | ) | |
| **YAHOO!, INC.** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MICROSOFT CORPORATION** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>PROPOSED ORDER</u>

AND NOW, this _____ day of _____, 200__, upon consideration of

Defendant Yahoo!, Inc.'s Motion to Dismiss and accompanying Brief, and any opposition

thereto, it is hereby ORDERED that the Motion is GRANTED, and the above action is hereby

DISMISSED WITH PREJUDICE as to Defendant Yahoo!, Inc.

Pursuant to 17 U.S.C. § 505, Defendant Yahoo!, Inc. may submit a motion within thirty

(30) days claiming their reasonable fees and costs in defending this action.


_____
McLaughlin, J.

Dockets.Justia.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GORDON ROY PARKER,** | ) | |
| | ) | |
| **Plaintiff, Pro Se** | ) | **Civ. Action No. 07-cv-02757-MAM** |
| | ) | **The Hon. Mary A. McLaughlin** |
| **v.** | ) | |
| | ) | |
| **YAHOO!, INC.** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MICROSOFT CORPORATION** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT YAHOO!, INC.'S MOTION TO DISMISS

Defendant Yahoo!, Inc. moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's complaint with prejudice for the reasons stated in the accompanying Brief.

WHEREFORE, Yahoo!, Inc. respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice as to defendant Yahoo!, Inc.

Respectfully submitted,

/s Corey Field
Lynn E. Rzonca (Pa ID. No. 86747)
Corey Field (Pa. ID. No. 88650) (cf2939)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
TEL: 215-665-8500
FAX: 215-864-9120
rzoncal@ballardspahr.com
fieldc@ballardspahr.com

– and –

Thomas P. Lane (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
tlane@winston.com

*Attorneys for Defendant Yahoo!, Inc.*

Date: December 10, 2007

NY:1150709.2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER,** | ) | |
| | ) | |
| **Plaintiff, Pro Se** | ) | **Civ. Action No. 07-cv-02757-MAM** |
| | ) | **The Hon. Mary A. McLaughlin** |
| **v.** | ) | |
| | ) | |
| **YAHOO!, INC.** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MICROSOFT CORPORATION** | ) | |
| | ) | |
| **Defendants.** | ) | |

## BRIEF IN SUPPORT OF DEFENDANT YAHOO!, INC.'S MOTION TO DISMISS

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................i

TABLE OF AUTHORITIES .........................................................................................ii

INTRODUCTION ........................................................................................................1

STATEMENT OF FACTS ...........................................................................................2

ARGUMENT ...............................................................................................................5

I.      PLAINTIFF'S COPYRIGHT CLAIMS MUST BE DISMISSED .......................5

        A.     Plaintiff's Claims Are Barred by the Doctrine of Issue Preclusion .......................5

        B.     The Complaint Fails to State a Cause of Action for Infringement .........................7

               1.     The Complaint Fails To Allege Sufficient Facts To Establish Direct Infringement.....................................................................................................7

               2.     The Complaint Fails To Allege Sufficient Facts To Establish Contributory or Vicarious Infringement .....................................................11

        C.     Yahoo! Is Entitled to the Safe Harbor of the DMCA ...........................................13

II.     PLAINTIFF'S BREACH OF CONTRACT CLAIM MUST BE DISMISSED .................14

        A.     The Copyright Act Preempts Plaintiff's Breach of Contract Claim .....................14

        B.     The Complaint Fails to Allege Existence Of An Enforceable Contract ...............15

III.    PLAINTIFF'S NEGLIGENCE CLAIM MUST BE DISMISSED.....................................16

        A.     The Copyright Act Preempts Plaintiff's Negligence Claim ..................................16

        B.     Yahoo! Is Immune From Parker's Negligence Claim Under The Communications Decency Act ...............................................................................17

        C.     Plaintiff Fails To Plead A Viable Claim Of Negligence........................................17

        D.     Plaintiff's Negligence Claim Is Duplicative .........................................................18

CONCLUSION............................................................................................................19

## TABLE OF AUTHORITIES

## CASES

*A&M Records v. Napster, Inc.*,
239 F.3d at 1013 (9th Cir. 2001)................................................................11

*Ash v. Continental Insurance Co.*,
932 A.2d 877 (Pa. 2007) ..........................................................................8

*Board of Trustees of Trucking Employees of No. Jersey Welfare Fund, Inc. v. Centra*,
983 F.2d 495 (3d Cir.1992)........................................................................6

*Brunson Communications, Inc. v. Arbitron, Inc.*,
266 F. Supp. 2d 377 (E.D. Pa. 2003) ........................................................16

*Caspi v. Microsoft Network, LLC*,
732 A.2d 528 (N.J. Super. Ct. A. D. 1999)................................................16

*CoStar Group, Inc. v. LoopNet, Inc.*,
373 F.3d 544 (4th Cir. 2004) ..............................................................7, 8

*Corestates Bank, N.A. v. Cutillo*,
723 A.2d 1053 (Pa. Super. Ct. 1999) ........................................................16

*Daley v. Firetree, Ltd.*,
2006 U.S. Dist. LEXIS 4061 (M.D. Pa. Jan. 19, 2006) ............................15

*Ellison v. Robertson*,
357 F.3d 1072 (9th Cir. 2004) ..............................................................12,

*Etoll, Inc. v. Elias/Savion Adver., Inc.*,
811 A.2d 10 (Pa. Super. 2002)..................................................................18

*Field v. Google Inc.*,
412 F. Supp. 2d 1106 (D. Nev. 2006) .................................................. *passim*

*Fizz v. Kurtz, Dowd & Nuss, Inc.*,
519 A.2d 1037 (Pa. Super. 1987)..............................................................18

*Fun-Damental Too, Ltd. v. Universal Music Group, Inc.*,
1997 U.S. Dist. LEXIS 9597 (E.D. Pa. July 8, 1997).......................... 16-17

*Hospicomm, Inc. v. Fleet Bank, N.A.*,
338 F. Supp. 2d 578 (E.D. Pa. 2004) ........................................................18

NY:1150709.2

*Johnsrud v. Carter,*
  620 F.2d 29 (3d Cir. 1980)................................................................5

*Kay Berry, Inc. v. Taylor Gifts, Inc.,*
  421 F.3d 199 (3d Cir. 2005)..............................................................7

*Kowal v. MCI Comm'ns Corp.,*
  16 F.3d 1271, 1276 (D.C. Cir. 1994) ................................................5

*MCS Services v. Johnsen,*
  2002 U.S. Dist. LEXIS 16910 (E.D. Pa. Aug. 13, 2002)..................16

*Metropolitan-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,*
  545 U.S. 913 (2005)........................................................................11

*Newborn v. Yahoo!, Inc.,*
  391 F. Supp. 2d 181 (D.D.C. 2005) ............................................5, 13

*Parker v. Google, Inc.*
  422 F. Supp. 2d 492 (E.D. Pa. 2006) *aff'd* ___Fed. Appx. ___
  2007 WL 1989660 (3d Cir. July 10, 2007 ........................... *passim*

*Parker v. Google, Inc.*
  2007 U.S. App. LEXIS 16370 (3rd Cir. 2007) ................... *passim*

*Parker v. Google, Inc.,*
  Case No. 04-cv-03918-RBS (E.D. Pa.)..............................................3

*Parker v. Learn The Skills Corp., et al.,*
  Case No. 03-CV-06936-JK (E.D. Pa.)...............................................3

*Parker v. Learn the Skills Corp., et al.,*
  Case No. 05-cv-02752-HB (E.D. Pa.)................................................3

*Parker v. Comcast High-Speed Internet, et al.,*
  Case No. 05-MC-00157-HB (E.D. Pa.) .............................................3

*Parker v. Rodwell, Case,*
  I.D. 000201828 (First Judicial District of Pennsylvania) ...............3

*Parker v. Tilles, et al., Case,*
  I.D. 020901068 (First Judicial District of Pennsylvania) ...............3

*Parker v. Trustees of the University of Pennsylvania,*
  Case No. 05-CV-04874-PBT (E.D. Pa.)............................................3

NY:1150709.2

*Parker v. University of Pennsylvania,*
    Case No. 02-00567-AB (E.D. Pa.)....................................................................3

*Parker v. Wintermute,*
    Case No. 02-CV-7215-JK (E.D. Pa.) ...........................................................3

*Perfect 10 v. Amazon.com, Inc.,*
    487 F.3d 701 (9th Cir. Cal. 2007)..........................................................12, 13

*Pittsburgh Construction Co. v. Griffith,*
    834 A.2d 572 (Pa. Super. Ct. 2003)...........................................................18

*Religious Tech. Ctr. v. Netcom On-Line Commc'n Services, Inc.,*
    907 F. Supp. 1361 (N.D. Cal. 1995) ...................................................7, 8, 9

*Rocks v. City of Phila.,*
    868 F.2d 644(3d Cir. 1989).........................................................................6

## STATUTES

Fed. R. Civ. P. 12(b)(6).......................................................................................5

17 U.S.C. § 301(a) ......................................................................................14, 15

17 U.S.C. § 512.................................................................................................13

17 U.S.C. 512(b)(1) ....................................................................................13, 14

17 U.S.C. 512(d) ..............................................................................................14


47 U.S.C. § 230 et seq.......................................................................................17

## MISCELLANEOUS

*Nimmer On Copyright* § 10.03[A] (1989) .............................................9, 12, 13

NY:1150709.2

## INTRODUCTION

Gordon Roy Parker ("Parker" or "Plaintiff") purports to be a publisher and author of seduction "e-books," including *Why Hotties Choose Losers* and *Outfoxing the Foxes*. He is also an author of baseless legal complaints. His latest creative fiction, the 80-paragraph complaint ("Complaint") against Yahoo!, Inc. ("Yahoo!" or "Defendant") and Microsoft Corp. ("Microsoft"), alleges five causes of action: direct, contributory and vicarious copyright infringement, breach of contract, and negligence. Each of those claims is premised upon the incorrect notion that Yahoo!, through its internet search engine, somehow infringed Plaintiff's copyrights by displaying as search results the contents of works posted on Plaintiff's own website. The Complaint, however, merely regurgitates claims that Parker previously asserted against Google, Inc. and lost. Indeed, the Complaint – filed just days after the Third Circuit affirmed the dismissal of Parker's claims against Google – is an improper second bite at the apple. As this Court and the Third Circuit have already recognized, Parker's claims of infringement are not viable and should be dismissed.

Notwithstanding that Plaintiff's claims are barred, the Complaint also fails to state a single cognizable claim. The Complaint fails to allege any facts that would support a claim that Yahoo! infringed works (that Plaintiff himself makes available for downloading – at no cost – on his own website) by merely displaying those works as results of user queries and storing the works in caches. Plaintiff could have, but did not, use available technology to restrict the copying of his works from his website by search engines. Plaintiff could have followed, but did not, Yahoo!'s procedures and notify Yahoo! that it should remove Plaintiff's content from Yahoo!'s search engine. The safe harbor provisions of the Copyright Act protect Yahoo! from baseless claims of infringement such as those alleged here. As such, the Complaint should be dismissed with prejudice.

1

<u>**STATEMENT OF FACTS**</u>

<u>**Defendant Yahoo! Inc. and Yahoo! Search**</u>

Yahoo! is a Delaware corporation headquartered in California. Yahoo! operates a search engine ("Yahoo! Search"), accessible at www.yahoo.com and search.yahoo.com, through which users may search the internet for and access information, images, videos, products and other content. (Complaint ¶ 20, 26-32). When a user enters a query, Yahoo! Search returns a list of hyperlinks and two-line excerpts from the Web pages most responsive to the user's search. (*e.g.* Complaint ¶¶ 26-32). Those entries often contain, in addition to excerpts, a hyperlink to what is called a "cache," which is essentially a snapshot of a Website. (*Id*). The use of the cache improves access to the Internet, as it greatly speeds up responses to user queries, and lets users visit sites that might otherwise be unavailable. (Complaint ¶ 44).

As alleged by Plaintiff, Yahoo! employs "robots.txt" protocols and maintains an "opt-out" procedure (Complaint ¶ 24), both of which result in the exclusion of content that a content provider does not want Yahoo! to access or display. *See* www.robotstxt.org ("website owners use the /robtstxt file to give their instructions about their site to web robots"). As such, although Yahoo!'s robot "crawls" through websites and then indexes and caches their content, a site owner may use the robots.txt code to instruct the robot otherwise. (*Id*., Complaint ¶ 24). A website provider that does not block its content through the robots.txt technology can, nonetheless, "opt-out" of inclusion in Yahoo! Search results by simply notifying Yahoo! that content should be removed from Yahoo!. (Complaint ¶ 24). Plaintiff's website did not utilize the robots.txt technology and Plaintiff did not provide Yahoo! with notice that Plaintiff did not want his content to appear on Yahoo! Search. (Complaint ¶25).

2

**Plaintiff _Pro Se_ Gordon Ray Parker**

Parker is a serial _pro se_ litigant, authoring three times the number of complaints (in federal and state courts in this district) than there are registered works at issue in this case. His prior litigations, none of which have been successful, include:

- **_Parker v. Rodwell_, Case ID 000201828 (First Judicial District of Pennsylvania) (judgment entered 2001) –** case dismissed for failure to prosecute.

- **_Parker v. Univ. of Pennsylvania_, Case No. 02-00567-AB (E.D. Pa.)** – summary judgment granted for defendant.

- **_Parker v. Tilles, et al._, Case ID 020901068 (First Judicial District of Pennsylvania) (judgment entered 2003) –** judgment entered for defendants upon motion for compulsory non-suit.

- **_Parker v. Wintermute_, Case No. 02-CV-7215-JK (E.D. Pa.)** – case dismissed due to Parker's failure to serve defendants (despite admonitions of the Court).

- **_Parker v. Learn The Skills Corp., et al._, Case No. 03-CV-06936-JK (E.D. Pa.)** – case dismissed under Rule 8(a)(2).

- **_Parker v. Google, Inc., et al._, Case No. 04-cv-03918-RBS (E.D. Pa.)** – judgment entered for defendants after most claims with dismissed with prejudice; motion for reconsideration and leave to file second amended complaint denied. Affirmed by Third Circuit Court of Appeals. _Parker v. Google_, 2007 U.S. App. LEXIS 16370, *6 (3rd Cir. 2007).

- **_Parker v. Learn the Skills Corp., et al._, Case No. 05-cv-02752-HB (E.D. Pa.)** – case dismissed for lack of jurisdiction against certain defendants and for failure to state a claim upon which relief may be granted. Plaintiff's motion for reconsideration denied. Dismissal affirmed by Third Circuit. _Parker v. Learn the Skills Corp. et al._, 219 Fed. Appx. 187 (3rd Cir. 2007).

- **_Parker v. Trustees of the Univ. of Pennsylvania_, Case No. 05-CV-04874-PBT (E.D. Pa.)** – defendant's motion for summary judgment pending (filed May 18, 2007).

- **_Parker v. Comcast High-Speed Internet, et al._, Case No. 05-MC-00157-HB (E.D. Pa.)** – Parker's petition to perpetuate testimony under Rule 27 of the Federal Rules of Civil Procedure denied.

**Plaintiff's Claims in this Action**

Plaintiff, a self-styled "seduction guru," alleges that he is the owner of copyright registrations for three e-books: *Outfoxing the Foxes*, *29 Reasons Not To Be A Nice Guy*, and *Why Hotties Choose Losers.* (Complaint ¶¶ 4, 10). Plaintiff makes these three books available to the public, at no cost, on his website at http://www.cybersheet.com/library.html. (Complaint ¶ 4).

Plaintiff alleges that Yahoo! directly infringed his copyrights in these three works when Yahoo! "copied" the works for the purpose of storing the content and then displaying it to users through user searches. Plaintiff further alleges that Yahoo! directly infringed his copyrights by displaying the text of his works through Yahoo! Search in response to user queries. (Complaint ¶¶ 47-49). Plaintiff alleges that Yahoo! is also liable for contributory and vicarious infringement as a result of each user query on Yahoo! Search that results in the display of part or all of Plaintiff's three works. (Complaint ¶ 59).

In addition to these copyright claims, Plaintiff also alleges that Yahoo! was contractually bound by the copyright notice posted on Plaintiff's site which purports to "prohibit[] transfer of the document to third parties." *See* Complaint ¶¶ 67, 68. Plaintiff alleges that Yahoo! violated that notice by "downloading the page and making them available to third parties." Finally, Plaintiff also seeks recovery in tort, alleging that Plaintiff "is entitled to relief for negligence" because Yahoo! was "negligent of Defendant's duty to respect Plaintiff's terms of use." (Complaint ¶¶ 70, 72).

Plaintiff seeks statutory damages of $150,000 for each infringed work (Complaint ¶¶ 55, 63), punitive damages (Complaint ¶ 73), costs, including attorneys' fees (Complaint. ¶¶ 57, 65), and permanent injunctive relief (Complaint ¶¶ 56, 64, 74).

4

## ARGUMENT

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) must be granted where the complaint fails to sufficiently state a legally cognizable claim. *Parker v. Google*, 422 F. Supp. 2d 492, 496 (E.D. Pa. 2006) *aff'd*, ___ Fed. Appx ___, 2007 WL 1989660 (3d Cir. July 10, 2007) ("Parker I") (citing *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980)). "In evaluating a motion to dismiss, all allegations in the complaint and all *reasonable* inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the nonmoving party." *Id.* (citing *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989) (emphasis added). However, "the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint." *Newborn v. Yahoo!, Inc.*, 391 F. Supp. 2d 181, 185 (D.D.C. 2005) (citing *Kowal v. MCI Comm'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). A court should grant a motion to dismiss if no relief could be granted under any set of provable facts alleged in the complaint. *Parker I*, 422 F. Supp. 2d at 496.

## I.

## PLAINTIFF'S COPYRIGHT CLAIMS MUST BE DISMISSED

### A.  Plaintiff's Claims Are Barred by the Doctrine of Issue Preclusion

On July 10, 2007, just three days before Plaintiff filed the Complaint in this action, the Third Circuit affirmed this Court's dismissal of Parker's lawsuit against Google, another leading internet search provider. *Parker v. Google*, 2007 U.S. App. LEXIS 16370 (3rd Cir. July 10, 2007) ("*Parker II*"). Seeking a second bite at the apple, the instant Complaint raises claims and issues that are identical to those dismissed by this Court and rejected by the Third Circuit in Parker's prior action.

In his complaint against Google, like the Complaint here, Parker asserted claims for direct, contributory and vicarious infringement arising out of Google's scanning, caching.

displaying or distributing Parker's allegedly copyrighted material. *Parker I*, 422 F. Supp. 2d at 497-500. In analyzing Parker's claims, the Third Circuit recognized Google as the operator of

> an Internet search engine that allows users to search for websites, products and images among other things. Google's automatic search technology operates by "crawling" the Internet so that the content can be organized in a searchable index. In the course of "crawling" the Internet, Google makes a copy of each website and stores it in a "cache." When a user conducts a search, Google provides a list of results and often includes an excerpt from the matched site.

*Parker II*, 2007 U.S. App. LEXIS 16730, *1. The Third Circuit then reviewed Parker's allegations against Google and concluded that (1) Parker's direct infringement claim was properly dismissed because the "allegations failed to assert any volitional conduct on the part of Google"; (2) Parker's contributory infringement claim was properly dismissed because "Parker failed to allege that Google had the requisite knowledge of a third party's infringing activity"; and (3) Parker's vicarious infringement claim was properly dismissed because "Parker failed to allege that Google had a direct financial interest in the purported infringing activity."[1]

Under the federal law of issue preclusion, Plaintiff's most recent claims against Yahoo! must be dismissed if: (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question. *Bd. of Trs. of Trucking Employees of No. Jersey Welfare Fund, Inc. v. Centra*, 983 F.2d 495, 505 (3d Cir.1992). Plaintiff has already fully litigated his claims of infringement arising from a search engine's copying content, caching content and displaying of links to content appearing on Plaintiff's website. Parker's

---

[1] Federal courts have recognized that the leading internet search engines function identically for all legally relevant purposes. See, e.g., Field v. Google Inc., 412 F. Supp. 2d 1106, 1111, fn 2 (D. Nev. 2006) ("The three most popular search engines -- Google, Yahoo!, and MSN -- all display "Cached" links with their search results, and operate them identically.")

NY:1150709.2

most recent Complaint raises the identical issues and suffers from the identical fatal defects as his claims against Google. The Complaint is nothing more than a belated attempt at imposing liability on Yahoo! and Microsoft for conduct that has already been adjudicated to be lawful. Parker has already had a full and fair opportunity to litigate the issue of whether a search engine's scanning, caching and automatic display or distribution of copyrighted material in response to a user query constitutes direct, contributory or vicarious infringement. Plaintiff's copyright claims against Yahoo! are precluded and must be dismissed. *Id.*

**B.      The Complaint Fails to State a Cause of Action for Infringement**

**1.      The Complaint Fails To Allege Sufficient Facts To Establish Direct Infringement**

Notwithstanding the preclusive effect of this Court's prior rulings, a review of specific allegations of the Complaint here compels the same result. "To allege a claim for copyright infringement, a plaintiff must state: '(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of plaintiff's work.'" *Parker v. Google*, 2007 U.S. App. LEXIS 16370, *6 (3rd Cir. 2007) ("Parker II") (citing *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005)). "Additionally, to state a direct copyright infringement claim, a plaintiff must allege volitional conduct on the part of the defendant." *Id.* (citing *CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 551 (4th Cir. 2004); *Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1370 (N.D. Cal. 1995). The Copyright Act also "requires *conduct* by a person who causes in some meaningful way an infringement." *Parker I*, 422 F. Supp. 2d at 497 (quoting *CoStar*, 373 F.3d at 549) (emphasis in original).

The case law is clear that the alleged activities of Yahoo! do not constitute direct infringement." *See Parker v. Google*, 422 F. Supp. 2d 492, 497 (E.D. Pa. 2006) ("Parker I"); *cf. Field v. Google Inc.*, 412 F. Supp. 2d 1106, 1111, fn 2 (D. Nev. 2006) ("The three most popular

7

search engines -- Google, Yahoo!, and MSN -- all display "Cached" links with their search results, *and operate them identically*.") (emphasis added). For example, as discussed above, in *Parker I*, Plaintiff alleged that Google had infringed his copyright in *29 Reasons Not to Be A Nice Guy* through a system that automatically created temporary copies of Plaintiff's works for storage in Google's Internet cache and displayed the test of his materials in search results. *Parker I*, 422 F. Supp. 2d at 497-98. The Court dismissed Parker's Complaint, stating: "We are satisfied that neither the … automatic caching of websites, nor the excerpting of passage from Plaintiff's website, constitutes direct infringement." *Id*. Given that Yahoo!'s alleged acts – caching Plaintiff's materials and displaying them as search results – are identical to the alleged acts of Google, the Court should again conclude that there is no viable claim of direct infringement.

In determining whether the required volition is present here, *Parker I* is again instructive for the volition analysis. There the Court relied on the Fourth Circuit's analogy of an Internet Service Provider ("ISP") to the owner of a copy machine, and held that "[w]hen an ISP automatically and temporarily stores data without human intervention so that the system can operate and transmit data to its users, the necessary element of volition is missing." *Parker I*, 422 F. Supp. 2d at 497 (following *Costar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 549 (4th Cir. 2004); *Religious Tech. Ctr v. Netcom On-Line Commun. Servs, Inc.*, 907 F. Supp. 1361 (N.D. Cal. 1995)). The Third Circuit agreed. *Parker II*, *supra., at* * 7-8 ("We agree with this analogy as it applies to Google in this case. … Parker's allegations failed to assert any volitional conduct on the part of Google."). As such, Yahoo!'s automated indexing and downloading of the content of Plaintiff's websites cannot constitute the requisite volitional conduct.

Yahoo!'s "display" of any part of Plaintiff's copyrighted work similarly cannot be interpreted as volitional conduct. When a user enters a search query or requests a cached page, "it is the user, not [the ISP], who creates and downloads a copy of the cached Web page." *Field*, 412 F. Supp. 2d at 1115. Yahoo! is completely passive in response to such user requests. *Id.* "The automated, non-volitional conduct by [an ISP] in response to a user's request does not constitute direct infringement under the Copyright Act." *Id.* (citing *Religious Tech Ctr.* and *CoStar*).

Even if such conduct did meet the volitional requirement of the Copyright Act, Plaintiff's claim would nonetheless fail because the conduct was permitted and was not an "unauthorized copying." *Parker II*, 2007 U.S. App. LEXIS 16370, at *6. Specifically, Plaintiff's failure to take steps to restrict the copying of content from his website operates to create an implied license to Yahoo! for the use of Plaintiff's works. *Field*, 412 F. Supp. 2d at 1115 (a license may be granted "impliedly through conduct …, need not be manifested verbally and may be inferred based on silence where the copyright holder knows of the use and encourages it") (citing *Nimmer On Copyright* § 10.03[A] (1989). In his Complaint, Parker, a self-proclaimed "Internet publisher," concedes knowledge of Internet standard protocols by which he could communicate to Yahoo! that he does not want his site to be copied, archived, catalogued or cached for search engine user queries. (Complaint ¶ 24 ("Both Defendants maintain an 'opt-out' policy by which they will remove infringing material from their internet cache upon request of the copyright holder, or in which they will honor various electronic protocols such as robotx.txt [sic].")). He also concedes that he did nothing to utilize these protocols to prevent unwanted copying of his works. (Complaint ¶ 25).

NY:1150709.2

The protocols that Plaintiff chose to ignore have in fact been recognized by courts as necessary to the cataloguing of the billions of sites on the Internet and have been found to be the basis for an implied license. *See Field*, 412 F. Supp. 2d at 1110 (recognizing the impossibility of manually cataloging the "billions of Web pages accessible on the Internet"). In *Field*, plaintiff sued an ISP for operating a search engine through which plaintiff's works were automatically copied from his website and partially or wholly displayed in response to user queries. The *Field* plaintiff, like Parker, was aware of Internet protocols by which he could have instructed the ISP's not to copy or display his works. The *Field* plaintiff, like Parker, intentionally chose not to adhere to those protocols. The court found that such conduct implied a license for the expected use, as follows:

> Despite [his] knowledge, Field chose not to include the no-archive meta-tag on the pages of his site. He did so, knowing that Google would interpret the absence of the meta-tag as permission to allow access to the pages via "Cached" links. Thus, with knowledge of how Google would use the copyrighted works he placed on those pages, and with knowledge that he could prevent such use, Field instead made a conscious decision to permit it. His conduct is reasonably interpreted as the grant of a license to Google for that use.

*Field*, 412 F. Supp. 2d at 1116.[2]

Plaintiff chose not to use robots.txt technology to encode his site or to otherwise request that Yahoo! not display the contents of his site, despite his knowledge that acts would prevent the conduct of which he now complains. (*See* Complaint ¶ 24). In light of the allegations in the Complaint demonstrating Parker's conscious decision to allow Yahoo! access to his site, Parker cannot allege facts sufficient to establish that any copying by Yahoo! was unauthorized.

---

[2] Although Parker was aware of the decision in *Field*, he still chose not to properly encode his site. *See* "The Patry Copyright Blog," *Parker v. Google* (March 17, 2006) at http://williampatry.blogspot.com/2006/03/parker-v-google.html (containing postings by Parker of comments on *Parker I* and *Field*).

NY:1150709.2

### 2. The Complaint Fails To Allege Sufficient Facts To Establish Contributory or Vicarious Infringement

Plaintiff also asserts claims of contributory and vicarious infringement. Direct infringement by a third party is a necessary element to claims of both contributory and vicarious infringement. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) ("One infringes contributorily by intentionally inducing or encouraging *direct infringement*, and infringes vicariously by profiting from *direct infringement* while declining to exercise a right to stop or limit it.") (internal citations omitted) (emphasis added); *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party.").

Plaintiff does not allege any facts from which it can be inferred that any third party engaged in infringing acts for which Yahoo! can be liable. Specifically, to support the claim for contributory and vicarious infringement, Parker alleges only that "[e]ach user query" that resulted in a display of his work "constitutes a wholly separate act of contributory copyright infringement." (Complaint ¶ 59). A user query, or a user's access to Plaintiff's works as a result of such a query, cannot constitute an infringing act. As Plaintiff's Complaint makes clear, Plaintiff intended that users be able to access, download and copy the contents of his website, at no cost. (Complaint, ¶¶ 11, 17, 21). Yahoo!, an alleged indirect infringer that merely directed users to Plaintiff's site, cannot be held liable for a third-party's resulting *authorized* use of the site's contents.

Even if there were direct infringement by a third party, Parker has not pled any additional facts necessary to support a claim of contributory or vicarious infringement. A party cannot be liable for contributory infringement unless it has actual knowledge or reason to know of an infringement by a third party, and actively authorizes and assists that party. *Parker I*, 422 F.

Supp. 2d at 499 (citing *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). "That authorization or assistance must bear some direct relationship to the infringing acts, and the person rendering such assistance or giving such authorization must be acting in concert with the infringer." *Id.* (citing 3-12 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.04[A][2][a] (2005)). Parker has failed to allege Yahoo!'s knowledge of any third party infringing activity. Furthermore, Parker has failed to allege that Yahoo! actively assisted in any infringing acts, or that any authority or assistance on Yahoo!'s part bore a *direct* relationship to any infringement by third parties. *See also Parker I*, 422 F. Supp. 2d at 499-500.

Parker's claim for vicarious infringement is similarly deficient. "There are two elements to a successful claim of vicarious copyright infringement: '(1) the right and ability to supervise the infringing conduct' and (2) 'an obvious and direct financial interest in the exploitation of copyrighted materials.'" *Parker I*, 422 F. Supp. 2d at 500 (citing *Nimmer*, *supra*, § 12.04[A][1]) (internal quotations omitted). Parker has not alleged that Yahoo! had the right or ability to supervise any infringing conduct by any third party. For example, Parker does not allege that users of Yahoo!'s search engine were required to register with Yahoo!, or that Yahoo! had any related means of monitoring or blocking user access. *See Perfect 10 v.Amazon.com. Inc.,* 487 F.3d 701, 730-731 (9th Cir. Cal. 2007) (contrasting ISP's lack of control over search engine use to that of Napster, which had a "closed system requiring user registration" that enabled Napster to "terminate its users' accounts and block their access to the Napster system.").

The Complaint also fails to allege any facts showing that Yahoo! has a direct financial interest in the infringement of copyrighted materials. Parker alleges only that Yahoo! operates an "enormously popular and profitable internet search engine[]" that delivers substantial revenues "through the delivery of 'sponsored links,' or targeted advertising...." (Complaint ¶

12

20). Plaintiff fails to allege any facts from which it can be inferred that the profitability of Yahoo!'s search engine is in any way related to the infringement of copyrighted materials by third parties. *See Parker I*, 422 F. Supp. 2d at 500 (citing *Nimmer, supra*, § 12B.01) ("Large, commercial ISPs derive insufficient revenue from isolated infringing bits, in the context of the billions of bits that cross their servers to characterize them as financially benefiting from the conduct of which complaint is made."). Parker does not allege that infringing conduct by users increases the market for sponsored links, or that copyright infringement by users enhances the value or accuracy of any targeted advertising facilitated by Yahoo!.

Because the Complaint fails to plead any of the elements of contributory or vicarious liability, those claims, like his claim for direct infringement, must be dismissed.

## C.    Yahoo! Is Entitled to the Safe Harbor of the DMCA

Even if Yahoo! could somehow be found to have engaged in infringement, its conduct, as alleged in the Complaint, would nonetheless fall within the protections of the safe harbor provision of the Digital Millennium Copyright Act ("DMCA"),17 U.S.C. § 512.[3] Section 512(b) of the DMCA provides a safe harbor for internet search providers that engage in "system caching" where "(A) the material is made available online by a person other than the service provider; (B) the material is transmitted from the person described in subparagraph (A) through the system or network to a person other than the person described in subparagraph (A) at the direction of that person; and the material is transmitted from that person to another at the second person's direction; and (C) the storage is carried out through an automatic technical process for the purpose of making the material available to users of the system or network…." 17 U.S.C. 512(b)(1). Numerous courts have held that Yahoo! and other search engines qualify for DMCA

---

[3] *See Perfect 10*, 487 F.3d at 732 ("[T]he limitations on liability contained in 17 U.S.C. § 512 protect secondary infringers as well as direct infringers.")

protection. *See, e.g., Field*, 412 F. Supp. 2d at 1124; *Newborn v. Yahoo!, Inc.*, 391 F. Supp. 2d at 186-187. Yahoo! further meets the threshold requirements of Section 512(b) here because the material was made available online by Parker (a person other than Yahoo!), and was transmitted to other users at their direction, with the accompanying storage, or caching, being carried out through an automatic technical process. *See Field*, 412 F. Supp. 2d at 1124 (finding by similar reasoning that "Google's cache meets the requirements of Section 512(b)(1)).[4]

Accordingly, Yahoo! is entitled to the safe harbors provided by the DMCA; no liability stems from the infringement alleged by Plaintiff, and his claims must be dismissed.

## II.

## PLAINTIFF'S BREACH OF CONTRACT CLAIM MUST BE DISMISSED

### A.     The Copyright Act Preempts Plaintiff's Breach of Contract Claim

In addition to asserting claims of infringement based upon Yahoo!'s use of the materials on Plaintiff's website, Parker also alleges that Yahoo! breached a purported contract that prohibited Yahoo! from copying and distributing the same materials. This claim is preempted by federal copyright law.

Section 301(a) of the Copyright Act provides, in relevant part:

> all legal or equitable rights that are equivalent to any of the
> exclusive rights within the general scope of copyright as specified
> by section 106 in works of authorship that are fixed in a tangible
> medium of expression and come within the subject matter of
> copyright as specified by sections 102 and 103 … are governed
> exclusively by this title …. No person is entitled to any such right
> or equivalent right in any such work under the common law or
> statutes of any State.

---

[4] To the extent that Plaintiff may also be alleging that Yahoo! unlawfully links users to infringing content, Section 512(d) can also shield Yahoo! from liability for alleged "infringement of copyright by reason of [its] referring or linking users to an online location containing infringing material or infringing activity, by using information location tools, including a directory, index, reference, pointer, or hypertext link."

17 U.S.C. § 301(a).  A state law cause of action is, therefore, preempted by federal copyright law if the subject matter of the claim is the same as that governed by the Copyright Act and if the rights claimed are equivalent to the exclusive rights provided by Section 106 of the Act.  *Daley v. Firetree, Ltd.*, 2006 U.S. Dist. LEXIS 4061, at *5 (M.D. Pa. Jan. 19, 2006).

Plaintiff alleges that Yahoo! violated contractual terms for the use of the documents on Plaintiff's website by downloading documents from his website and "making them available to third parties via [Yahoo!'s] websites."  (*See* Complaint ¶ 68).  According to Plaintiff, the supposed "contract" term breached by Yahoo! is the copyright notice posted on Plaintiff's website, which states:

> Copyright 1998-2002, Snodgrass Publishing Group. ALL RIGHTS RESERVED. This document may not be altered in ANY way and may be viewed ONLY by the user who downloaded it. It is nontransferable.

(Complaint ¶ 16).  Plaintiff therefore essentially alleges that when Yahoo! accessed the content on Plaintiff's website it also entered into a contract not to display, distribute, or create multiple copies or derivative works from the documents on Plaintiff's website, and then breached that contract.  As such, the subject mater of Plaintiff's breach of contract claim – Yahoo's alleged copying and distribution of Plaintiff's works – is same subject matter governed by the Copyright Act.  The rights claimed by Plaintiff – the right to control the use of his works – is equivalent to the exclusive rights created by the Copyright Act.  Accordingly, Plaintiff's claim for breach of contract is preempted.

## B.    The Complaint Fails to Allege Existence Of An Enforceable Contract

Plaintiff's breach claim also fails for an even more fundamental reason: there was no contract.  A breach of contract claim must allege (1) a meeting of the minds on the terms of the alleged contract, (2) an intention of the parties to be bound, or (3) that the alleged contract was

supported by consideration. *See, e.g., Corestates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999) (the party asserting breach of contract must plead the existence of a contract, including its essential terms). Here, there are no allegations that would support a conclusion that Yahoo! manifested its assent to any terms on which there was a "meeting of the minds" or that Yahoo! intended to be bound by Plaintiff's notice. *See, e.g., Caspi v. Microsoft Network, LLC*, 732 A.2d 528, 530 (N.J. Super. Ct. A.D. 1999) (a membership agreement requiring a prospective subscriber to click on "I Agree" created a contract). Similarly, the Complaint does not allege any facts from which it can be found that the supposed agreement was supported by consideration.

Plaintiff has, therefore, alleged no facts that would support the existence of an enforceable contract and, as such, the claim for breach of contract should be dismissed.

## III.

## PLAINTIFF'S NEGLIGENCE CLAIM MUST BE DISMISSED

**A.      The Copyright Act Preempts Plaintiff's Negligence Claim**

Plaintiff's negligence claim, like his contract claim, is preempted by the Copyright Act. The allegations supporting Plaintiff's negligence claim (to the extent they can be determined) are identical to those supporting his contract claim. (Complaint ¶¶ 66-75). Accordingly, the same preemption analysis applies. Because the only negligence alleged involves the reproduction and distribution of Plaintiff's works, plaintiff's negligence claim is preempted and must be dismissed. *See Daley*, at *12 (tort claim preempted "because it is grounded solely in the copying and distributing of plaintiffs protected expression"); *MCS Servs. v. Johnsen*, 2002 U.S. Dist. LEXIS 16910, at *26 (E.D. Pa. Aug. 13, 2002) ("Courts have typically found tortious interference claims involving distribution to be preempted by the Copyright Act.."); *Fun-Damental Too, Ltd. v. Universal Music Group, Inc.*, 1997 U.S. Dist. LEXIS 9597, at *14 (E.D.

Pa. July 8, 1997) (tort claim preempted where "grounded in the alleged unauthorized copying and use of another's copyrighted expression).

**B.     Yahoo! Is Immune From Parker's Negligence Claim Under The Communications Decency Act**

The Communications Decency Act, 47 U.S.C. § 230 et seq., likewise bars Plaintiff's negligence claim.  The elements required for immunity are: (1) that the defendant is a provider or user of an "interactive computer service;" (2) that the asserted claims treat the defendant as the publisher or speaker of the information; and (3) that the information is provided by another "information content provider."  *Id.* at § 230(c)(1).  There is no doubt that Yahoo! Search, like Google, qualifies as an "interactive computer service," satisfying the first element.  *See Parker v. Google*, 422 F. Supp. 2d at 501.  Nor is there any doubt that Parker's claim treats Yahoo! as the publisher of the allegedly infringing information and that the information was provided by Parker in his capacity as an information content provider.  Complaint ¶¶ 67-70.  Accordingly, Yahoo! is entitled to immunity.  *Parker v. Google*, 422 F. Supp. 2d at 501.

**C.     Plaintiff Fails To Plead A Viable Claim Of Negligence**

Parker's theory of liability is also not actionable under traditional negligence principles. To plead a claim for negligence, Parker must allege (1) a duty or obligation to him, requiring Yahoo! to conform to a certain standard of conduct; (2) a breach of that duty by Yahoo!; (3) a causal connection between Yahoo!'s conduct and Parker's purported injury; and (4) actual loss or damage by Parker.  *See Brunson Commcn., Inc. v. Arbitron, Inc.*, 266 F. Supp. 2d 377, 383 (E.D. Pa. 2003).  The first of these elements, the existence of a duty, is a question of law.  *Id.*

At a minimum, Parker's negligence claim fails because he has not pled any facts to support a duty on the part of Yahoo! or a breach of that purported duty.  Parker has pled no facts to show that Yahoo! was aware that he did not wish to have Yahoo! provide "cached" links to his

17

Internet site. Indeed, although he was aware of Yahoo!'s "opt out" policy, Parker never opted out and never notified Yahoo! of the alleged infringement before filing suit. (Complaint ¶¶ 24-25). Parker's failure to communicate his preferences to Yahoo! is fatal to his negligence claim. *See Field v. Google* 412 F. Supp. 2d at 1117 (holding that plaintiff Field was estopped from suing Google because Field chose to remain silent rather than notify Google or opt out). For these reasons, Parker's negligence claim should be dismissed.

**D.      Plaintiff's Negligence Claim Is Duplicative**

Plaintiff's negligence claim is lumped together with, and based upon the same allegations as, his breach of contract claim. Pennsylvania courts, however, strongly disfavor "tort recovery based on contractual breaches." *Hospicomm, Inc. v. Fleet Bank, N.A.,* 338 F. Supp. 2d 578, 582 (E.D. Pa. 2004) (*quoting Pittsburgh Constr. Co. v. Griffith*, 834 A.2d 572, 581 (Pa. Super. Ct. 2003). Pennsylvania's "gist of the action" doctrine operates to "preclude[] plaintiffs from recasting ordinary breach of contract claims into tort claims." *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 13 (Pa. Super. 2002); *see also Ash v. Cont'l Ins. Co.*, 932 A.2d 877 (Pa. 2007) (acknowledging that Pennsylvania courts have clearly distinguished between tort and contract actions). The doctrine ensures that "[t]ort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals." *Etoll*, 811 A.2d at 14 (internal citations omitted).

"It is a fundamental rule of tort law that a negligence claim must fail if it is based on circumstances for which the law," as a matter of social policy, "imposes no duty of care on the defendant." *Fizz v. Kurtz, Dowd & Nuss, Inc.*, 519 A.2d 1037, 1040 (Pa. Super. 1987). The only duty Plaintiff here alleges Defendant owed him, "to respect Plaintiff's terms of use," sounds

wholly in contract. (Complaint ¶ 70). To the extent that this claim is duplicative of Plaintiff's breach of contract claim, the negligence claim must be dismissed.

<u>**CONCLUSION**</u>

For the above reasons, Plaintiff's Complaint should be dismissed in its entirety with prejudice. Additionally, should this Court dismiss the matter, Yahoo! respectfully requests an award of its attorneys' fees and costs pursuant to Section 505 of the Copyright Act.

Respectfully submitted,

<u>/s Corey Field</u>
Lynn E. Rzonca (Pa ID. No. 86747)
Corey Field (Pa. ID. No. 88650) (cf2939)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
TEL: 215-665-8500
FAX: 215-864-9120
rzoncal@ballardspahr.com
fieldc@ballardspahr.com

– and –

Thomas P. Lane (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
tlane@winston.com

*Attorneys for Defendant Yahoo!, Inc.*

Date: December 10, 2007

NY:1150709.2

**CERTIFICATE OF SERVICE**

       I, Corey Field, certify that a true and correct copy of the foregoing Defendant Yahoo!, Inc.'s MOTION TO DISMISS with accompanying Brief was filed electronically on the date shown. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may view and download this filing through the Court's system. Copies of the foregoing are also being served on this date via the manner indicated.

<u>VIA FIRST CLASS MAIL:</u>

Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
SnodgrassPublish@aol.com

Plaintiff, *Pro Se*

James D. Cashel
MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500
(215 772-7620 (facsimile)

Attorneys for Defendant Microsoft Corporation

                     <u>/s Corey Field</u>
                     Corey Field (Pa. ID. No. 88650) (cf2939)
                     BALLARD SPAHR ANDREWS & INGERSOLL, LLP
                     1735 Market Street, 51st Floor
                     Philadelphia, PA 19103
                     TEL: 215-665-8500
                     FAX: 215-864-9120
                     fieldc@ballardspahr.com

                     Attorneys for Defendant Yahoo!, Inc.

Date: December 10, 2007

NY:1150709.2