IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GORDON ROY PARKER,                )
                                  )
                    Plaintiff,    )
                                  )   Civil Action No. 07-2757 (MAM)
          v.                      )
                                  )
YAHOO!, INC. and                  )   **Oral Argument Requested**
MICROSOFT CORPORATION,            )
                                  )
                    Defendants.   )
_____)

### MICROSOFT'S REPLY BRIEF
### IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

Defendant Microsoft Corporation ("Microsoft") submits this Reply Brief in further support of its motion to dismiss plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### I. ARGUMENT

*Pro se* Plaintiff Gordon Ray Parker ("Parker") should never have filed this lawsuit because he has already unsuccessfully litigated his copyright claims in his prior suit against Google, and his newly-asserted contract and negligence claims are legally insufficient.

**A. Parker's Claim For Direct Copyright Infringement Fails Because He Cannot Show Volitional Conduct On The Part Of Microsoft.**

To plead direct copyright infringement, Parker must allege (1) ownership of a valid copyright, (2) copying by Microsoft, and (3) volitional conduct on the part of Microsoft with regard to the alleged copying. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Parker v. Google, Inc.*, 422 F. Supp. 2d 492 (E.D. Pa. 2006), *aff'd*, No. 06-3074, 2007 WL 1989660 (3d Cir. July 10, 2007).

Parker's allegations of direct copyright infringement are legally insufficient because, in *Parker v. Google*, the court held:

> When an ISP [Internet Service Provider] automatically and temporarily stores data without human intervention so that the system can operate and transmit data to its users, ***the necessary element of volition is missing***.

*Parker v. Google*, 422 F. Supp. 2d at 497 (emphasis added). Microsoft's Internet search engine ("MSN") automatically and temporarily stores data in a manner that is indistinguishable from Google's. *See Field v. Google*, 412 F. Supp. 2d 1106, 1111 n.2 (D. Nev. 2006) ("The three most popular search engines – Google, Yahoo!, and MSN – all display 'Cached' links with their search results, and operate them identically."). Because the required element of volition is missing as a matter of law, Parker cannot avoid dismissal by arguing that he has made a conclusory allegation of volition against Microsoft. *See* Parker's Brief at 7.

Accordingly, for these additional reasons, Parker's claim for direct copyright infringement should be dismissed.

**B. Parker's Claims For Contributory And Vicarious Copyright Infringement Fail Because A Third Party Does Not Infringe Parker's Copyright Merely By Viewing Information Contained In MSN's System Cache.**

Parker's claims for contributory and vicarious copyright infringement are based on two flawed arguments.

First, Parker incorrectly argues that Microsoft purportedly encourages third parties to view Parker's works included among the massive amount of information in MSN's system cache. *See* Parker's Brief at 11. But his Complaint contains no factual allegations that Microsoft has ever, at any time, encouraged any person to view the prurient "e-books" that Parker has purportedly authored.

Second, Parker incorrectly argues that "[e]ach time a user queries terms which result in Plaintiff's works being returned in the search results, the third party has infringed . . . ." *Id.* Third parties do not infringe Parker's purported copyrights simply by running Internet searches and "viewing" the works that Parker makes available for free on his Internet site. A third party can only directly infringe Parker's copyright by "copying" a protected work. *See Feist Publ'ns, Inc.*, 499 U.S. at 361. Because Parker has alleged no facts showing any direct infringement by any third party, he cannot allege that Microsoft is somehow liable as a contributory infringer or under any other theory of vicarious liability. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party.)

For these additional reasons, Parker's claims for contributory and vicarious copyright infringement should be dismissed.[1]

### C. Parker's Claim For Breach of Contract Should Be Dismissed Because There Is No Contract Between The Parties.

Parker's breach of contract claim is based on the incorrect premise that a contract between himself and Microsoft is formed by his mere posting of terms of use on his Internet site, without any other allegations of (1) a meeting of the minds on the terms of the alleged contract, (2) an intention of the parties to be bound, or (3) that the alleged contract was supported by

---

[1] Parker is also wrong when he argues that Microsoft had the "sole ability to stop" the alleged infringement of his copyrights. Parker's Brief at 11. Parker concedes in paragraph 24 of his Complaint that he was aware of MSN's opt-out policy by which he could have removed his purported works from MSN's system cache. Parker claims that he "did not have to" opt out or otherwise notify Microsoft to exclude his works from the MSN system cache. Parker's Brief at 6. In *Field*, the court held that the plaintiff's knowledge of Google's opt-out policy and his refusal to follow it estopped him from asserting a claim for copyright infringement. *See Field v. Google*, 412 F. Supp. 2d at 1116-17.

consideration. *See* Parker's Brief at 12. Parker is wrong, and his breach of contract claim against Microsoft should be dismissed for failure to state a claim.

### D. Parker's Negligence Claim Should Be Dismissed Because He Has Not Rebutted The Arguments In Microsoft's Motion To Dismiss.

In his opposition brief, Parker does not rebut Microsoft arguments that his negligence claim should be dismissed because (1) Microsoft is immune from such a claim under the Communications Decency Act and (2) that he has failed to plead any facts to establish that Microsoft had a duty to him or that Microsoft breached that purported duty. Accordingly, Parker's negligence claim should be dismissed.

## II. CONCLUSION

For these additional reasons, Microsoft respectfully requests that this Court dismiss Parker's complaint with prejudice.

Respectfully submitted,

/s/ James D. Cashel

Dated: December 20, 2007

James D. Cashel (Pa. ID. No. 72056) (jc 24)
MONTGOMERY, MCCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
Telephone No.: (215) 772-1500
Facsimile No.: (215) 772-7620

Attorneys for Defendant
Microsoft Corporation

# CERTIFICATE OF SERVICE

I, James D. Cashel, hereby certify that on this 20th day of December, 2007, I caused to be served a true and correct copy of this *Certificate of Service* and *Microsoft's Reply Brief In Further Support Of Its Motion To Dismiss* in the manner set forth below:

Gordon Roy Parker
4247 Locust Street #806
Philadelphia, PA 19104
**By First Class Mail, Postage Prepaid**

Thomas P. Lane
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
**Counsel for Defendant Yahoo!, Inc.**
**By Email and First Class Mail, Postage Prepaid**

Corey Field
Ballard, Spahr, Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
**Counsel for Defendant Yahoo!, Inc.**
**By Email and First Class Mail, Postage Prepaid**

/s/ James D. Cashel
_____
James D. Cashel