## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GORDON ROY PARKER,                    )
                                      )
                    Plaintiff, Pro Se )
                                      )   Civil Action No. 07-cv-2757 (MAM)
            v.                        )
                                      )   The Hon. Mary A. McLaughlin
YAHOO!, INC. and                      )
MICROSOFT CORPORATION,                )   **ORAL ARGUMENT REQUESTED**
                                      )
                    Defendants.       )
                                      )

---

## REPLY MEMORANDUM OF LAW IN FURTHER
## SUPPORT OF DEFENDANT YAHOO!, INC.'S MOTION TO DISMISS

NY:1152988.1

# INTRODUCTION[1]

Plaintiff's offensive and largely incomprehensible opposition ("Opposition") is irrelevant to this motion or to this case. The only allegations relevant here are those that are set forth in Plaintiff's Complaint. Nothing in Plaintiff's Opposition changes the fact that: (1) the Complaint was filed just days after the Third Circuit affirmed the dismissal of the identical claims asserted by Plaintiff against another leading Internet service provider, Google;[2] (2) the Complaint fails to allege any act by Yahoo! that constitutes direct infringement or that is not immune under the safe harbor provisions of the Digital Millennium Copyright Act ("DMCA"); (3) the Complaint fails to allege any act of direct infringement by any third party for which Yahoo! can be secondarily liable; and (4) other than filing baseless lawsuits, Plaintiff has failed to take any steps to prevent the use of his content by Yahoo! or any other service provider or to demand the removal of his content under the DMCA's notice and takedown procedures.

Plaintiff's Opposition succeeds only in making clear that Plaintiff is attempting to recast claims that have already been rejected by this Court and the Third Circuit. Plaintiff does not deny that the Complaint asserts the same claims against Yahoo! that were asserted against Google. Instead, he purports to have corrected the pleading deficiencies that were fatal to his case. Plaintiff's efforts are unavailing. Plaintiff cannot resurrect his claims by simply identifying specific works that he claims are infringed and asserting a conclusory allegation that Yahoo! benefits from displaying Plaintiff's works as part of search results. (Opposition, p. 9). The law is clear that, as an Internet service provider that indexes content and makes such content available to users through Internet searches, Yahoo! lacks the volitional conduct necessary to be

---

[1] All defined terms used herein have the same meaning as in Defendant Yahoo!, Inc.'s Motion to Dismiss.
[2] Plaintiff's assertion that this action was filed before the Third Circuit's affirmance misstates the facts. Prior to the Third Circuit ruling, Plaintiff filed papers seeking permission to file this action without payment of the filing fee. Plaintiff did not file the Complaint itself until after the Third Circuit ruling. Plaintiff elected to file the Complaint and proceed with this action immediately after, and with full knowledge of, the Third Circuit's rejection of the very same claims.

1

considered a direct infringer. And a user that views Plaintiff's content in response to a query is not, as Plaintiff claims, a direct infringer or in any way engaging in conduct (*i.e.,* running Internet searches) that Yahoo! has the right and ability to supervise. Absent any viable allegations of infringing activities by Yahoo! or its users, Plaintiff's Complaint, like his complaint against Google, must be dismissed.

## ARGUMENT

### I.

### PLAINTIFF'S COPYRIGHT CLAIMS MUST BE DISMISSED

The copyright causes of action asserted by Plaintiff all arise from the same common nucleus of alleged facts: (1) Plaintiff maintains a website on which he makes the content of certain "e-books" available for viewing by Internet users at no cost; (2) Yahoo! produces results to user search queries that contain, in whole or in part, content that is posted on Plaintiff's website; and (3) Yahoo! stores copies of such content through the use of a "cache." (Complaint, ¶¶ 11, 26-39). This Court has already considered whether these facts are sufficient to allege claims of direct, contributory and vicarious copyright infringement. As stated by this Court: "[S]hould Parker be claiming direct infringement based on Google's automatic caching and producing results to search queries, this activity does not constitute direct infringement . . . neither . . . the automatic caching of websites, nor the excerpting of passages from Plaintiff's website constitutes direct infringement." *Parker v. Google*, 422 F. Supp.2d 492, 497-98 (E.D. Pa. 2006), *aff'd* __Fed. Appx. __, 2007 WL 198660 (3rd Cir. July 10, 2007) (*Parker I*). The Court also rejected Plaintiff's claims of contributory and vicarious infringement for reasons that apply equally to this case. *Parker I*, 422 F. Supp.2d at 498-500.

Plaintiff does not deny that these claims have already been adjudicated but, rather, tries to remedy the deficiencies noted by the Court with conclusory allegations of profits and volition.

NY:1152988.1

As discussed below, these allegations do not change the fact that Plaintiff's claims fail as a matter of law and should be dismissed.

### 1.     The Complaint Fails To Allege Sufficient Facts To Establish Direct Infringement

"To state a direct copyright infringement claim, a plaintiff must allege volitional conduct on the part of the defendant." *Parker v. Google*, 2007 U.S. App. LEXIS 16370, *6 (3rd Cir. July 10, 2007) ("Parker II") (citing *CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 551 (4th Cir. 2004); *Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 907 F. Supp. 1361, 1370 (N.D. Cal. 1995). As such, the Copyright Act "requires *conduct* by a person who causes in some meaningful way an infringement." *Parker I*, 422 F. Supp. 2d at 497 (quoting *CoStar*, 373 F.3d at 549) (emphasis in original).

This Court has already held that "[w]hen an ISP automatically and temporarily stores data without human intervention so that the system can operate and transmit data to its users, the necessary element of volition is missing." *Parker I*, 422 F. Supp. 2d at 497 (*see also,*; *Religious Tech. Ctr v. Netcom On-Line Commun. Servs, Inc.*, 907 F. Supp. 1361 (N.D. Cal. 1995)). Yahoo!'s automated indexing and downloading of the content of Plaintiff's websites cannot constitute the requisite volitional conduct. *Field v. Google, Inc.* 412 F. Supp. 2d 1061, 1115 (D. Nev. 2006) ("The automated, non-volitional conduct by [an ISP] in response to a user's request does not constitute direct infringement under the Copyright Act."). In an attempt to cure this fatal defect, Plaintiff (in his argument related to secondary infringement) claims that Yahoo!, by just making its search engine available to users, is engaged in volitional conduct. (Opposition, at 12). Operating a search engine, without more, however, cannot subject Yahoo! to liability for infringement. *E.g.*, *MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 941(2005) ("the products' capability of substantial lawful employment should bar the imputation of fault and consequent

secondary liability for the unlawful acts of others" unless there is evidence of intent to induce infringement).

## 2. The Complaint Fails To Allege Sufficient Facts To Establish Contributory or Vicarious Infringement

Plaintiff also asserts claims of contributory and vicarious infringement. Direct infringement by a third party is a necessary element to claims of both contributory and vicarious infringement. *Grokster*, 545 U.S. at 930 ("One infringes contributorily by intentionally inducing or encouraging *direct infringement*, and infringes vicariously by profiting from *direct infringement* while declining to exercise a right to stop or limit it.") (internal citations omitted) (emphasis added); *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001), *aff'd*, 284 F.3d 1091 (9th Cir. 2002). ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party.").

Plaintiff's Complaint and his Opposition do not shed light onto how Yahoo!'s users are engaged in infringing conduct. According to Plaintiff, "Defendants' users are violating Plaintiff's copyright every time they view search results which contain portions of his registered works." (Opposition, p. 11). Plaintiff, therefore, seeks to impose liability on Yahoo! that arises from users utilizing searches to browse materials posted on the Internet. As the court recognized in *Religious Tech. Ctr. v. Netcom On-Line Commun. Servs.*, 907 F. Supp. 1361, 1378 n.25 (N.D. Cal. 1995):

> Browsing technically causes an infringing copy of the digital information to be made in the screen memory. . . . The temporary copying involved in browsing is only necessary because humans cannot otherwise perceive digital information. ***It is the functional equivalent of reading, which does not implicate the copyright laws and may be done by anyone in a library without the permission of the copyright owner. . . .***

*Id*. at 1378 n.25 (emphasis added).

NY:1152988.1

Given Plaintiff's claim that Yahoo!'s liability is premised upon user searches, Plaintiff also cannot plead any facts demonstrating that Yahoo! (1) has actual knowledge or reason to know of an infringement by a third party, and actively authorizes and assists that party, as required for contributory liability, or (2) has "the right and ability to supervise the infringing conduct," as required for vicarious liability. *Id.* (citing 3-12 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.04[A][2][a] (2005)). Yahoo! does not, and cannot, control the searches that its users choose to run. The Complaint has no allegation that Yahoo! in any way "encourages" users to search for or view Plaintiff's content, or otherwise have knowledge of such searches. Absent such participation, Yahoo! cannot be secondarily liable for the acts of its users. *Parker I*, 422 F. Supp. 2d at 499-500.

Finally, Plaintiff argues that, unlike his claims in Google, the Complaint here alleges facts showing that Yahoo! profited from the alleged infringement. In both the Complaint and the Opposition, Plaintiff bases his allegations of profit upon the profitability of the search engine industry generally, and on the entirety of Yahoo!'s business, referring to Yahoo! as a "search engine titan." (*e.g.*, Opposition, p. 13). However, as in his complaint against Google, Plaintiff does not allege any facts that link Yahoo!'s profits to the alleged infringement, such as allegations that the access to Plaintiff's content increases the market for sponsored links, or that copyright infringement by users enhances the value of advertising on Yahoo!. Instead, Plaintiff ties his content to Yahoo!'s profitability based only upon the fact that his content is among the billions of bits of information appearing on what he claims is a profitable search engine. *See Parker I*, 422 F. Supp. 2d at 500 (citing *Nimmer, supra*, § 12B.01) ("Large, commercial ISPs derive insufficient revenue from isolated infringing bits, in the context of the billions of bits that

5

cross their servers to characterize them as financially benefiting from the conduct of which complaint is made.")

## B.    Yahoo! Is Entitled to the Safe Harbor of the DMCA

As discussed in Yahoo!'s moving papers, the DMCA establishes certain safe harbors to provide protection from liability for: (1) transitory digital network communications; (2) system caching; (3) information residing on systems or networks at the direction of users; and (4) information location tools.  17 U.S.C. §512.  In an effort to avoid the safe harbor, Plaintiff tries to inject a factual question as to whether Yahoo! is engaged in "system caching" or operates some other form of a cache not covered by the DMCA.  Plaintiff's arguments are not based upon any legal authority and are, indeed, contrary to existing law related to the safe harbor. Specifically, courts have held that the caching function provided by Yahoo! and other search engines qualify for DMCA protection under the system caching provisions.[3]  *See, e.g., Field*, 412 F. Supp. 2d at 1124 ("Google's cache is a repository of material that operates between the individual posting the information, and the end-user requesting it.");  *Newborn v. Yahoo!, Inc.*, 391 F. Supp. 2d 181, 186-187 (D.C. 2005).

In arguing against the application of this safe harbor, Plaintiff also claims that Yahoo! is not entitled to protection because it transmits content that has been modified by Yahoo!. (Opposition, p. 12).  There is no allegation in the Complaint, however, that Yahoo! has, in any way, made changes to Plaintiff's content.  And Plaintiff's only basis for making this assertion in

---

[3]  Plaintiff appears to be arguing that Yahoo!'s cache function is not a "system cache" because Yahoo! "rebroadcasts" cached materials. (Opposition, pp. 9, 12).  The DMCA safe harbor, however, expressly covers the "rebroadcasting" of materials by requiring that a system covered by the safe harbor is one that transmits materials from a person "through the system or network" to another person.  Section 512(b)(1)(B).

6

his Opposition is that Yahoo!'s act of copying Plaintiff's content, alone, somehow constitutes a modification of the materials.  This argument makes no sense. [4]

Yahoo! is entitled to the safe harbors provided by the DMCA; no liability stems from the infringement alleged by Plaintiff, and his claims must be dismissed.

**C.      Plaintiff Failed To Take Steps To Ensure
That His Content Does Not Appear On Yahoo!**

As Plaintiff's Complaint alleges, there is technology that allows a website to block the indexing and display of its content by an Internet service provider, as well as the ability to "opt-out" of a provider's system.  (Complaint, ¶24).  In addition, the DMCA provides a framework for the resolution of claims involving the posting of copyrighted materials and the inclusion of copyrighted materials in search results.  *See* 17 U.S.C. §§512(b)(2)(E) and 512(c).  But, Plaintiff does not utilize these procedures (Opposition, p. 8) and apparently believes that they do not apply to him because they are "based on the notion that permission is no longer necessary to republish the works of another, which would destroy the complete control over distribution of their work which copyright holders have long enjoyed."  (Opposition, p. 10).

Rather than recognize that the law places the burden of policing infringement upon the copyright owner, Plaintiff incorrectly places the blame for the supposed exploitation of his content on innocent users and upon Internet service providers that have no basis to know that Plaintiff does not want his content (available for free downloading on his website) appearing as part of their search results.  "The DMCA notification procedures place the burden of policing copyright infringement -- identifying the potentially infringing material and adequately

---

[4] Plaintiff also claims that Section 512(c)(1)(B) defeats application of the safe harbor because Yahoo! allegedly profits from the use of Plaintiff's content.  Section 512(c)(1)(B), however, applies to "storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider."  The Complaint does not involve any claim that is based upon information residing on Yahoo!'s system *at the direction of a user*.  Rather, the Complaint involves only information residing on Yahoo!'s system as a result of a system cache or due to indexing of the Internet by Yahoo!.

NY:1152988.1

documenting infringement -- squarely on the owners of the copyright." *Perfect 10, Inc. v. CCBill LLC*, 481 F.3d 751, 762 (9th Cir. 2007).  As one court concluded, "a service provider need not monitor its service or affirmatively seek facts indicating infringing activity…. To allow a plaintiff to shift its burden to the service provider would be contrary to the balance crafted by Congress."  *Hendrickson v. Amazon.com, Inc*., 298 F. Supp. 2d 914, 916 (C.D. Cal. 2003) (internal citations omitted).

Plaintiff fails to recognize the rules and procedures that govern the use of copyrighted materials on the Internet, and the rulings of this Court and the Third Circuit.  The Complaint fails to state a claim upon which relief can be granted and should be dismissed.

## II.

## PLAINTIFF'S BREACH OF CONTRACT CLAIM
## AND NEGLIGENCE CLAIM MUST BE DISMISSED

Plaintiff does not present any coherent argument as to his ability to assert claims for breach of contract and negligence, when such claims are preempted by the Copyright Act. Plaintiff likewise presents no facts from which this Court can find that any contract between Plaintiff and Yahoo!, whether express or implied, existed.  As discussed in Yahoo!'s moving papers, these claims should be dismissed.

NY:1152988.1

**CONCLUSION**

For the above reasons, Plaintiff's Complaint should be dismissed in its entirety with prejudice.  Additionally, should this Court dismiss the matter, Yahoo! respectfully requests an award of its attorneys' fees and costs pursuant to Section 505 of the Copyright Act.

Respectfully submitted,


/s Corey Field
Lynn E. Rzonca (Pa ID. No. 86747)
Corey Field (Pa. ID. No. 88650) (cf2939)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
TEL: 215-665-8500
FAX: 215-864-9120
rzoncal@ballardspahr.com
fieldc@ballardspahr.com


– and –

Thomas P. Lane (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
tlane@winston.com

*Attorneys for Defendant Yahoo!, Inc.*

Date: December 20, 2007

9

# CERTIFICATE OF SERVICE

I, Corey Field, certify that a true and correct copy of the foregoing REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT YAHOO!, INC.'S MOTION TO DISMISS was filed electronically on the date shown. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may view and download this filing through the Court's system. Copies of the foregoing are also being served on this date via the manner indicated.

<u>VIA FIRST CLASS MAIL, POSTAGE PREPAID:</u>

Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
SnodgrassPublish@aol.com

Plaintiff, *Pro Se*

James D. Cashel
MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500
(215 772-7620 (facsimile)

Attorneys for Defendant Microsoft Corporation


/s Corey Field
Corey Field (Pa. ID. No. 88650) (cf2939)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
TEL: 215-665-8500
FAX: 215-864-9120
fieldc@ballardspahr.com

Attorneys for Defendant Yahoo!, Inc.

Date: December 20, 2007