IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON ROY PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 07-2757 (MAM) |
| v. | ) |
| | ) |
| YAHOO!, INC. and | ) |
| MICROSOFT CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**MICROSOFT'S SUPPLEMENTAL BRIEF
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Defendant Microsoft Corporation ("Microsoft") submits this supplemental brief in further support of its motion to dismiss the complaint of plaintiff Gordon Roy Parker ("Parker") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

I.   BACKGROUND

On June 25, 2008, this Court heard oral argument on the defendants' pending motions to dismiss Parker's complaint (Docket Nos. 7 and 11). Following this argument, the Court granted defendants Microsoft and Yahoo!, Inc. ("Yahoo!") leave to file supplemental briefs on the following two issues: (1) whether Counts I-III of Parker's complaint (alleging direct, contributory, and vicarious copyright infringement) are legally insufficient due to the existence of an implied license from Parker to use his purported works; and (2) whether these same three counts are barred, as a matter of law, having been previously litigated in *Parker v. Google*, 422

F. Supp. 2d 492 (E.D. Pa. 2006), *aff'd mem.*, 242 Fed. Appx. 833 (3d Cir. 2007). Microsoft has elected to limit its motion to dismiss Counts I-III of Parker's complaint to these two arguments.[1]

Microsoft's supplemental brief does not discuss Parker's baseless claims for breach of contract and negligence (Counts IV and V of Parker's complaint). Microsoft contends that these two claims are legally insufficient for the reasons set forth in Microsoft's initial brief and reply brief. *See* Exhibit A (Docket No. 7) at 6-8; Exhibit B (Docket No. 14) at 3-4.

## II. SUMMARY OF RELEVANT FACTS

Internet search engines such as Google, Microsoft's MSN, and Yahoo! allow users to sift through the massive amount of information available on the Internet to find information of interest to the user.[2]

Microsoft's MSN search engine continuously scans the Internet, makes copies of Internet pages, and stores the content from those pages in a temporary repository called a cache. Complaint ¶ 18.[3] When a person submits a query to the MSN search engine, content from a cache is often included as a link in the displayed search results. *Id.* Google, Yahoo!, and MSN all scan the Internet in a similar manner and all display "cached" links with their search results. MSN also maintains an "opt out" policy whereby copyright holders such as Parker can notify it not to include particular Internet pages in the cache. *Id.* ¶ 24.

---

[1] Microsoft withdraws the following two arguments from its pending motion to dismiss Counts I-III of Parker's complaint: (1) that an Internet search engine's creation of an Internet cache lacks the requisite volitional conduct to constitute copyright infringement as a matter of law; and (2) that the MSN Internet cache is entitled to the safe harbor provision of the Digital Millennium Copyright Act as a matter of law. Microsoft reserves the right to reassert these two arguments, if necessary, at the summary judgment stage when the record is more fully developed.

[2] The MSN Internet search engine, now called "Live Search," is referred to herein as MSN to be consistent with the allegations in Parker's complaint.

[3] A copy of Parker's complaint is attached as Exhibit C.

Parker, a self-proclaimed "seduction guru," is a purported author and owner of three copyrighted works – "*Outfoxing the Foxes, 29 Reasons Not To Be A Nice Guy*, and *Why Hotties Choose Losers*" – which Parker makes available on his Internet site www.cybersheet.com. *Id.* ¶¶ 10, 11, and 16 n.1. Parker alleges that Microsoft's MSN search engine infringes his copyrights by storing portions of these works in MSN's Internet cache, and displaying the contents of the cache in response to user queries. *Id.* ¶ 47.

Before filing this suit, Parker never notified Microsoft of this alleged copyright infringement, nor did he notify Microsoft that he wished to "opt out" and exclude these works from MSN's Internet cache. *Id.* ¶¶ 24-25. Parker was fully aware of MSN's opt-out policy and intentionally ignored it, deciding instead to manufacture a copyright infringement claim and to file a lawsuit. *Id.* Specifically, Parker alleges that

> [b]oth Defendants maintain an 'opt out' policy by which they will remove infringing material from their internet cache upon request of the copyright holder, or in which they will honor various electronic protocols such as robotx.txt [sic].[4]
>
> Under the Copyright Act, Plaintiff is not required to notify Defendants of infringement prior to filing suit. He is merely required to register his work. Plaintiff has.

*Id.* ¶¶ 24-25.

---

[4] A robots.txt file restricts MSN's Internet search engine robots (known as "bots") that continuously scan the Internet. These automated "bots" will not copy Internet pages if a robots.txt file exists that denies access. *See Field v. Google, Inc.*, 412 F. Supp. 2d 1106, 1110-11 (D. Nev. 2006).

## III. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted."

When deciding a motion to dismiss, the Court may look only to the facts alleged in the complaint and its attachments, as well as any attachments to the motion to dismiss that are both integral to the complaint and unquestionably authentic. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994); *In re Rockefeller Ctr. Properties, Inc.*, 184 F.3d 280, 287 (3d Cir. 1999).

While the Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff, a motion to dismiss must be granted when it is apparent the Court could not give relief under any set of facts that the plaintiff could prove. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

### B. Parker's Copyright Infringement Claims Against Microsoft (Counts I-III) Should Be Dismissed Because He Has Provided To Microsoft An Implied License To Include His Purported Works In The MSN Internet Cache

"Generally, 'anyone who is authorized by the copyright owner to use [a] copyrighted work . . . is not an infringer of the copyright with respect to such use.'" *Lowe v. Loud Records*, No. 01-1797, 2003 U.S. Dist. LEXIS 21234, at *7 (E.D. Pa. Nov. 20, 2003) (quoting *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1338 (9th Cir. 1990)). "One way in which a copyright owner may authorize the use of a copyrighted work is by granting a license. Thus, if a 'defendant had a license to make a particular use of a copyrighted work, defendant cannot have

committed infringement." *Lowe*, 2003 U.S. Dist. LEXIS 21234, at *7-8 (quoting *Quinn v. City of Detroit*, 23 F. Supp. 2d 741, 749 (E.D. Mich. 1998)).

Exclusive licenses to copyrighted works are required to be in writing because they are considered to be a transfer of copyright ownership. 17 U.S.C. § 204; *see also* 17 U.S.C. § 101 (an "exclusive license" falls within the definition of "transfer of ownership"). However, a nonexclusive license, which is not considered a transfer of copyright ownership, may be granted orally, or may even be implied from conduct. *MacLean Assoc., Inc. v. Wm. M. Mercer-Meidinger-Hansen, Inc.*, 952 F.2d 769, 778-79 (3d Cir. 1991) (citing 3 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT § 10.03[A], at 10-37 (1991)); *see also* 17 U.S.C. § 101 (a "nonexclusive license" falls outside the definition of "transfer of ownership").

An implied nonexclusive license can be found "where the copyright holder engages in conduct 'from which [the] other [party] may properly infer that the owner consents to his use.'" *Field*, 412 F. Supp. 2d at 1116 (citing *De Forest Radio Tel. & Tel. Co. v. United States*, 273 U.S. 236, 241 (1927)). Moreover, "consent given in the form of mere permission or lack of objection is also equivalent to a nonexclusive license and is not required to be in writing." *Lowe*, 2003 U.S. Dist. LEXIS 21234, at *10 (quoting *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 775 (7th Cir. 1996)); *see also Lowe v. Loud Records*, 126 Fed. Appx. 545, 547 (3d Cir. 2005) ("Circumstances establishing permission, or even lack of objection, can establish a nonexclusive license.").

In this case, Parker's allegations reveal the following:

- Parker knew that Internet search engines such as MSN continually scan the Internet, make copies of Internet pages, and store the content from those pages in a temporary repository called a cache. Complaint ¶¶ 18, 21-23.

- Parker knew that MSN has an "'opt out' policy by which it will remove infringing material from its Internet cache upon request of the copyright holder . . . ." *Id.* ¶ 24.

- Before filing this suit, Parker never notified Microsoft of the alleged copyright infringement, nor did he notify Microsoft that he wished to "opt out" and exclude these works from MSN's Internet cache. *Id.* ¶¶ 24-25.

In light of these allegations, it is clear that Parker, by his knowledge of Internet caches and his lack of any objection to the inclusion of his purported works in the cache, granted an implied license to MSN to include Parker's purported works in the MSN Internet cache.

By way of further support, in *Field v. Google,* plaintiff Blake Field published fifty-one works on his personal Web site fully aware that Google would automatically cache them. Field knew that he could instruct Google not to provide a "cached" link of his Web site using a "robots.txt" file, and consciously decided not to do so. When Google included Field's works in its Internet cache, Field sued Google for copyright infringement.[5]

Field's attempt to manufacture a copyright infringement lawsuit against Google – similar to what Parker is doing here – failed for a number of reasons, one being that Field's conduct was reasonably interpreted as the grant of an implied license from Field to Google. Specifically, the court found that:

> Field concedes he was aware of these industry standard mechanisms, and knew that the presence of a 'no archive' meta-tag on the pages of his Web site would have informed Google not to display 'Cached' links to his

---

[5] The Internet search engines run by Google, Yahoo! and Microsoft function identically with regard to their system caching. *Field*, 412 F. Supp. 2d at 1111, n. 2 (D. Nev. 2006) ("The three most popular search engines – Google, Yahoo!, and MSN – all display 'Cached' links with their search results, and operate them identically").

> pages. Despite this knowledge, Field chose not to include the no-archive meta-tag on the pages of his site. He did so, knowing that Google would interpret the absence of the meta-tag as permission to allow access to the pages via 'Cached' links. ***Thus, with knowledge of how Google would use the copyrighted works he placed on those pages, and with knowledge that he could prevent such use, Field instead made a conscious decision to permit it. His conduct is reasonably interpreted as the grant of a license to Google for that use.***

412 F. Supp. 2d at 1116 (emphasis added).

The circumstances in *Field* are identical to the facts alleged here by Parker. The reasoning in *Field* supports the conclusion that Parker has, by his conduct and by his lack of an objection, granted an implied license to MSN to include Parker's purported works in the MSN Internet cache.

For these reasons, Parker's claims for direct, contributory, and vicarious copyright infringement (Counts I-III of Parker's complaint) should be dismissed with prejudice.

### C. Alternatively, Parker's Copyright Infringement Claims Against Microsoft (Counts I-III) Are Barred By The Doctrine Of Issue Preclusion

In July 2007, before Parker filed his complaint against MSN and Yahoo!, the Third Circuit affirmed this Court's dismissal of Parker's lawsuit against Google. *Parker v. Google*, 242 Fed. Appx. 833 (3d Cir. 2007). In his complaint against Google, Parker asserted claims for direct, contributory, and vicarious copyright infringement arising out of Google's scanning, caching, and displaying Parker's allegedly copyrighted material. Among many other baseless claims against Google which are not relevant here, Parker made the following specific allegations against Google:

- In addition to its USENET archive, Google archives much of the internet, which it presents to users in two ways: as search results, or as a full,

copied ('cached') version of the website. First Amended Complaint ¶ 12.[6]

- To make it possible for users to search Google's web archive as they are capable of, Google must first have an entire copy of each indexed website in order to be able to scan for the words. *Id.* ¶ 17.

- Since search results are generated by full copies of the websites contained in the Google index, those who purchase search terms through AdWords are using nothing other than the contents of the Google index (and Google's arrangement of these contents in the form of search results) to draw traffic to their sponsored links. *Id.* ¶ 19.

- Google is "lifting" massive amounts of content from the web, with or without permission to do so, and using that content to enrich itself and its AdWords customers, at the expense of that content's creators. *Id.*

- An internet search by Plaintiff, conducted at 12:30 a.m. on Tuesday, August 3, 2004, and for the search term 'Ray Gordon FAQ' from the ray-gordon.com website revealed, as the screenshot below demonstrates, that as of this date and time, Google was still caching the RayFAQ website . . . . *Id.* ¶ 67.

- In addition to the infringement of Reason #6 which occurred when Google placed it into their archive, that each time the article had been accessed in the archive, it constitutes a separate act of direct copyright infringement by Google. *Id.* ¶ 135.

Moreover, in his "Prayer for Relief," Parker demanded "[i]njunctive relief prohibiting Google from continuing it's [sic] 'opt out' copyright policy, and requiring it to obtain express permission of the copyright holder prior to including any website in its cache or search results." *Id.* at Prayer for Relief ¶ 4 (Exhibit D at 71).

In analyzing the legal sufficiency of Parker's allegations against Google, the Third

---

[6] A copy of Parker's First Amended Complaint against Google (without exhibits) is attached as Exhibit D. The Court may take judicial notice of this prior pleading. *See Agcaoili v. Wiersielis*, No. 07-3955, 2008 WL 1708922 at *1 (3d Cir. Apr. 14, 2008) (judicial notice taken of a prior complaint filed by the same party).

-8-

Circuit recognized Google as the operator of

> an Internet search engine that allows users to search for websites, products and images among other things. Google's automatic search technology operates by 'crawling' the Internet so that the content can be organized in a searchable index. In the course of 'crawling' the Internet, Google makes a copy of each website and stores it in a 'cache.' When a user conducts a search, Google provides a list of results and often includes an excerpt from the matched site.

*Parker,* 242 Fed. Appx. at 834-35. The Third Circuit then reviewed Parker's allegations against Google and concluded that (1) Parker's direct infringement claim was properly dismissed because the "allegations failed to assert any volitional conduct on the part of Google"; (2) Parker's contributory infringement claim was properly dismissed because "Parker failed to allege that Google had the requisite knowledge of a third Party's infringing activity"; and (3) Parker's vicarious infringement claim was properly dismissed because "Parker failed to allege that Google had a direct financial interest in the purported infringing activity."

Under the federal law of issue preclusion, Parker's most recent claims against Microsoft must be dismissed if: (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question. *Bd. of Trs. of Trucking Employees of No. Jersey Welfare Fund, Inc. v. Centra,* 983 F.2d 495, 505 (3d Cir. 1992). A review of Parker's allegations against Google reveals that he has already litigated his claims of copyright infringement arising from an Internet search engine's copying content, caching content and displaying links to content contained in the Internet cache. Parker's most recent Complaint against Microsoft raises identical issues.

Parker's current complaint against Microsoft is nothing more than an attempt at imposing liability on Microsoft for conduct that has already been adjudicated to be lawful. Parker has already had a full and fair opportunity to litigate the issue of whether an Internet search engine's scanning, caching, and displaying copyrighted material in response to a user query constitutes direct, contributory or vicarious copyright infringement.[7]

For these reasons, Parker's claims against Microsoft for direct, contributory, and vicarious copyright infringement are precluded and should be dismissed with prejudice.

---

[7] The dismissal of Parker's prior complaint against Google, for failure to state a claim, acts as a final judgment on the merits. *See Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007).

## IV. CONCLUSION

For these additional reasons, Microsoft respectfully requests that this Court dismiss Parker's complaint with prejudice.

Respectfully submitted,

Dated: July 18, 2008

/s/ James D. Cashel
_____
James D. Cashel (Pa. ID. No. 72056) (jc 24)
MONTGOMERY, MCCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
Telephone No.: (215) 772-1500
Facsimile No.: (215) 772-7620

Attorneys for Defendant
Microsoft Corporation