```
                    IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GORDON ROY PARKER              :        CIVIL ACTION
                               :
           v.                  :
                               :
YAHOO!, INC., et al.           :        NO. 07-2757
```

MEMORANDUM AND ORDER

McLaughlin, J.                                    September 25, 2008

        Plaintiff Gordon Roy Parker ("Parker"), pro se, brings this action against Defendants Yahoo!, Inc. ("Yahoo") and Microsoft Corporation ("Microsoft"), alleging copyright infringement, breach of contract, and negligence.  Before the Court are the defendants' motions to dismiss.  The Court will grant in part and deny in part these motions.

I.    The Complaint

        Parker is the author of several registered works including <u>Outfoxing the Foxes</u> and <u>Why Hotties Choose Losers</u>, both which are published online and are freely available from Parker's website.  Defendants Yahoo and Microsoft own and operate widely used internet search engines.  Parker alleges that these search engines create and republish unauthorized "cached" copies of his works.  That is, when an internet user runs a search on either of the defendants' search engines, the search results include

hyperlinks to archived, or "cached," copies of the web pages that are responsive to the user's inquiry. A user may view these search results either by following a hyperlink to the original website or, alternatively, by viewing the "cached" copy that is hosted on the defendants' computers. Parker concedes in his complaint that the defendants each provide opt-out mechanisms that would prevent his websites from being cached, but that Parker has not made use of them.

Parker claims that by making cached copies of his websites available to their users, both Yahoo and Microsoft republish his works in their entirety without his permission. Accordingly, Parker has brought five claims against both defendants: direct copyright infringement (Count I), contributory copyright infringement (Count II), vicarious copyright infringement (Count III), breach of contract (Count IV), and negligence (Count V).

II. Analysis

The defendants have both filed motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1] The Court will grant in part and deny in

---

[1] In considering the defendants' motion to dismiss, the Court must accept the allegations in the amended complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). A plaintiff must, however, include factual

2

part the defendants' motions to dismiss Count I and grant the defendants' motions to dismiss as to all other counts.

   A.   Direct Copyright Infringement (Count I)

To properly allege a claim of copyright infringement, a plaintiff must establish:  (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work.  Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199, 203 (3d Cir. 2005).  The word "copying" in this context is "a shorthand reference to the act of infringing any of the copyright owner's five exclusive rights set forth at 17 U.S.C. § 106."  Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 291 (3d Cir. 1991) (internal quotations omitted).

Although copyright infringement generally operates under a theory of strict liability, various courts have required an additional element of "volition or causation" to find direct infringement.  E.g., CoStar Group, Inc. v. LoopNet, Inc., 373 F.3d 544, 549 (4th Cir. 2004); Religious Tech. Ctr. v. Netcom On-Line Commun. Servs., 907 F. Supp. 1361, 1372 (N.D. Cal. 1995).  But see 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright

---

allegations sufficient to establish the plausibility of entitlement to recovery.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965-66 (2007); Phillips, 515 F.3d at 234.  A pro se complaint, on the other hand, "must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

§ 12B.06[B][2][c][ii] (2008) (arguing that the text and legislative history of the Copyright Act show that volition is only one of several considerations and not a decisive factor).

The defendants have raised two defenses against the plaintiff's claim of direct copyright infringement: (1) that Parker's claim is barred by the doctrine of issue preclusion; and (2) that Parker has impliedly licensed the defendants to display his works.[2]

### 1. Issue Preclusion

Both defendants argue that the doctrine of issue preclusion applies to this case.[3] Issue preclusion, or collateral estoppel, prevents a party from relitigating an issue if: (1) the identical issue was previously adjudicated;[4] (2) the

---

[2] In their supplemental submissions after oral argument, Microsoft and Yahoo both withdrew two arguments they had made in their original motions to dismiss: (1) that search engines lack the "volition" required to commit constitute copyright infringement as a matter of law; and (2) that the alleged infringing behavior is protected under the safe harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512(b). Microsoft Supp. Br. 2 n.1; Yahoo Supp. Br. 5 n.2. Both defendants have reserved the right to reassert these defenses at a later stage.

[3] Although issue preclusion is an affirmative defense, it may be raised on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Connelly Found. v. Sch. Dist. of Haverford Twp., 461 F.2d 495, 496 (3d Cir. 1972).

[4] To decide whether an issue is sufficiently "identical," the Restatement (Second) of Judgments suggests examining four factors: (1) substantial overlap between the evidence or

4

issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action. Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 249 (3d Cir. 2006). A litigant may also be estopped from advancing a position presented against a different party in a previous action, provided that the litigant had a "full and fair" opportunity to litigate the issue in the first action. Id.

Parker previously brought an action in this Court for, among other things, direct copyright infringement against Google, Inc. ("Google"). See Parker v. Google, Inc., 422 F. Supp. 2d 492 (E.D. Pa. 2006), aff'd, 242 Fed. App'x 833 (3d Cir. 2007) (non-precedential), cert. denied, 128 S. Ct. 1101 (2008). In that litigation, Parker alleged that Google directly infringed his copyrights by archiving and displaying USENET postings that contained copyrighted material, and also by displaying excerpts

---

argument to be advanced between the two proceedings; (2) application of the same rule of law; (3) overlap in discovery and pretrial preparation; and, (4) how closely related the claims are. Restatement (Second) of Judgments § 27 cmt. c (1982), cited with approval by Peloro v. United States, 488 F.3d 163, 176 n.12 (3d Cir. 2007).

of Parker's website in a list of search results.[5]  422 F. Supp. 2d at 496.

In making its decision, the district court only briefly discussed Google's display of "cached" websites.  The court did note that on each cached web page accessed by users, Google includes a disclaimer stating that the cached version is merely an archival copy of the original web page.  Id.  Neither the district court nor the court of appeals, however, confronted the issue of whether Google committed direct copyright infringement by republishing "cached" copies of Parker's web pages on Google's own site.  Instead, considering only the issues of Google's display of an archive of USENET and its display of excerpts of Parker's website in search results, the district court found that Google's automatic archiving of USENET postings and excerpting of websites in its results to users' search queries lacked the necessary volitional element to constitute direct copyright infringement.  Id. at 497.  The court of appeals, in a non-precedential opinion, affirmed that finding.  242 Fed. App'x at 837.

Yahoo and Microsoft argue that the issues involved in this case are similar enough to those in Google to foreclose

---

[5]  The "USENET" is a global system of online bulletin boards.  Google had purchased an archive containing the postings to these boards, including a posting by one user who reproduced the entirety of one of Parker's works.  See Google, 422 F. Supp. 2d at 495 & n.1.

6

further litigation. Yahoo argues that if Parker had been asserting only a claim against Google for displaying USENET archives and merely excerpting his website, then "there would have been no need to include separate allegations related to Google's general 'archiving,' or caching, and Google's 'USENET archive.'" Yahoo Supp. Br. 5. At oral argument in this case, Parker argued that he had wanted to assert a claim of direct infringement against Google as a result of Google's "cached" copy of his website in Google, but Google removed his works sufficiently before Parker filed suit such that his claim was time-barred. As Parker has alleged, however, neither of the defendants in this case have taken down his works. See Oral Arg. Tr. 8-9, June 25, 2008.

The Court is not persuaded that the issues raised in the Google litigation are sufficiently "identical" to the issues in the present action to invoke issue preclusion with respect to all aspects of the plaintiff's claims in this case. Although the activity in question--archiving and displaying Parker's content--is similar, this case differs in the scope and method of the display of Parker's works that are at issue. Parker alleges that the defendants republish the entirety of his online works, not mere excerpts or quotations, as Google had done. Parker also alleges that the defendants' choice to display "cached" copies of his works accompanying search results is a function that is

7

independent from the query functionality and automatic excerpting. Compl. ¶ 21-23. As the Court has noted, the "caching" issue, as it relates to direct infringement, was not taken up in Google.

The Court is persuaded, however, that to the extent that Parker alleges direct infringement when the defendants make an initial copy of Parker's works, this claim is precluded. The court of appeals affirmed that Google was entitled to display excerpts of Parker's website. Google, 242 Fed. App'x at 835-37. Implicit in this affirmation is a determination that Google is allowed to make an initial copy of the plaintiff's works for the purpose of indexing. The only claim remaining, therefore, is whether the defendants infringe Parker's copyright by displaying a "cached" copy of his works.

### 2. Implied License

An implied license is a defense to a claim of copyright infringement. See MacLean Assocs., Inc. v. Wm. M. Mercer-Meidinger-Hansen, Inc., 952 F.2d 769, 778-79 (3d Cir. 1991).[6] Although transfers of copyright and exclusive licenses

---

[6] A complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense appears on the face of a complaint. See Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001); ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). In deciding whether the complaint has established an affirmative defense, all reasonable inferences must be drawn in favor of the plaintiff. Leveto, 258 F.3d at 163.

must be made in writing, the writing requirement does not apply to nonexclusive licenses that do not transfer ownership of the copyright.  See 17 U.S.C. §§ 101, 204; MacLean Assocs., 952 F.2d 778-79.  Instead, a copyright owner may grant a nonexclusive license expressly or impliedly through conduct.  MacLean Assocs., 952 F.2d at 779.

Generally, a court can find an implied license "where the copyright holder engages in conduct from which [the] other [party] may properly infer that the owner consents to his use." Field, 412 F. Supp. 2d at 1116 (quoting De Forest Radio Tel. & Tel. Co. v. United States, 273 U.S. 236, 241 (1927) (internal quotations omitted)) (alterations in original).  Various courts have found that silence or lack of objection may also be the equivalent of a nonexclusive license, especially where the plaintiff knows of the defendant's use and encourages it.  See Field v. Google, Inc., 412 F. Supp. 2d 1106, 1116 (D. Nev. 2006); Keane Dealer Servs., Inc. v. Harts, 968 F. Supp. 944, 947 (S.D.N.Y. 1997).

In Field v. Google, Inc., the United States District Court for the District of Nevada considered a case that is strikingly similar to the present one:  Field, an author of copyrighted works published online at his website, sued Google in copyright for creating and storing cached versions of his works

as they appeared on his website.[7]  The plaintiff there was also aware that he could have opted out of being included in Google's searches by including "no-archive" HTML "meta-tags" on his web page.  Nonetheless, he brought a claim of direct copyright infringement against Google for violating his exclusive right to reproduce and distribute copies of his works.  Among other defenses, Google asserted that the plaintiff had impliedly licensed Google to reproduce his work because he had consciously chosen not to include the no-archive meta-tag on the pages of his website.  412 F. Supp. 2d at 1116.

The district court agreed, finding that the plaintiff's conscious choice was "reasonably interpreted" by Google to be the grant of a license to Google for that use.  Id.  The court also noted that the opt-out meta-tag was a "well-known industry standard," and that it would be impossible for Google to personally contact every website owner to ascertain whether the owner wanted to have her pages listed in search results or be accessible through cached links.  Id. at 1112, 1116.  The court

---

[7]  Although there was evidence that the author in Field created and copyrighted his works for the specific purpose of manufacturing a claim of copyright infringement, this fact does not affect the issue of implied license, as that issue requires the court to inquire whether the plaintiff's conduct, as it objectively appeared to the defendant, gave the defendant reason to believe that it was permitted to use the plaintiff's work.  See Field, 412 F. Supp. 2d at 1113-14.  The Court emphasizes that it is not drawing any comparison between the motivations of the plaintiff in Field and the plaintiff in this case.

10

thus concluded that Google had sufficiently established the defense of implied license.[8]

Here, Parker acknowledges in his complaint that the defendants honor "electronic protocols" that would prevent the search engines from displaying a "cached" copy of his works, as did Google in the Field case. He also acknowledges that the defendants remove offending content upon request. Compl. ¶ 24. Yahoo and Microsoft argue that Parker has thus granted the search engines an implied license to copy and display his works because Parker failed to employ the electronic "robots.txt" protocol or to send to them a take-down notice.[9] In response, Parker

---

[8] Without discussing choice of law, the district court implicitly found that federal common law governs nonexclusive, implied copyright licenses. Field, 412 F. Supp. 2d at 1115-16. The United States Court of Appeals for the Third Circuit does not appear to have addressed whether federal or state law governs the creation of implied copyright licenses. See Foad Consulting Group, Inc. v. Azzalino, 270 F.3d at 826 n.9 (9th Cir. 2001) (citing MacLean Assocs., 952 F.2d at 778-79 (3d Cir. 1991)); see also NASCAR v. Scharle, 184 Fed. App'x 270, 275 (3d Cir. 2006); Lowe v. Loud Records, 126 Fed. App'x 545, 547 (3d Cir. 2005). As neither party has raised the issue of choice of law, the Court will conduct its analysis under federal common law.

[9] Yahoo requests that the Court take judicial notice of several of Yahoo's own websites that explain how one may opt out of Yahoo's "cache" and a third-party site that details how the "robots.txt" protocol, which an owner can include on a web page in order to inform search engines not to include that page in search results, may be used. In support of the proposition that courts may take judicial notice of the contents of a website, Yahoo cites Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 705 n.5 (3d Cir. 2004). In Kos, the court of appeals took judicial notice of a public record that was hosted on the United States Patent and Trademark Office's website regarding the date that a notice of allowance was issued. Id. Yahoo's

11

contends that he has provided constructive notice to the defendants that he has not granted a license because he registered his works and included a copyright notice on his website.

The Court is persuaded that Parker's complaint conclusively establishes the affirmative defense of implied license. At the very least, paragraph 24 of his complaint suggests that Parker knew that as a result of his failure to abide by the search engines' procedures, the search engines would display a copy of his works. From Parker's silence and lack of earlier objection, the defendants could properly infer that Parker knew of and encouraged the search engines' activity, and, as did the defendants in Field, they could reasonably interpret Parker's conduct to be a grant of a license for that use.

At this time, however, the Court will not dismiss Count I entirely because the defendants allegedly have continued to display Parker's works, even after the commencement of this lawsuit. Although silence or failure to object to a known use

---

interpretation of Kos and Fed. R. Evid. 201(b)(2) conflicts with a later decision of the United States Court of Appeals for the Third Circuit. See Victaulic Co. v. Tieman, 499 F.3d 227, 236 (3d Cir. 2007) ("[P]rivate corporate websites, particularly when describing their own business, generally are not the sorts of 'sources whose accuracy cannot reasonably be questioned,' Fed. R. Evid. 201(b), that our judicial notice rule contemplates."). Given the early stage of this litigation and concerns surrounding authentication, the Court will decline to take judicial notice of the websites presented by Yahoo.

may imply a license, various courts have held that a nonexclusive implied license can be revoked where no consideration has been given for the license. See Lulirama Ltd. v. Axcess Broad. Servs., Inc., 128 F.3d 872, 882 (5th Cir. 1997); I.A.E., Inc. v. Shaver, 74 F.3d 768, 772 (7th Cir. 1996); Avtec Sys., Inc. v. Peiffer, 21 F.3d 568, 574 n.12 (4th Cir. 1994)); see also Nimmer on Copyright § 10.02[B][5]. The United States Court of Appeals for the Fifth Circuit has also held that initiation of a lawsuit itself may constitute revocation of an implied license if there was no consideration for the license. Carson v. Dynegy, Inc., 344 F.3d 446, 452 (5th Cir. 2003); Berg v. Symons, 393 F. Supp. 2d 525, 543 (S.D. Tex. 2005); see also Keane Dealer Servs. v. Harts, 968 F. Supp. 944, 947 (S.D.N.Y. 1997).

Parker has filed a lawsuit alleging copyright infringement against the defendants. At oral argument, Parker claimed that neither defendant had taken down his works from their websites. Oral Arg. Tr. 8-9, June 25, 2008. This continued use over Parker's objection might constitute direct infringement. In any case, this issue was not briefed by the defendants and the Court therefore will not decide it now. The defendants may brief this issue at a later time.

B. Contributory Copyright Infringement (Count II) and
 Vicarious Copyright Infringement (Count III)

Courts recognize two types of secondary or indirect liability for copyright infringement: contributory infringement and vicarious infringement. See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005). To state a claim of contributory copyright infringement, a plaintiff must allege: (1) direct copyright infringement by a third party; (2) knowledge by the defendant of the third-party infringement; and (3) material contribution to the infringement. See Columbia Pictures Indus., Inc. v. Redd Horne, Inc., 749 F.2d 154, 160 (3d Cir. 1984). To state a claim of vicarious copyright infringement, a plaintiff must allege: (1) direct copyright infringement by a third party; (2) direct financial benefit from the third-party infringement; and (3) the right and ability to supervise the infringement. See Google, 422 F. Supp. 2d at 499-500; see also Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004). At a minimum, a claim of vicarious infringement or contributory infringement cannot stand without plausible allegations of third-party direct infringement. See Grokster, 545 U.S. at 930.

Parker argues that when a search engine displays an excerpt of his website or, alternatively, when a search engine user views a "cached" copy of the plaintiff's registered works, this constitutes direct infringement by the search engine user. Compl. ¶ 59. The plaintiff's complaint, however, fails to

specify exactly what it is that actually constitutes the alleged "infringing activity." Because Parker is pro se, the Court will construe his complaint liberally. The Court infers that Parker is alleging that a search engine user directly infringes his copyright when the user's internet browser stores a temporary copy of a file that is necessary for the user to view the website.

Parker has alleged that his copyrighted works are freely available and that he has taken no steps, aside from filing this suit, to prevent search engines from copying and displaying his works. Compl. ¶¶ 4, 24. By publishing his works online with no registration required or any other access measure taken, Parker impliedly authorizes internet users at large to view his content and, consequently, to make incidental copies necessary to view his content over the internet.[10]

Even assuming that search engine users did directly infringe his copyright, Parker has not set forth any plausible allegations that either defendant financially benefits from this third-party infringement of Parker's copyrighted works, so as to constitute vicarious copyright infringement. See Google, 422 F. Supp. 2d at 499-500. In addition, Parker has not alleged that

---

[10] The plaintiff argues that his inclusion of a copyright notice on his website revokes any license the defendants may claim to have. Compl. ¶ 16. The Court, however, finds that this is insufficient to overcome the implied license that Parker gives internet users to read his content by virtue of the fact that he publishes his content without any technological restriction on users' access.

15

either defendant had knowledge of any third party's infringement, and therefore a claim of contributory copyright infringement must also fail. See id. at 499. The Court will therefore dismiss Counts II and III.

    D. <u>Breach of Contract (Count IV) and Negligence (Count V)</u>

The Court will dismiss Counts IV and V against both Yahoo and Microsoft because these claims are preempted by federal copyright law. Copyright law expressly preempts state law if the state law creates rights equivalent to the exclusive rights created by copyright. <u>Orson, Inc. v. Miramax Film Corp.</u>, 189 F.3d 377, 382 (3d Cir. 1999). To the limited extent that any breach of contract or negligence is alleged, Parker's state law claims cover rights equivalent to those conferred by copyright. The Court will therefore dismiss Counts IV and V.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GORDON ROY PARKER          :    CIVIL ACTION
                           :
        v.                 :
                           :
YAHOO!, INC. and           :
MICROSOFT CORP.            :    NO. 07-2757

ORDER

AND NOW, this 25th day of September, 2008, upon consideration of the defendants' motions to dismiss (Docket Nos. 7, 11) and supplemental briefs, as well as the plaintiff's memoranda in opposition thereto, and following oral argument held on June 25, 2008, IT IS HEREBY ORDERED, for the reasons stated in the accompanying memorandum dated September 25, 2008, that:

1. Defendant Microsoft's Motion to Dismiss (Docket No. 7) is GRANTED with respect to the plaintiff's claims of contributory and vicarious copyright infringement (Counts II and III), and with respect to the plaintiff's claims of breach of contract and negligence (Counts IV and V). As to the plaintiff's direct copyright infringement claim (Count I), Microsoft's Motion is DENIED with respect to any infringement that may have occurred as a result of Microsoft's continued display of "cached" copies of the plaintiff's work after the filing of this lawsuit, but is GRANTED with respect to any alleged direct infringement that is the result of the display of "cached" copies of the plaintiff's work before the filing of this lawsuit, as well as with respect to any alleged direct infringement based upon Microsoft's

creation of an initial copy of Parker's works for indexing, Microsoft's display of quotations or excerpts in its search results lists, or Microsoft's archiving and displaying of any postings containing Parker's copyrighted works in any USENET archives it may maintain.

2.  Defendant Yahoo's Motion to Dismiss (Docket No. 11) is GRANTED with respect to the plaintiff's claims of contributory and vicarious copyright infringement (Counts II and III), and with respect to the plaintiff's claims of breach of contract and negligence (Counts IV and V). As to the plaintiff's direct copyright infringement claim (Count I), Yahoo's Motion is DENIED with respect to any infringement that may have occurred as a result of Yahoo's continued display of "cached" copies of the plaintiff's work after the filing of this lawsuit, but is GRANTED with respect to any alleged direct infringement that is the result of display of "cached" copies of the plaintiff's work after the filing of this lawsuit, but is GRANTED with respect to any alleged direct infringement that is the result of the display of "cached" copies of the plaintiff's work before the filing of this lawsuit, as well as with respect to any alleged direct infringement based upon Yahoo's creation of an initial copy of Parker's works for indexing or Yahoo's display of quotations or excerpts in its search results lists, or Yahoo's archiving and

displaying of any postings containing Parker's copyrighted works in any USENET archives it may maintain.

BY THE COURT:


/s/ Mary A. McLaughlin
Mary A. McLaughlin, J.