IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON ROY PARKER, | ) Civil Action No. 07-2757 (MAM) |
| Plaintiff, Pro Se | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| YAHOO!, INC. and MICROSOFT CORPORATION, | ) |
| Defendants. | ) |

### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
### OF YAHOO!, INC. TO PLAINTIFF'S REMAINING CLAIM

Defendant Yahoo!, Inc. ("Yahoo!"), by and through its attorneys, hereby answers the Complaint of Plaintiff Gordon Roy Parker ("Plaintiff" or "Parker").[1] Yahoo! responds to Plaintiff's allegations as follows:

### AS TO THE ALLEGATIONS CONCERNING THE PARTIES

1.      Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Yahoo! admits the allegations contained within paragraph 2 to the extent that Yahoo! is a corporation incorporated in Delaware with a location in Sunnyvale, California.

---

[1] Because this Court dismissed Count I (in part) and Counts II through IV (in whole) on September 26, 2008 ("the Order"), Yahoo! does not answer Plaintiff's Complaint with respect to those claims. The remaining claim to which Yahoo! responds is that of direct copyright infringement related to the caching and display of Plaintiff's website content subsequent to the filing of this lawsuit. Yahoo! incorporates by reference its Motion to Dismiss dated November 26, 2007 and Supplemental Motion to Dismiss dated July 18, 2008, and the Order in denying Plaintiff's claims.

3. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

### AS TO THE ALLEGATIONS CONCERNING THE NATURE OF THE COMPLAINT AND STATEMENT OF JURISDICTION

4. Yahoo! denies the allegations contained in paragraph 4 of the Complaint, and admits only that the sole claim remaining in the case pursuant to the Order is one for direct infringement of copyright.

5. Yahoo! denies the allegations contained in paragraph 5 of the Complaint, and admits only that this District may exercise jurisdiction under 17 U.S.C. § 501 and 28 U.S.C. §§ 1331, 1338, and 2201.

6. Yahoo! denies the allegations contained in paragraph 6 of the Complaint, and admits only that it has not contested personal jurisdiction in this District.

7. Yahoo! denies the allegations contained in paragraph 7 of the Complaint, and admits only that it has not contested personal jurisdiction in this District.

8. Yahoo! denies the allegations contained in paragraph 8 of the Complaint, and admits only that venue in this District is proper.

### AS TO THE ALLEGATIONS CONCERNING BACKGROUND

9. Yahoo! incorporates by reference the contents of paragraphs 1-8 as if fully set forth herein.

10. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Yahoo! denies the allegations contained in paragraph 18 of the Complaint.

19. Yahoo! denies the allegations contained in paragraph 19 of the Complaint, and admits only that it is a publicly traded company.

20. Yahoo! denies the allegations contained in paragraph 20 of the Complaint, and admits only that it operates an Internet search engine.

21. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and specifically denies providing any "unauthorized, exact copy of Plaintiff's website."

24. Yahoo! denies the allegations contained in paragraph 24 of the Complaint, except admits that Yahoo! provides for a variety of procedures where an alleged copyright holder could effectively "opt out" of having particular Internet pages appear as search results.

25. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. Yahoo! denies the allegations contained in paragraph 41 of the Complaint.

42. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Yahoo! denies having any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44. Yahoo! denies the allegations contained in paragraph 44 of the Complaint.

## AS TO THE ALLEGATIONS CONCERNING COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

45. Yahoo! incorporates by reference the contents of paragraphs 1-44 as if fully set forth herein.

46. Yahoo! denies having information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47. Yahoo! denies the allegations contained in paragraph 47 of the Complaint.

48. Yahoo! denies the allegations contained in paragraph 48 of the Complaint.

49. Yahoo! denies the allegations contained in paragraph 49 of the Complaint.

50. Yahoo! denies the allegations contained in paragraph 50 of the Complaint.

51. Yahoo! denies the allegations contained in paragraph 51 of the Complaint.

52. Yahoo! denies the allegations contained in paragraph 52 of the Complaint.

53. Yahoo! denies the allegations contained in paragraph 53 of the Complaint.

54. Yahoo! denies the allegations contained in paragraph 54 of the Complaint.

55. Yahoo! denies the allegations contained in paragraph 55 of the Complaint.

56. Yahoo! denies the allegations contained in paragraph 56 of the Complaint.

57. Yahoo! denies the allegations contained in paragraph 57 of the Complaint.

## AS TO THE ALLEGATIONS CONCERNING COUNTS II-III,
## CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT

58. By the Order, Plaintiff's claims for contributory and vicarious copyright infringement, reflected at paragraphs 58-65 of Plaintiff's Complaint, were dismissed with prejudice.

### AS TO THE ALLEGATIONS CONCERNING COUNT IV-V
### BREACH OF CONTRACT/NEGLIGENCE

59. By the Order, Plaintiff's claims for breach of contract and negligence, reflected at paragraphs 66 -75 of Plaintiff's Complaint, were dismissed with prejudice.

### AS TO THE ALLEGATIONS CONCERNING
### THE PRAYER FOR RELIEF

60. Yahoo! denies the allegations contained in paragraph 1 of Plaintiff's Prayer for Relief, and contends that Plaintiff is not entitled to any relief sought therein.

61. Yahoo! denies the allegations contained in paragraph 2 of Plaintiff's Prayer for Relief, and contends that Plaintiff is not entitled to any relief sought therein.

62. Yahoo! denies the allegations contained in paragraph 3 of Plaintiff's Prayer for Relief, and contends that Plaintiff is not entitled to any relief sought therein.

63. Yahoo! denies the allegations contained in paragraph 4 of Plaintiff's Prayer for Relief, and contends that Plaintiff is not entitled to any relief sought therein.

64. Yahoo! denies the allegations contained in paragraph 5 of Plaintiff's Prayer for Relief, and contends that Plaintiff is not entitled to any relief sought therein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

65. Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

66. Plaintiff's claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction/Failure to Register)

67. Plaintiff's claims are barred for a lack of subject matter jurisdiction because he lacks valid copyright registrations for the intellectual property rights asserted, or has not properly or timely registered his works.

## FOURTH AFFIRMATIVE DEFENSE
### (Fair Use)

68. Plaintiff's claims are barred by the doctrine of fair use.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

69. Plaintiff's claims are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

70. Plaintiff's claims are barred by estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

71. Plaintiff's claims are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
### (Waiver)

72. Plaintiff's claims are barred by waiver.

## NINTH AFFIRMATIVE DEFENSE
### (Invalidity or Unenforceability of Copyright)

73. Plaintiff's copyrights are invalid and/or unenforceable.

## TENTH AFFIRMATIVE DEFENSE
### (Safe Harbor)

74. Plaintiff's claims are barred under the Digital Millennium Copyright Act, 17 U.S.C. § 512.

### ELEVENTH AFFIRMATIVE DEFENSE
(Authorized Use)

75. Plaintiff authorized, impliedly or explicitly, Yahoo!'s allegedly infringing use of his works, and his claims are therefore barred by the doctrine of implied license.

### TWELFTH AFFIRMATIVE DEFENSE
(Collateral Estoppel)

76. Plaintiff is barred from bringing his direct infringement claim as Plaintiff previously litigated this identical issue in *Parker v. Google*, 422 F. Supp. 2d 492 (E.D. Pa. 2006), *aff'd mem.*, 242 Fed. Appx. 833 (3d Cir. 2007).

### THIRTEENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

77. To the extent Plaintiff suffered any damages, which Yahoo! expressly denies, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Forfeiture or Abandonment)

78. Plaintiff's claims are barred to the extent he has forfeited or abandoned his intellectual property.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Misuse of Copyright)

79. Plaintiff's claims are barred by the doctrine of misuse of copyright.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Substantial Non-Infringing Use)

80. Plaintiff's claims are barred because Plaintiff cannot establish that Yahoo!'s service is incapable of substantial non-infringing use.

### SEVENTEENTH AFFIRMATIVE DEFENSE
**(License, Consent, and Acquiescence)**

81. Plaintiff's claims are barred by Plaintiff's license, consent, and acquiescence to Yahoo!'s use.

### EIGHTEENTH AFFIRMATIVE DEFENSE
**(Innocent Intent)**

82. Plaintiff's claims are barred, in whole or in part, because Yahoo!'s conduct was in good faith and with non-willful intent, at all times.

### NINETEENTH AFFIRMATIVE DEFENSE
**(17 U.S.C. § 109 and Exhaustion)**

83. Plaintiff's claims are barred under 17 U.S.C. § 109 and the doctrine of exhaustion.

### TWENTIETH AFFIRMATIVE DEFENSE
**(Lack of Volitional Act)**

84. Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Yahoo!

### TWENTY-FIRST AFFIRMATIVE DEFENSE
**(Unconstitutionally Excessive Damages)**

85. Plaintiff's claims are barred because statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
**(First Amendment)**

86. Plaintiff's claims are barred to the extent that Yahoo!'s actions and speech are protected by the First Amendment of The Constitution of the United States.

## ADDITIONAL DEFENSES

87. Yahoo! reserves the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

## COUNTERCLAIMS

### PARTIES

1. Defendant/Counterclaimant Yahoo! is a Delaware corporation with its headquarters in Sunnyvale, California.

2. Plaintiff/Counterclaim-Defendant Gordon Roy Parker is, upon information and belief, an individual residing at 4247 Locust Street, Philadelphia, Pennsylvania.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the above counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202 as the counterclaims are so related to the claims in the original action that they form part of the same case or controversy under Article III of the United States Constitution, and arise out of common facts, transactions, or occurrences as provided under Fed. R. Civ. P. 13 and 20.

4. This Court has personal jurisdiction over Plaintiff.

5. Venue in this District is proper over this counterclaim pursuant to 28 U.S.C. § 1391.

## BACKGROUND

6. Plaintiff purportedly holds copyrights to three works that he has previously published and provided free of charge to users online.[2]

7. Plaintiff has provided no proof of valid copyright ownership for any of the three named works in his Complaint.

8. Yahoo! created and operates a search engine which allows users to quickly and efficiently sift through the massive amounts of information contained on the Internet.

9. As part of this process, Yahoo! utilizes computer programs to "crawl," index, and cache, or temporarily store, a large portion of the content that exists on the Internet.

10. Cached versions of webpages are kept only temporarily and are used to facilitate individual users' searches and increase the speed with which Yahoo! returns results.

11. Yahoo! provides a clear and simple policy and/or procedures by which website creators or operators can prevent Yahoo! from crawling, indexing, or caching a particular website.

12. Plaintiff is (and was) aware of the search functionality and operation of Yahoo!'s search engine, Plaintiff is (and was) aware of the electronic protocols by which a website creator or operator can prevent Yahoo! from creating a cached copy of a particular webpage, and Plaintiff desired his website to be cached by Yahoo!

13. Plaintiff alleges that the limited caching performed by Yahoo! infringes his copyrights, yet Plaintiff did not provide Yahoo! with any notice of the alleged infringement prior to filing suit.

---

[2] These works are "29 Reasons Not To Be a Nice Guy," "Outfoxing the Foxes," and "Why Hotties Choose Losers." Mr. Parker also alleges in the Complaint that there may be other works to which he would assert copyright protection.

14. Plaintiff purposely chose not to "opt out" of Yahoo!'s indexing and caching procedures for the sole purpose of concocting his direct infringement claim.

15. Plaintiff's failure to utilize Yahoo!'s "opt out" procedures creates an implied license for Yahoo!'s limited caching of Plaintiff's website.

16. Plaintiff purposely designed his website, www.cybersheet.com with Microsoft's "Frontpage" software.

17. Plaintiff purposely did not employ aspects of this software to prevent search and cache.

18. Plaintiff placed no restrictions on who could access his website, or how often his website could be accessed.

19. Upon information and belief, Plaintiff has generated no revenue from the exploitation of the intellectual property allegedly at issue.

20. By Plaintiff's own admission, other entities and individuals have exploited Plaintiff's works allegedly at issue here

21. Yahoo!'s alleged conduct is a permissible fair use of Mr. Parker's website content.

22. Yahoo!'s alleged conduct is entitled to protection under the safe harbor provision of the Digital Millennium Copyright Act, 17 U.S.C. § 512.

## FIRST COUNTERCLAIM
### Misuse of Copyright

23. Yahoo! repeats and realleges all foregoing allegations made in its affirmative defenses and counterclaims as if fully set forth herein.

24. Copyright protection exists "to promote the Progress of Science and the useful Arts."

25. Copyrights should not be enforced when such enforcement does not fulfill the Constitutional purpose of copyright protection.

26. Plaintiff intentionally made his allegedly copyrighted works available free on his website.

27. Plaintiff did nothing to restrict access to his allegedly copyrighted works.

28. Plaintiff failed to make use of the myriad "opt out" procedures publicized by Yahoo! and other Internet providers.

29. Plaintiff affirmatively took these steps to ensure that his allegedly copyrighted works would be searched, indexed, and cached by Yahoo!, with the intent that such use by Yahoo! might form the basis of an infringement claim.

30. Plaintiff's use of his intellectual property does not comport with the Constitutional purposes of copyright protection.

31. Plaintiff has misused his copyrights in the following works "Why Hotties Choose Losers", "Outfoxing the Foxes", or "29 Reasons Not To Be a Nice Guy".

32. As a result of Plaintiff's misuse of his copyrights, Plaintiff's copyrights should be invalidated, and Yahoo! is entitled to any damages and/or appropriate attorneys' fees and costs, to be determined at trial.

### SECOND COUNTERCLAIM
**Declaratory Judgment of Fair Use**

33. Yahoo! repeats and realleges all foregoing allegations made in its affirmative defenses and counterclaims as if fully set forth herein.

34. There is an actual and justiciable controversy between the parties regarding the alleged direct copyright infringement.

35. Yahoo! seeks a declaratory judgment of this Court that Yahoo!'s searching, indexing, and caching of Plaintiff's website constitutes a fair use.

36. Yahoo! did not attempt to profit from its use of Plaintiff's works, and did not in fact profit from any use of Plaintiff's intellectual property.

37. Plaintiff knew that his website would be included in Yahoo!'s cache.

38. Yahoo!'s use serves a utilitarian purpose, namely to help improve access to websites on the Internet, among other things.

39. Yahoo!'s use has caused no damage to Plaintiff, nor has it adversely affected the value of Plaintiff's works allegedly at issue in this action.

40. Plaintiff has lost no revenue as a result of Yahoo!'s alleged use.

41. Yahoo!'s use has had no effect on the market for, or any value of, Plaintiff's works allegedly at issue in this action.

42. Yahoo! is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that the operation of Yahoo! Search with respect to Plaintiff's works is a fair use under copyright law.

### THIRD COUNTERCLAIM
### Declaratory Judgment of Implied License

43. Yahoo! repeats and realleges all foregoing allegations made in its affirmative defenses and counterclaims as if fully set forth herein.

44. There is an actual and justiciable controversy between the parties regarding the alleged direct copyright infringement.

45. Plaintiff intentionally posted his allegedly copyrighted works on the Internet such that they would be searched, indexed, and cached by Yahoo!

46. There are numerous methods by which Plaintiff could have prevented, or "opted out" of, searching, indexing, or caching of his website by Yahoo!

47. Plaintiff was aware of these available "opt out" methods and took advantage of none of them.

48. Yahoo! provides clear and apparent instructions concerning the implementation of such procedures.

49. Plaintiff's knowing and intentional choice not to implement any of the available opt out procedures -- whether available through Yahoo! or through other readily accessible methods -- constitutes an implied license of Plaintiff's works for inclusion in Yahoo! results.

50. Yahoo! is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Yahoo! has an implied license to include Plaintiff's writings in the normal operation of Yahoo!'s cache.

### FOURTH COUNTERCLAIM
### Declaratory Judgment of Non-Infringement

51. Yahoo! repeats and realleges all foregoing allegations made in its affirmative defenses and counterclaims as if fully set forth herein.

52. There is an actual and justiciable controversy between the parties regarding the alleged direct copyright infringement.

53. Yahoo! has not continued its allegedly infringing behavior with respect to Plaintiff's alleged works: "Why Hotties Choose Losers", "Outfoxing the Foxes", and "29 Reasons Not To Be a Nice Guy".

54. None of these works are currently in the Yahoo! cache.

55. Any searching, indexing, or caching that occurred constitutes a non-infringing use.

56. Yahoo! is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Yahoo! has not infringed on any of Plaintiff's allegedly copyrighted works.

# FIFTH COUNTERCLAIM
## Declaratory Judgment of Invalid Copyrights

57. Yahoo! repeats and realleges all foregoing allegations made in its affirmative defenses and counterclaims as if fully set forth herein.

58. There is an actual and justiciable controversy between the parties regarding the alleged direct copyright infringement.

59. As stated above, Plaintiff has provided no proof of valid copyright registration of his works "Why Hotties Choose Losers", "Outfoxing the Foxes", or "29 Reasons Not To Be a Nice Guy".

60. Without proof of valid copyright registration, Plaintiff cannot assert a claim of direct copyright infringement against Yahoo!

61. Yahoo! is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Plaintiff's copyrights are invalid and unenforceable.

WHEREFORE, Defendant/Counterclaimant asks the Court for the judgment as follows:

A. That this Court find that Plaintiff has misused his copyrights and that they should be invalidated;

B. That this Court declare that Defendant/Counterclaimant has not directly infringed Plaintiff's copyrighted works;

C. That this Court declare that Plaintiff's copyrighted works are unenforceable and invalid;

D. That this Court declare that Plaintiff granted an implied license for use of his copyrighted works;

E. That this Court declare that Defendant/Counterclaimant's use of Plaintiff's

copyrighted works constitutes fair use;

F. That Defendant/Counterclaimant be awarded its costs and attorneys' fees with respect to this action;

G. That Defendant/Counterclaimant be awarded all damages that it has sustained as a consequence of Counterclaim Defendant's acts complained of herein; and

H. For such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ Corey Field
Lynn E. Rzonca (Pa. ID. No. 86747)
Corey Field (Pa. ID. No. 88650 (cf 2939)
BALLARD SPAHR ANDREWS & INGERSOLL LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
TEL: (215) 665-8500
FAX: (215) 864-9120
rzoncal@ballardspahr.com
fieldc@ballardspahr.com

-and-

Thomas P. Lane (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
tlane@winston.com

*Attorneys for Defendant Yahoo!*

Dated: Philadelphia, Pennsylvania
October 10, 2008

## **DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Defendant/Counterclaimant demands a jury trial on all claims which are triable to a jury in this action.

Respectfully submitted,

/s/ Corey Field
Lynn E. Rzonca (Pa. ID. No. 86747)
Corey Field (Pa. ID. No. 88650 (cf 2939)
BALLARD SPAHR ANDREWS & INGERSOLL LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
TEL: (215) 665-8500
FAX: (215) 864-9120
rzoncal@ballardspahr.com
fieldc@ballardspahr.com

-and-

Thomas P. Lane (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
tlane@winston.com

*Attorneys for Defendant Yahoo!*

Dated: Philadelphia, Pennsylvania
October 10, 2008

# CERTIFICATE OF SERVICE

      I, Corey Field, certify that a true and correct copy of the foregoing ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF YAHOO!, INC. TO PLAINTIFF'S REMAINING CLAIM, was filed electronically on the date shown. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may view and download this filing through the Court's system. Copies of the foregoing are also being served on this date via the manner indicated.

<u>VIA FIRST CLASS MAIL, POSTAGE PREPAID:</u>

Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
SnodgrassPublish@aol.com

Plaintiff, *Pro Se*

James D. Cashel
MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500
(215 772-7620 (facsimile)

Attorneys for Defendant Microsoft Corporation

      /s/ Corey Field
      Corey Field (Pa. ID. No. 88650) (cf2939)
      BALLARD SPAHR ANDREWS & INGERSOLL, LLP
      1735 Market Street, 51st Floor
      Philadelphia, PA 19103
      TEL: 215-665-8500
      FAX: 215-864-9120
      fieldc@ballardspahr.com

      Attorneys for Defendant Yahoo!, Inc.

Date: October 10, 2008