## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON ROY PARKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>YAHOO!, INC. and )<br>MICROSOFT CORPORATION, )<br>)<br>Defendants. )<br>) | Civil Action No. 07-2757 (MAM) |

### DEFENDANT MICROSOFT CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM IN RESPONSE TO PLAINTIFF'S COMPLAINT

Defendant Microsoft Corporation ("Microsoft"), by and through its undersigned attorneys, answers the Complaint of Plaintiff Gordon Roy Parker ("Plaintiff" or "Parker"), as follows:

### THE PARTIES

1. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Denied as stated. By way of further response, Microsoft admits only that it is a Washington corporation with its principal place of business in Redmond, Washington and that it has been served with a copy of Plaintiff's Complaint. The remaining allegations of Paragraph 3 are denied.

### NATURE OF COMPLAINT AND STATEMENT OF JURISDICTION

4. Denied as stated. By way of further response, Microsoft admits only that this is a

1

complaint for direct copyright infringement.  By Memorandum and Order dated September 25, 2008, all of Plaintiff's other claims were dismissed with prejudice.  The remaining allegations of Paragraph 4 are denied.

### STATEMENT OF JURISDICTION AND VENUE

5. Denied as stated.  By way of further response, Microsoft admits only that jurisdiction in this Court is proper pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331, 1338 and 2201.  The remaining allegations of Paragraph 5 are denied.

6. Denied as stated.  By way of further response, Microsoft admits only that it is subject to personal jurisdiction in this Judicial District.  The remaining allegations of Paragraph 6 are denied.

7. Denied as stated.  By way of further response, Microsoft admits only that it is subject to personal jurisdiction in this Judicial District.  The remaining allegations of Paragraph 7 are denied.

8. Denied as stated.  By way of further response, Microsoft admits only that venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).  The remaining allegations of Paragraph 8 are denied.

### BACKGROUND

9. Microsoft incorporates herein by reference its responses to Paragraphs 1 through 8 set forth above.

10. Denied.  Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Denied.  Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Denied.

19. Denied. By way of further response, Microsoft admits only that it is a publicly traded corporation. The remaining allegations of Paragraph 19 are denied

20. Denied. By way of further response, Microsoft admits only that it operates an Internet search engine. The remaining allegations of Paragraph 20 are denied

21. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and specifically denies providing any "unauthorized, exact copy of Plaintiff's website".

24. Admitted in part and denied in part. Microsoft admits only that its MSN search engine maintains an "opt out" policy whereby copyright holders such as Plaintiff can notify it not to include particular Internet pages in the MSN Internet system cache. The remaining allegations of Paragraph 24 are denied.

25. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Denied.

42. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Denied.

## COUNT I: DIRECT COPYRIGHT INFRINGEMENT

45. Microsoft incorporates herein by reference its responses to Paragraphs 1 through 44 set forth above.

46. Denied. Microsoft denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## COUNT II-III: CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT

58-65. By Memorandum and Order dated September 25, 2008, Plaintiff's claims for contributory and vicarious copyright infringement were dismissed with prejudice.

## COUNT IV-V: BREACH OF CONTRACT / NEGLIGENCE

66-75. By Memorandum and Order dated September 25, 2008, Plaintiff's claims for breach of contract and negligence were dismissed with prejudice.

**PLAINTIFF'S PRAYER FOR RELIEF**

Microsoft denies all allegations contained in Plaintiff's Prayer for Relief and contends that Plaintiff is not entitled to any of the relief that he seeks.

**ADDITIONAL DEFENSES**

Microsoft has not yet obtained discovery from Plaintiff or from any third parties in connection with this action. Microsoft reserves the right to amend or otherwise supplement this answer to assert any and all applicable affirmative defenses to Plaintiff's claims which become known as this case proceeds. Without limiting the generality of the foregoing, and without regard to whether any defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defenses must be set forth in its answer to Plaintiff's claims, Microsoft states as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because he has not alleged the existence of a valid federal copyright registration.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's purported copyrights are invalid and/or unenforceable.

**FOURTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

**FIFTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred by the defense of fair use.

**SIXTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred by the statutory immunity granted to Microsoft as a service

provider under the Digital Millenium Copyright Act, 17 U.S.C. § 512.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff authorized Microsoft's allegedly infringing use and his claims are thus barred by the doctrine of implied license.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff's claims are barred by Plaintiff's license, consent, and/or acquiescence to Microsoft's use.

## NINTH ADDITIONAL DEFENSE

Plaintiff's claims are barred to the extent that he forfeited or abandoned his purported intellectual property.

## TENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## TWELFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## THIRTEENTH ADDITIONAL DEFENSE

Plaintiff's unclean hands prevent him from asserting against Microsoft a claim of direct copyright infringement.

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiff's claim of direct copyright infringement is barred, having been previously litigated in *Parker v. Google*, 422 F. Supp. 2d 492 (E.D. Pa. 2006), *aff'd mem.*, 242 Fed. Appx. 833 (3d Cir. 2007).

### FIFTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because Microsoft's conduct was, at all times, in good faith and without willful intent.

### SIXTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Microsoft.

### SEVENTEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred under 17 U.S.C. § 109 and the doctrine of exhaustion.

### EIGHTEENTH ADDITIONAL DEFENSE

To the extent that Plaintiff suffered any damage or injury, which Microsoft expressly denies, he failed to the necessary steps to mitigate the damage or injury sustained.

WHEREFORE, defendant Microsoft respectfully requests that this Court enter judgment in its favor, dismissing the Complaint with prejudice and awarding to Microsoft its costs and reasonable attorneys' fees that it has incurred in the defense of this matter together with such other and further relief as the Court deems just and proper.

### COUNTERCLAIM

This counterclaim seeks declaratory judgments that Plaintiff's purported copyrights are not infringed by Microsoft, invalid, and/or unenforceable against Microsoft, that Microsoft's alleged conduct is authorized by Plaintiff, and that Microsoft's alleged conduct is permitted under the copyright law.

### PARTIES

1. Defendant and counterclaim-plaintiff Microsoft Corporation ("Microsoft") is a Washington corporation with its principal place of business in Redmond, Washington.

2. Upon information and belief, plaintiff and counterclaim-defendant Gordon Roy Parker ("Parker") is an individual residing at 4247 Locust Street, Philadelphia, Pennsylvania.

**JURISDICTION AND VENUE**

3. This counterclaim seeks declaratory judgment relief arising under 28 U.S.C. §§ 2201 and 2202.

4. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1331, 1338, 1367, 2201 and 2202.

5. This Court has personal jurisdiction over Parker.

6. Venue in this District over this counterclaim is proper pursuant to 28 U.S.C. § 1391.

**BACKGROUND**

7. Internet search engines such as Microsoft's MSN search engine allow users to sift through the massive amount of information available on the Internet to find information of interest to the user.

8. Microsoft's MSN search engine continuously scans the Internet, makes copies of Internet pages, and stores the content from those pages in a temporary repository called an Internet system cache.

9. Cached versions of Internet pages are kept only temporarily and are used to facilitate individual searches and to increase the speed at which search results are returned.

10. When a person submits a query to the MSN search engine, content from the Internet system cache is often included as a link in the displayed search results.

11. MSN also maintains a clear and straightforward "opt out" policy whereby copyright holders such as Parker can notify it not to include particular Internet pages in the

Internet system cache.

12. Parker is a purported author and owner of three copyrighted works – "*Outfoxing the Foxes*, *29 Reasons Not To Be A Nice Guy*, and *Why Hotties Choose Losers*" (collectively, the "Purported Works") – which Parker alleges that he makes available for free to any Internet user who visits his Internet site at www.cybersheet.com.

13. Parker failed to attach to his Complaint any proof of registration for the Purported Works.

14. Parker imposes no restrictions on who can access his Internet site at www.cybersheet.com.

15. Parker does not impose and has not imposed restrictions on how often individuals can access his Internet site at www.cybersheet.com.

16. Upon information and belief, Parker has made no money from the sale, licensing or other distribution of the Purported Works.

17. Parker alleges that Microsoft's MSN search engine infringes his copyrights by storing portions of the Purported Works in the MSN Internet system cache, and by displaying them in response to user queries.

18. Before filing this suit, Parker never notified Microsoft of this alleged copyright infringement, nor did he notify Microsoft that he wished to opt out and exclude the Purported Works from MSN's Internet system cache.

19. At the time that he posted the Purported Works on his Internet site at www.cybersheet.com, Parker was aware of Microsoft's MSN search engine and its method of operation.

20. At the time that he posted the Purported Works on his Internet site at

www.cybersheet.com, Parker was aware of MSN Internet system cache and its method of operation.

21. At the time that he posted the Purported Works on his Internet site at www.cybersheet.com, Parker desired that the MSN Internet system cache index his site at www.cybersheet.com so that the Purported Works would appear in the MSN search results.

22. At the time that he posted the Purported Works on his Internet site at www.cybersheet.com, Parker desired that the Purported Works from his Internet site at www.cybersheet.com be included in the MSN Internet system cache.

23. At the time that he posted the Purported Works on his Internet site at www.cybersheet.com, Parker was aware of MSN's opt-out policy by which he could have prevented his Internet site at www.cybersheet.com from being indexed by the MSN Internet search engine.

24. At the time that he posted the Purported Works on his Internet site at www.cybersheet.com, Parker was aware of the simple electronic protocol by which he could have prevented his Internet site at www.cybersheet.com from being indexed by the MSN Internet search engine.

25. Rather than taking the simple step to prevent his Internet site at www.cybersheet.com from being indexed by the MSN Internet search engine, Parker purposely chose to have it indexed by the MSN Internet search engine.

26. Parker filed his copyright infringement claim without any prior notice to Microsoft to exclude the Purported Works from the MSN Internet system cache.

27. Microsoft is authorized by Plaintiff to engage in the conduct that he now alleges to constitute direct copyright infringement.

28. The alleged conduct that Parker contends constitutes direct copyright infringement is a permissible fair use by Microsoft.

29. The alleged conduct that Parker contends constitutes direct copyright infringement is entitled to the safe harbor provision of the Digital Millenium Copyright Act, 17 U.S.C. § 512.

## COUNT I

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF PARKER'S PURPORTED COPYRIGHT REGISTRATIONS

30. Microsoft repeats and realleges the allegations made in its affirmative defenses and in the foregoing paragraphs of this Counterclaim as if set forth fully herein.

31. An actual controversy exists between Microsoft and Parker over the alleged non-infringement of the Purported Works.

32. For the reasons stated above, Microsoft is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Microsoft's activities with respect to the Purported Works are non-infringing.

## COUNT II

### DECLARATORY JUDGMENT OF INVALIDITY OF PARKER'S PURPORTED COPYRIGHT REGISTRATIONS

33. Microsoft repeats and realleges the allegations made in its affirmative defenses and in the foregoing paragraphs of this Counterclaim as if set forth fully herein.

34. An actual controversy exists between Microsoft and Parker over the alleged validity of Parker's purported copyrights for the Purported Works.

35. For the reasons stated above, Microsoft is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Parker's copyrights in the Purported Works are invalid.

## COUNT III

### DECLARATORY JUDGMENT OF UNENFORCEABILITY OF PARKER'S PURPORTED COPYRIGHT REGISTRATIONS

36. Microsoft repeats and realleges the allegations made in its affirmative defenses and in the foregoing paragraphs of this Counterclaim as if set forth fully herein.

37. An actual controversy exists between Microsoft and Parker over the alleged enforceability of Parker's purported copyrights for the Purported Works.

38. For the reasons stated above, Microsoft is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Parker's purported copyright registrations in the Purported Works are unenforceable against Microsoft.

## COUNT IV

### DECLARATORY JUDGMENT OF FAIR USE BY MICROSOFT

39. Microsoft repeats and realleges the allegations made in its affirmative defenses and in the foregoing paragraphs of this Counterclaim as if set forth fully herein.

40. An actual controversy exists between Microsoft and Parker over Microsoft's alleged use of the Purported Works.

41. Microsoft was not using the MSN Internet search engine to profit from the Purported Works.

42. Microsoft's MSN Internet search engine and associated system cache functions as a tool to help index and improve access to web sites on the Internet.

43. Parker published the Purported Works on his Internet site at www.cybersheet.com knowing that they would be included in the MSN Internet system cache.

44. The inclusion of the Purported Works in the MSN Internet system cache has not caused Parker any loss in revenue from the sale, licensing or other distribution of the Purported

Works.

45.     The inclusion of the Purported Works in the MSN Internet system cache has not caused an adverse impact for any potential market for or value of the Purported Works.

46.     For the reasons stated above, Microsoft is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that the standard operation of the MSN Internet system cache with respect to the Purported Works is a fair use under copyright law.

**COUNT V**

**DECLARATORY JUDGMENT THAT
PARKER HAS PROVIDED AN IMPLIED LICENSE TO MICROSOFT**

47.     Microsoft repeats and realleges the allegations made in its affirmative defenses and in the foregoing paragraphs of this Counterclaim as if set forth fully herein.

48.     An actual controversy exists between Microsoft and Parker over the alleged non-infringement of the Purported Works.

49.     Parker published the Purported Works on his Internet site at www.cybersheet.com knowing that they would be included in the MSN Internet system cache.

50.     Parker was aware of the simple electronic protocol by which he could have prevented his Internet site at www.cybersheet.com from being indexed by the MSN Internet search engine.

51.     Parker's knowing and intentional choice not to prevent the MSN Internet search engine from indexing his web site and including his site in the MSN Internet system cache constitute the grant of an implied license to MSN to include the Purported Works in the MSN Internet system cache.

52.     Parker's knowing and intentional choice not to prevent the MSN Internet search engine from indexing his web site and including his site in the MSN Internet system cache

constitute the grant of an implied license to MSN to permit the normal operation of the cache with respect to the Purported Works.

53. For the reasons stated above, Microsoft is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Microsoft has an implied license from Parker to include the Purported Works in the MSN Internet system cache and to permit the normal operation of the cache with respect to the Purported Works.

## COUNT VI

### DECLARATORY JUDGMENT THAT MICROSOFT IS ENTITLED TO THE SAFE HARBOR OF 17 U.S.C. § 512

54. Microsoft repeats and realleges the allegations made in its affirmative defenses and in the foregoing paragraphs of this Counterclaim as if set forth fully herein.

55. An actual controversy exists between Microsoft and Parker over the alleged non-infringement of the Purported Works.

56. Microsoft is a provider of online services and the operator of associated facilities in conjunction with the Internet search engine available at www.msn.com.

57. Microsoft maintains a policy that provides for notice and take down procedures meeting the requirements of 17 U.S.C. § 512.

58. For the reasons stated above, Microsoft is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that the MSN Internet system cache qualifies for one or more of the statutory safe harbors provided by 17 U.S.C. § 512.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft prays for relief from the actions and conduct of Plaintiff as follows:

1. That the Court enter a declaratory judgment that Plaintiff's copyright registrations

in the Purported Works are not infringed by Microsoft;

2. That the Court enter a declaratory judgment that Plaintiff's copyright registrations in the Purported Works are invalid;

3. That the Court enter a declaratory judgment that Plaintiff's copyright registrations in the Purported Works are unenforceable against Microsoft;

4. That the Court enter a declaratory judgment that the operation of the MSN Internet system cache with respect to the Purported Works is a fair use under copyright law;

5. That the Court enter a declaratory judgment that Microsoft has an implied license from Plaintiff to include the Purported Works in the MSN Internet system cache and to permit the normal operation of the cache with respect to the Purported Works;

6. That the Court enter a declaratory judgment that the MSN Internet system cache qualifies for one or more of the statutory safe harbors provided by 17 U.S.C. § 512;

7. That the Court enter judgment in Microsoft's favor against Plaintiff and dismiss with prejudice Plaintiff's Complaint;

8. That the Court award to Microsoft its reasonable attorneys' fees, together with the costs and disbursements of this action; and

9. That the Court and award Microsoft such other and further relief as this Court deems just and proper.

Dated: October 10, 2008

/s/ James D. Cashel

James D. Cashel (Pa. ID. No. 72056) (jc 24)
MONTGOMERY, MCCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
Telephone No.: (215) 772-1500
Facsimile No.: (215) 772-7620

Attorneys for Defendant
Microsoft Corporation

# CERTIFICATE OF SERVICE

I, James D. Cashel, hereby certify that on this 10th day of October, 2008, I caused to be served a true and correct copy of DEFENDANT MICROSOFT CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM IN RESPONSE TO PLAINTIFF'S COMPLAINT in the manner set forth below:

Gordon Roy Parker
4247 Locust Street #119
Philadelphia, PA 19104
**By First Class Mail, Postage Prepaid**

Thomas P. Lane
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
**Counsel for Defendant Yahoo!, Inc.**
**By Email and First Class Mail, Postage Prepaid**

Corey Field
Ballard, Spahr, Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
**Counsel for Defendant Yahoo!, Inc.**
**By ECF System, Email, and First Class Mail, Postage Prepaid**


/s/ James D. Cashel
_____
James D. Cashel