IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, | |
|---|---|
| Plaintiff | |
| v. | CASE NO.: 07-2757 |
| Yahoo!, Inc., and Microsoft Corporation, | Judge: MAM |
| Defendants | |

## MOTION TO DISIMSS
## DEFENDANT MICROSOFT'S COUNTERCLAIMS

**Plaintiff** in the above-styled action moves this court for dismissal of all of Defendant Microsoft's Counterclaims in this action, pursuant to Rule 12(b)(6).

A memorandum in support is attached and incorporated by reference as if fully stated verbatim herein.

## RELIEF SOUGHT

WHEREFORE, Plaintiff seeks dismissal of all six counterclaims.

This the 30th day of October, 2008.

_____
Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA  19104
(215) 764-5487
E-mail: SnodgrassPublish@aol.com
Plaintiff, Pro Se

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, Plaintiff | |
|---|---|
| v. | CASE NO.: 07-2757 |
| Yahoo!, Inc., and Microsoft Corporation, Defendants | Judge: MAM |

## MEMORANDUM IN SUPPORT OF MOTION TO DISIMSS DEFENDANT MICROSOFT'S COUNTERCLAIMS

Gordon Roy Parker, Plaintiff in the above-styled action, submits this Memorandum in support of his motion to dismiss all counterclaims in this action brought against himself, by Defendant Microsoft.

## II. INTRODUCTION

Defendant Microsoft has added six "counterclaims" to this action, apparently as a grab for attorney fees that would become theoretically possible under the Copyright Act. As Plaintiff's copyrights are the only thing of pecuniary value which he holds in this world, these appear to be the true target of the counterclaims, all but one of which should be dismissed, as there is no underlying triable dispute. To the extent there is, this Court should set aside its dismissal of the other original counts in this action, as Defendant has opted for trial on these issues. Without such an order, there is no controversy, no dispute for this Court to resolve.

For the first "counterclaim," Defendant is seeking a redundancy, specifically, to convert a successful defense of Count I into a prevailing counterclaim, again with its eye on a more favorable chance at an attorney-fee award, <u>which would effectively sanction Plaintiff for nothing more than attempting to enforce his copyright in accordance with more than two centuries of copyright law</u>.

Defendant Microsoft's conduct is akin to that of a politician who runs negative advertising against his opponent <u>after</u> winning the election, or Jerry Glanville's decision to have his team make an onsides-kick after a touchdown which put them ahead 45-0. Aside from being redundant, the counterclaims appear downright spiteful, more resembling the conduct of a street thug who has been "dissed" and wants to deter others from dissenting, rather than a valid legal claim. To award judgment, or attorney fees, on any of the counterclaims, would have a chilling effect that would deter others from attempting similar protection of their works.

Even assuming, *arguendo*, that the counterclaims are theoretically valid (such as Counterclaim #1, relating to direct infringement), they were brought <u>after</u> the underlying disputes had been resolved, with no controversy at issue that would give this Defendant standing to sue Plaintiff. For this reason, the counterclaims #2-5 should be dismissed. Counterclaim #1 should be dismissed for redundancy to its Affirmative Defenses set forth in its Answer.

As will also be argued, the grab for attorney-fees is effectively asking this court to sanction the United States Government, as they are the "deep pockets" into which Defendants may dip. Defendant has no reasonable expectation of any other monetary recovery, as it is well aware of Plaintiff's financial condition. Plaintiff will also argue that such a "bankruptcy sanction" is unconstitutionally cruel and unusual punishment for an attempt to enforce a copyright within precedent.

Plaintiff's ability to provide citations is extremely limited at this time, due to personal circumstances. He asks this court, pursuant to his constitutional right for equal access to justice, to liberally construe this pleading accordingly, so as to provide such equal access, to the extent his arguments are legally accurate. Many of the key citations already exist in prior pleadings in this case. Should this be unacceptable, he seeks leave to amend this pleading accordingly.

### <u>Google Settles Copyright Infringement Suit For $125 Million</u>

2

It seems this Court's ruling of September 25, 2008 may have nudged Google into settling the infringement claims brought by the Authors' and Publishers' Guilds, as the facts in those cases were identical to this one, <u>except that the source material was not originally published on the internet</u>. Google's settlement of this action belies the hardline position it took with this Court that Plaintiff's action was egregious, and the harsh ruling which followed.

## II. LEGAL STANDARD

### A. Legal Standard For A Motion To Dismiss.

"A motion to dismiss is generally viewed with disfavor, and should rarely be granted."[1] For the purposes of the motion, all facts <u>must</u> be viewed in "the light most favorable to the nonmoving party."[2]

### B. Relevant Copyright Legal Standards.

#### 1. Protection Of Registered Works.

17 USC §106 reads as follows:

Subject to sections 107 through 122, the owner of copyright under this title has the <u>exclusive rights to do and to authorize</u> any of the following:

(1) <u>reproduce</u> the copyrighted work in copies or phonorecords;

(2) to prepare <u>derivative works</u> based upon the copyrighted work;

(3) to <u>distribute</u> copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.

#### 2. Digital Millennium Copyright Act (DMCA)

The DMCA was enacted to protect internet providers from <u>innocent</u> participation in infringing activity. The relevant text of the statute exists repeatedly in the record and will be referenced as needed.

## III. ARGUMENT

---

[1] Citation omitted.
[2] <u>Id</u>.

3

A. **Defendant Microsoft Lack Standing To Counterclaim, As There Is No Triable Issue.**

1. **Count I: Noninfringement**

Defendant states, in its counterclaim, that "an actual controversy between Microsoft and [Plaintiff] exists," yet does not specify the nature of the controversy.

Defendant's Count I, for noninfringement, is redundant to its defense to Plaintiff's Count I in that it seeks identical relief. Plaintiff has not threatened further legal action, which makes this counterclaim a "backdoor" attempt at a more favorable grab for attorney fees, as the extensive oral arguments, and failure to dismiss Count I, would not support such an award to a Defendant.

Such a (counter)claim would be appropriate only if Count I had already been dismissed, and Plaintiff initiated or threatened further legal action, which he has not. There is therefore no new or existing controversy which would give Defendant Microsoft standing to claim. Counterclaim I should therefore be dismissed.

2. **Count II: Invalidity Of Plaintiff's Copyrights.**

Defendant raises, as affirmative defenses, that Plaintiff's copyrights for the registered works in controversy are somehow invalid.

a. **Plaintiff's Works Are Registered.**

Plaintiff has stated, <u>under oath</u>, that his works are registered, and has alleged them in the Complaint. He registered each of his works with the Library of Congress prior to publication specifically to protect his <u>exclusive</u> rights of reproduction, distribution, and derivation.

Plaintiff has attached, as Exhibit A, and incorporates by reference thereto, a printout of the search results for his (nine) registered titles from the Copyright Office, including both *Outfoxing The Foxes* and *29 Reasons Not To Be A Nice Guy*.

b. **Registration Of Copyright Is Irrelevant To The Counterclaim**

4

Defendant is <u>counterclaiming</u>, not claiming. This makes registration <u>completely irrelevant</u>, as Defendant is seeking a preemptive order that requires the existence of merely a copyright, which occurs the moment a work is created, not registered. Therefore, any otherwise valid counterclaim against a registered copyright would be equally valid against an unregistered one, assuming, which Plaintiff does not, that an actual controversy existed in the first place.

c. **No Actual Controversy Exists.**

Defendant has already won what it seeks: the absence of litigation, or threat thereto, related to Plaintiff's registered works (for the dismissed counts). The undismissed, remaining count, makes any counterclaim based on identical facts redundant. No actual controversy exists, and Defendant Microsoft therefore lacks standing to counterclaim.

3. **Count III: Unenforceability Of Copyright Registrations.**

Defendant Microsoft bases this counterclaim on the alleged unenforceability of Plaintiff's works, yet offers nothing more than conclusory allegations in support. Plaintiff also restates, as if verbatim, the grounds of no controversy, actual registration, and irrelevance of registration, as argued in paragraphs 1-2 above.

4. **Count IV: Fair Use.**

Defendant Microsoft claims (paragraph 41) that it "does not profit" from its internet cache, yet it sells advertising on its search pages, and it benefits from increased traffic, which has been recognized by multiple courts as a pecuniary gain, since internet audiences carry a fixed advertising value, <u>even if a site is not presently profiting</u> (such as with Napster).

The best example of internet fair use is the Internet Archive, a nonprofit website which does not allow text searches, yet which will reveal stored copies of internet sites as they change throughout time. To access the archives, however, one must type in the <u>exact URL</u> of the

5

site, and the historical value is clear. By contrast, search engines are specifically designed to maximize profits.

    a. **Defendant Microsoft Fails The Fair-Use Test**.

17 USC §107 offers the following guidelines for determining fair use: 1) the purpose and character of the use, including whether such use is of commercial nature; 2) the nature of the copyrighted work; 3) amount and substantiality of the portion used in relation to the copyrighted work as a whole; and 4) the effect of the use upon the potential market for or value of the copyrighted work.[3]

Defendants fail all four prongs of this test: 1) the purpose is commercial; 2) the infringed work is merely pilfered, and not used for secondary purposes, such as a photograph of a house in order to sell it (as with Loopnet); 3) the entire work is infringed; and 4) the impact on the market is to harm Plaintiff's revenue, by using his own work to sell advertising to Plaintiff's competitors. This, however, is moot, as Plaintiff will argue below.

    b. **No Actual Controversy Exists**.

Defendant Microsoft's conclusory statements notwithstanding, there is no actual controversy here that is not already being litigated. The fair-use affirmative defense to the one remaining count makes redundant any fair-use counterclaim.

Absent its defense to Count I of the Complaint, no controversy exists, as Plaintiff has not threatened or initiated further litigation. It is therefore an attempt by Defendant Microsoft to reposition itself as a prevailing Plaintiff rather than Defendant, for the purpose of securing an award of attorney fees for which it would otherwise not be entitled. For the dismissed counts, no controversy exists at all.

5. **Count V: Implied License**.

    a. **No Actual Controversy Exists, Or Is Redundant**.

---

Source: http://www.copyright.gov/fls/fl102.html

6

This game is over; Defendants have already won. No actual controversy exists. To the extent implied-license issues remain in this case, they are already being litigated in Count I, with all other counts having been dismissed. Defendant's Count IV is therefore redundant to any actual controversy which may exist, as Plaintiff has not initiated or threatened litigation beyond that scope. Indeed, the only remaining controversy relates to revocation of implied license, which is already being litigated in Count I.

Most damning against the implied-license, fair-use and opt-our arguments is that if the search engines were so useful, everyone would simply opt-in.

6. **Count VI: DMCA Safe Harbor**

   a. **No actual controversy exists, is redundant, or issue-precluded.**

   Plaintiff restates his previous arguments that no actual controversy exists, or that to the extent one does exist, it is being litigated in Count I, making this counterclaim redundant.

   b. **Defendant Is Not A Transitory Provider Under The DMCA, And Is Issue-Precluded.**

   This court also appears to have rejected Defendant's DMCA defenses, by allowing Count I to survive, which would have been precluded by a finding of DMCA safe-harbor. The parties have argued extensively on the DMCA, in previous pleadings and in oral arguments. Plaintiff reiterates his previous arguments that 1) Defendant Microsoft's "cache" is not a system cache as defined by the DMCA; and 2) Defendant profits from the infringement.

   Defendant is therefore not a transitory provider under the DMCA, and not entitled to protection. For this reason, Plaintiff's failure to notify Defendant of an infringement it was, or should have been, well aware that it would inevitably commit against someone, is irrelevant, given Plaintiff's statutory exclusive right to distribute, derive, or reproduce his work under 17 USC §106.

7

## B. The DMCA, And Rulings In This Case, Violate The WTO Trade Agreement

There is one precedent relating to internet gaming in which a Defendant was allowed to use America's participation in the World Trade Organization (WTO) as a defense against allegations of illegal conduct. As the WTO Agreement is binding not only on our laws, but our judicial application of those laws, it is relevant to this action.

The guiding principle of the WTO Agreement, of which this nation is part, is <u>fair, nondiscriminatory trade</u>. For an <u>American</u> court to give <u>American</u> companies (Google, Yahoo, Microsoft, etc.) blanket permission to infringe copyright in a manner routinely rejected by all member countries violates the spirit of the Agreement, as it gives American search engines an extremely unfair advantage over their foreign rivals.

America is the <u>only</u> country which has permitted conduct resembling that alleged in this action, and has routinely found against search engines who do not seek permission prior to the reproduction and distribution of protected works, <u>even in search engines</u>, such as with AFP in Belgium, and a recent win in Germany by artists against Google.

The search engines claim that they are improving the internet by their conduct, yet no one asked them to, and they are hardly doing so for charitable purposes. Clear alternatives, such as Wikipedia, perform identical functions in an arguably superior fashion, and which do not run afoul of international copyright law or convention.

As much as this Court needed to "lay down the law" regarding search-engines and copyrights, it has done so by "legislating from the bench," in that it has attempted to directly overturn 18 USC §106, and to do so without the benefit of a jury trial, but by inserting itself as the factfinder, and not allowing any discovery. That this case would be a "slam dunk" in any country other than the United States should give this court pause; that its existing rulings could open

8

America to <u>billions</u> of dollars in sanctions from the WTO should give it even more pause. Ironically, such a potential sanction could include permission to violate <u>Microsoft's</u> copyright!

Although this action does not include a defamation claim, Plaintiff could bring one at any time, in any country other than the United States. He would easily win in England, for what was outlined in <u>Parker v. Google</u>, as the same sites are archived by Defendants, while he would also win in Canada, Australia, or most of the western world. Section 230 immunity from defamation is yet another example of this unfair advantage, and is the sole reason there is not a defamation count here. Should this court recognize the WTO arguments as valid, Plaintiff should be granted leave to amend to add one.

### C. <u>The Request For Attorney Fees Is Unconstitutional.</u>

Plaintiff has IFP status in this case, and is indigent. He is not represented by an attorney, and is therefore not eligible for an attorney-fee award, which leaves no offsetting deterrent to settlement or not bringing a claim; Defendant is taking a "free shot" at Plaintiff by redundantly counterclaiming, causing him to expend time and resources, and to live under the threat of imminent bankruptcy should this Court award fees.

Economically, the Court would effectively be fining the Treasury with any attorney-fee award, as this would force Plaintiff into bankruptcy, causing the debt to be discharged, resulting in <u>phantom income</u> for the Defendant, that then becomes tax-deductible as a bad debt, costing the Treasury whatever taxes would have been paid on the amount of the award. To the extent Plaintiff might gain means in the future, such a judgment could be amended or set aside.

### <u>CONCLUSION</u>

For the reasons set forth in this Motion and Memorandum, the instant motion should be <u>granted</u>. An appropriate form of order is attached.

9

This the 30th day of October, 2008.

*[signatures]*

_____
Gordon Roy Parker
4247 Locust Street, #119
Philadelphia, PA 19104
(215) 764-5487
E-mail: SnodgrassPublish@aol.com
Plaintiff, Pro Se

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, Plaintiff<br><br>v.<br><br>Yahoo!, Inc., and Microsoft Corporation,<br><br>Defendants | CASE NO.: 07-2757<br><br>Judge: MAM |
|---|---|

## ORDER

**AND NOW,** this \_\_\_\_th day of December, 2008, in consideration of **Plaintiff's Motion To Dismiss Defendant Microsoft's Counterclaims**, the motion is **granted**.

SO ORDERED.

_____
J.

Exhibit A

# Copyright
United States Copyright Office

| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = Parker Gordon Roy
Search Results: Displaying 1 through 9 of 9 entries.



Resort results by:

[ Set Search Limits ]

| # | Name (NALL) < | Full Title | Copyright Number | Date |
|---|---|---|---|---|
| [1] | Parker, Gordon Roy, 1967- | 29 reasons not to be a nice guy / Ray Gordon. | TX0005101826 | 2000 |
| [2] | Parker, Gordon Roy, 1967- | Charming Prince Charming : how to marry the man of your dreams. | TXu000906331 | 1999 |
| [3] | Parker, Gordon Roy, 1967- | Country lawyer. | TXu000983156 | 2000 |
| [4] | Parker, Gordon Roy, 1967- | How to break even at the track : the UFH guide to horseplaying / Ray Gordon, pseud. | TX0003808803 | 1999 |
| [5] | Parker, Gordon Roy, 1967- | Hypnosis composition theory. | TXu000980636 | 2000 |
| [6] | Parker, Gordon Roy, 1967- | Lose weight, have sex, get hired, and live happily ever after. | TXu000629661 | 1994 |
| [7] | Parker, Gordon Roy, 1967- | Outfoxing the foxes : how to seduce the women of your dreams. | TXu000880678 | 1998 |
| [8] | Parker, Gordon Roy, 1967- | Price and probability : volume 1. | TXu001353237 | 2007 |
| [9] | Parker, Gordon Roy, 1967- | Why hotties choose losers : how to stop a player in his tracks. | TXu001156406 | 2003 |

Resort results by:

[ Set Search Limits ]

[Clear Selected] [Retain Selected]



| Save, Print and Email (Help Page) | | |
|---|---|---|
| Records | Select Format: Full Record | [Format for Print/Save] |
| ○ All on Page<br>● Selected On Page<br>○ Selected all Pages | Enter your email address: | [Email] |

Search for: Parker Gordon Roy     Search by: Name (Crichton Michael; Walt Disney Company)

25 records per page                                        [Submit] [Reset]

Help  Search  History  **Titles**  Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright | Copyright Office Home Page | Library of Congress Home Page

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, | |
|---|---|
| Plaintiff | |
| v. | CASE NO.: 07-2757 |
| | Judge: MAM |
| Yahoo!, Inc., and Microsoft Corporation, | |
| Defendants | |

## CERTIFICATE OF SERVICE

I, Gordon Roy Parker, **Plaintiff** in the above-styled action, hereby certify that I have served a copy of **Plaintiff's Motions To Dismiss Counterclaims (2)**, on both defendants in this action via **regular mail**, as follows:

**Corey Field**
Ballard, Spahr, Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
**Attorney For Yahoo!**

**James D. Cashel**
Montgomery, McCracken, Walker & Rhoads
123 South Broad Street, 28th Floor
Philadelphia, PA 19109
**Attorney For Microsoft**

This the 30th day of October, 2008

Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 764-5487
E-mail: SnodgrassPublish@aol.com

FILED