IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, Plaintiff | |
|---|---|
| v. | CASE NO.: 07-2757 |
| Yahoo!, Inc., and Microsoft Corporation, Defendants | Judge: MAM |

## ORDER

**AND NOW**, this _____th day of December, 2008, in consideration of **Plaintiff's Motion To Dismiss Defendant Yahoo's Counterclaims**, the motion is **granted**.

SO ORDERED.

_____
J.



IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, Plaintiff | |
|---|---|
| v. | CASE NO.: 07-2757 |
| Yahoo!, Inc., and Microsoft Corporation, Defendants | Judge: MAM |

## MOTION TO DISIMSS
## DEFENDANT YAHOO!, INC'S COUNTERCLAIMS

**Plaintiff** in the above-styled action moves this court for dismissal of all of Defendant Microsoft's Counterclaims in this action, pursuant to Rule 12(b)(6).

A memorandum in support is attached and incorporated by reference as if fully stated verbatim herein.

## RELIEF SOUGHT

WHEREFORE, Plaintiff seeks dismissal of all six counterclaims. An appropriate form of order is attached.

This the 30th day of October, 2008.

_____
Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 764-5487
E-mail: SnodgrassPublish@aol.com
Plaintiff, Pro Se

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON ROY PARKER, <br><br> Plaintiff <br><br> v. <br><br> Yahoo!, Inc., and Microsoft Corporation, <br><br> Defendants | CASE NO.: 07-2757 <br><br> Judge: MAM |

## MEMORANDUM IN SUPPORT OF MOTION TO DISIMSS DEFENDANT MICROSOFT'S COUNTERCLAIMS

Gordon Roy Parker, Plaintiff in the above-styled action, submits this Memorandum in support of his motion to dismiss all counterclaims in this action brought against himself, by Defendant Yahoo!, Inc..

### I. INTRODUCTION

Defendant Yahoo! has added six "counterclaims" to its action, apparently as a grab for attorney fees that would become theoretically possible under the Copyright Act. It also seeks "damages" for Plaintiff's conduct, which amounts to a) registering his work with the Copyright Office; b) attempting to enforce his copyright in accordance with his exclusive statutory right to reproduce, distribute, and derive; and c) not "opting out" by informing Defendant Yahoo! that he did not wish to have his work infringed. Defendant's pleading reads like a bad Kafka novel.

Most of the arguments from this motion are identical to the motion to dismiss Microsoft's Counterclaim, concurrently filed and incorporated by reference here as if fully stated verbatim herein. Additional arguments will be added as necessary. For the same equal access reasons, Plaintiff requests a liberal construction of this pleading with regard to its truncated citations.

### II. LEGAL STANDARD

Plaintiff outlined the relevant legal standards in his motion to dismiss Defendant Microsoft's counterclaims, and incorporates them by reference here as if fully stated verbatim herein.

## III. ARGUMENT

Defendant Yahoo!'s counterclaims are deficient, due to lack of controversy, redundant controversy already being litigated as part of Count I of the original Complaint in this action, and, at times, incredulous.

### A. Count I: Misuse Of Copyright.

The heart of Defendant's first counterclaim is the following statement:

> *Plaintiff intentionally made his alleged copyrighted works available free on his website.* (Emphasis Added).[1]

This counterclaim is fatally deficient on its face, and contradicts this court's ruling of September 25, 2008, which allowed Count I of the original complaint to survive, on the grounds of revocable "implied license." This court's finding of implied license also grants less protection to works published on the internet, than to works which are not, as evidenced by Google's settlement with the Authors and Publishers Guilds.

Defendant's arguments, if upheld by this court granting the relief it seeks, would make "fair game" out of any published website that did not have password-protection,[2] including even sites like the *New York Times*, or both defendants themselves. The "affirmative steps" Defendant alleges that Plaintiff took to "ensure his works would be searched and indexed"[3] were nothing of the kind. Absent a lawsuit, which Plaintiff filed, he was powerless to stop Defendants from engaging in what Plaintiff considered infringing conduct. That he chose to stand his ground was perfectly reasonable in light of statute and precedent being clearly on his side.

---

[1] Counterclaim, paragraph 26.
[2] Id., paragraph 27.
[3] Id., paragraph 28.

2

This could should make special note that when its parent struck down the CDA as being too restrictive, by requiring <u>adult-site</u> operators to screen for age, rather than post a notice to users to self-regulate, that was deemed too burdensome, and costly to the intended audience of users who may not want to part with sensitive information (such as e-mail) in order to view the content.

Plaintiff's work is/was not password-protected because he wanted the <u>easiest possible viewing</u> by his audience, since his revenue was derived from advertising. He trusts that search engines will respect his copyright, such as by the <u>opt-in</u> policy granted by statue 17 USC §106.

It is one thing for this court to carve out an <u>exception</u> for search engines and material published online rather than offline (such as with the Google Books lawsuit), but to extend what is at best an affirmative defense to a full-fledged counterclaim is legally insufficient. It is also <u>redundant</u>, as this issue is being litigated in Plaintiff's Count I, and, beyond that scope, no actual controversy exists, as Plaintiff has not initiated or threatened further litigation. Given the facts it alleges, Defendant Yahoo! could file suit against <u>any</u> copyright holder who makes their work available "for free on the internet," even without an existing controversy.

To the extent Defendant is seeking "damages" related to the filing of this lawsuit by Plaintiff, that is covered under the Dragonetti Act, and FRCP 11. This suit was not brought in bad faith, however, as Plaintiff had every reasonable expectation of prevailing, given statute and precedent.

Defendant's claim that "Plaintiff's use of this purported intellectual property does not comport with the Constitutional purpose of copyright protection" (Paragraph 30) is baseless, scandalous, would be defamatory if published outside of court proceedings, and should be struck from the record pursuant to Rule 12(f). It reflects Defendant's total disregard for Plaintiff's rights, total disparagement of his work, and imputes upon him nonexistent intentions.

B. <u>Count II: Fair Use.</u>

Plaintiff restates his fair-use arguments from his motion to dismiss Defendant Microsoft's counterclaims, as if fully stated verbatim herein.

The Google Books lawsuit settlement is of particular note, because the only difference between the registered works used in the Google Books project and in this case is that Plaintiff published his works online. Google "folded" in the Books lawsuits, by settling, even though the fair-use arguments could just as easily be applied there.

What this court has done by affirming defenses of implied-license or fair-use is to effectively deny exclusive copyright protection to internet publishers which is available to non-internet publishers, creating tremendous barriers to entry in publishing that the internet was supposed to abolish, as equally efficient, and equally cost-efficient, distribution is impossible, given the global reach of the internet, its instantaneous transmission of information, and its negligible cost. <u>If the purpose of copyright protection is to promote the arts, internet-published free works deserve the highest, not the lowest, level of protection.</u>

Plaintiff also restates and incorporates by reference, as if verbatim, his identical no-controversy or redundant-controversy arguments from his motion to dismiss Microsoft's counterclaims.

### C. Count III: Implied License.

Plaintiff also restates and incorporates by reference, as if verbatim, his identical no-controversy or redundant-controversy arguments from his motion to dismiss Microsoft's counterclaims.

### D. Count IV: Declaratory Judgment Of Noninfringement

This is Defendant's affirmative defense to Plaintiff's Count I; this "counterclaim" is redundant. For all other counts, there is no controversy, as Plaintiff has not initiated or threatened further infringement actions.

4

Plaintiff restates, and incorporates by reference, as if fully stated verbatim herein, all relevant arguments from his motion to dismiss Microsoft's counterclaims.

### E. <u>Count V: Invalid Copyrights.</u>

This count falls flat on its face: Defendant alleges mere lack of proof of copyright (included as Exhibit A to the other motion filed today) as an affirmative defense. In no way has it alleged any facts which would invalidate the registered copyrights. To the extent there is any remaining controversy related to Plaintiff's copyrights, they are being litigated in Plaintiff's Count I, thus removing any controversy, or having Count I render it redundant.

## <u>CONCLUSION</u>

Defendant's Counterclaims are legally invalid, an egregious abuse of process, likely in violation of Rule 11, and/or the Dragonetti Act. Their goal is to change the <u>form</u> of its defenses to Plaintiff's triable Count I, as an attempt to gain attorney fees, and <u>damages</u>, to which it would far less likely be entitled as the Defendant it is and should be.

The invalidation of Plaintiff's copyright would effectively render <u>any</u> material published freely online, without user restriction, and with respect for user privacy by not demanding personal information for its viewing, the property of the public domain, and would open up the legitimate holders of <u>registered</u> copyrights to lawsuits and fee awards for any attempt to enforce their own rights.

This Court has given Defendants an "inch" by allowing it to make wholesale copies of internet websites not its own. It is not attempting to pick on a "defenseless" pro-se litigant in order to secure a rogue ruling from a Court it has been given reason to view as sympathetic to its cause.

5

To the extent 17 USC §106 is still valid, Defendant Yahoo's counterclaim should be dismissed for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). An appropriate form of order is attached.

This the 30th day of October, 2008

*[signature]*

_____
Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 764-5487
E-mail: SnodgrassPublish@aol.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, | |
|---|---|
| Plaintiff | |
| v. | CASE NO.: 07-2757 |
| | Judge: MAM |
| Yahoo!, Inc., and Microsoft Corporation, | |
| Defendants | |

## CERTIFICATE OF SERVICE

I, Gordon Roy Parker, **Plaintiff** in the above-styled action, hereby certify that I have served a copy of **Plaintiff's Motions To Dismiss Counterclaims (2)**, on both defendants in this action via **regular mail**, as follows:

**Corey Field**
Ballard, Spahr, Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
**Attorney For Yahoo!**

**James D. Cashel**
Montgomery, McCracken, Walker & Rhoads
123 South Broad Street, 28th Floor
Philadelphia, PA 19109
**Attorney For Microsoft**

This the 30th day of October, 2008

_____
Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 764-5487
E-mail: SnodgrassPublish@aol.com
67