# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GORDON ROY PARKER,        )
                                               )
               **Plaintiff, Pro Se**    )
                                               )   **Civil Action No. 07-cv-2757 (MAM)**
         **v.**                      )
                                               )   **The Hon. Mary A. McLaughlin**
YAHOO!, INC. and           )
MICROSOFT CORPORATION,    )
                                             )
              **Defendants.**    )
                                             )

# YAHOO! INC.'S OPPOSITION TO
## PLAINTIFF'S MOTION TO DISMISS

Dockets.Justia.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 1

I.     Yahoo! Has Properly Pled Misuse Of Copyright. ................................................. 2

II.    Yahoo!'s Declaratory Judgment Counterclaims Reflect an Actual Controversy, Are Not Duplicative, and Should Not Be Dismissed. ........................................................... 5

     A.    Yahoo! Properly Pled the Doctrine of Fair Use. ........................................... 8

     B.    Yahoo! Properly Pled Implied License. ...................................................... 11

     C.    Yahoo! Has Properly Pled Non-Infringing Use. ........................................... 12

     D.    Yahoo! Has Properly Pled Invalid Copyrights. ............................................ 13

     E.    Yahoo! Properly Asserted Safe Harbor Protection Under the DMCA as an Affirmative Defense. ............................................................................... 14

III.    Yahoo!'s Request for Attorneys' Fees and Costs Is Legitimate. ....................... 16

CONCLUSION ............................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*A&M Records, Inc. v. Napster, Inc.*,
239 F.3d 1004 (9th Cir. 2001) ............................................................................3

*Aetna Life Ins. Co. v. Haworth*,
300 U.S. 227 (1937).............................................................................................6

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,
421 U.S. 240 (1975)...........................................................................................18

*Arista Records, Inc. v. Flea World, Inc.*,
356 F. Supp. 2d 411 (D.N.J. 2005) .....................................................................4

*Attia v. Soc'y of N.Y. Hosp.*,
12 F. App'x 78 (2d Cir. 2001) ...........................................................................17

*Baker v. Urban Outfitters, Inc.*,
431 F. Supp. 2d 351 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007).....................17

*Brillhart v. Excess Ins. Co. of America*,
316 U.S. 491 (1942)............................................................................................7

*Broadcast Music, Inc. v. Hearts/ABC Viacom Entm't Servs.*,
746 F. Supp. 320 (S.D.N.Y. 1990) ......................................................................4

*Cameron v. Graphic Mgmt. Assocs., Inc.*,
817 F. Supp. 19 (E.D. Pa. 1992) .......................................................................14

*Campbell v. Acuff-Rose Music, Inc.*,
510 U.S. 569 (1994)............................................................................................9

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991)............................................................................................18

*Chivalry Film Prods. v. NBC Universal, Inc.*,
05-CV-5627, 2007 U.S. Dist. LEXIS 86889 (S.D.N.Y. Nov. 27, 2007)................17

*Diamond Star Bldg. Corp. v. Freed*,
30 F.3d 503 (4th Cir. 1994) ..............................................................................16

*Effects Assocs., Inc. v. Cohen*,
908 F.2d 555 (9th Cir. 1990) .............................................................................11

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991)..........................................................................................12

*Field v. Google, Inc.*,
    412 F. Sup. 2d 1106 (D. Nev. 2006) ............................................................4

*Fogerty v. Fantasy, Inc.*,
    510 U.S. 517 (1994) ......................................................................................16

*Good Lad Co. v. B&W Assocs.*,
    98-CV-6612, 1999 U.S. Dist. LEXIS 1047 (E.D. Pa. Feb. 5, 1999) .........8

*Harrison Music Corp. v. Tesfaye*,
    293 F. Supp. 2d 80 (D.D.C. 2003) ..............................................................17

*Hughes v. Rowe*,
    449 U.S. 5 (1980) ..........................................................................................17

*IMS Health, Inc. v. Vality Tech. Inc.*,
    59 F. Supp. 2d 454 (E.D. Pa. 1999) .............................................................8

*In re Rockefeller Ctr. Properties, Inc.*,
    184 F.3d 280 (3d Cir. 1999) ..........................................................................2

*Johnson v. Res. for Human Dev., Inc.*,
    860 F. Supp. 218 (E.D. Pa. 1994) .................................................................2

*Johnsrud v. Carter*,
    620 F.2d 29 (3d Cir. 1980) ............................................................................1

*Jordan v. Fox, Rothschild, O'Brien & Frankel*,
    20 F.3d 1250 (3d Cir. 1994) ......................................................................1-2

*Krajewski v. American Honda Fin. Corp.*,
    557 F. Supp. 2d 596 (E.D. Pa. 2008) .......................................................7, 8

*Lasercomb America, Inc. v. Reynolds*,
    911 F.2d 970 (4th Cir. 1990) .....................................................................2, 3

*Masquerade Novelty, Inc. v. Unique Indus., Inc.*,
    912 F.2d 663 (3d Cir. 1990) ........................................................................14

*Maverick Recording Co. v. Chowdhury*,
    07-CV-200, 2008 U.S. Dist. LEXIS 63783 (E.D.N.Y. Aug. 19, 2008) .....4

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) ........................................................................................6

*NASCAR v. Scharle*,
    356 F. Supp. 2d 515 (E.D. Pa. 2005), *aff'd,* 184 F. App'x 270 (3rd Cir. 2006) ............... 11-12

*Parker v. Google, Inc.*,
　04-CV-3918, 422 F. Supp. 2d 492 (E.D. Pa. 2006), *aff'd,* 242 F. App'x 833 (3d Cir.
　2007), *cert. denied*, 128 S. Ct. 1101 (2008)........................................................3, 10

*Practice Mgmt. Info. Corp. v. AMA*,
　121 F.3d 516 (9th Cir. 1997), *amended by,* 133 F.3d 1140 (9th Cir. 1998) ............3

*qad, inc. v. ALN Assocs., Inc.*,
　974 F.2d 834 (7th Cir. 1992) ............................................................................4

*Raquel v. Educ. Mgmt. Corp.*,
　No. 95-CV-1620, 1996 U.S. Dist. Lexis 21192 (W.D. Pa. Oct. 11, 1996)............13

*Raquel v. Educ. Mgmt. Corp.*,
　196 F.3d 171 (3d Cir. 1999), *vacated on other grounds*, 531 U.S. 952 (2000)......13

*Rocks v. City of Philadelphia*,
　868 F.2d 644 (3d Cir. 1989)..............................................................................1

*Siemens Med. Sys., Inc. v. Fonar Corp.*,
　95-CV-261-SLR, 1995 U.S. Dist. LEXIS 22334 (D. Del. Apr. 27, 1995) ................8

*Sony Corp. of America v. Universal City Studios, Inc.*,
　464 U.S. 417 (1984)........................................................................................10

*State Auto Ins. Companies v. Summy*,
　234 F.3d 131 (3d Cir. 2000)..........................................................................6, 7

*Tempo Music, Inc. v. Myers*,
　407 F.2d 503 (4th Cir. 1969) ............................................................................4

*Terra Nova Ins. Co. v. 900 Bar, Inc.*,
　887 F.2d 1213 (3d Cir. 1989)........................................................................6, 8

*The Hartford v. Keystone Auto. Operations*,
　06-CV-465, 2007 U.S. Dist. LEXIS 5818 (M.D. Pa. Jan. 29, 2007)........................7

*United States v. Pa. Dep't of Envtl. Res.*,
　923 F.2d 1071 (3d Cir. 1991)..................................................................6, 8, 13

*Video-Cinema Films, Inc. v. CNN, Inc.*,
　No. 98 Civ. 7128, 98 Civ. 7129, 98 Civ. 7130, 2004 U.S. Dist. LEXIS 1428
　(S.D.N.Y. Feb. 3, 2004) ............................................................................ 16-17

*Yash Raj Films (USA) Inc. v. Sur Sangeet Video Elecs., Inc.*,
　06-CV-3968, 2007 U.S. Dist. LEXIS 61255 (D.N.J. Aug. 21, 2007) ....................14

*Yue v. Storage Tech. Corp.*,
  07-CV-05850, 2008 U.S. Dist. LEXIS 68920 (N.D. Cal. Aug. 6, 2008) ...............................17

**STATUTES**

17 U.S.C. § 107 .................................................................................................................9

17 U.S.C. § 107(2) ...........................................................................................................10

17 U.S.C. § 107(3) ...........................................................................................................10

17 U.S.C. § 410(c) ............................................................................................................14

17 U.S.C. § 411(a) ............................................................................................................13

17 U.S.C. § 505 ................................................................................................................16

17 U.S.C. § 512(b) ...........................................................................................................15

28 U.S.C. § 1927 ..............................................................................................................18

28 U.S.C. § 2201 ..........................................................................................................6, 13

42 Pa. Cons. Stat. Ann. § 8351-54 ....................................................................................2

**RULES**

Fed. R. Civ. P. 11 .............................................................................................................18

Fed. R. Civ. P. 12(b)(6) .....................................................................................................1

Following his filing of claims found largely baseless by this Court, Plaintiff now files an incomprehensible Motion to Dismiss (the "Motion") Yahoo!'s valid and necessary counterclaims. Yahoo! has properly asserted and sufficiently plead counterclaims against Plaintiff for the purpose of vindicating Yahoo!'s rights, and to secure a judicial decree of non-infringement. The counterclaims are not duplicative of Plaintiff's sole remaining claim of direct copyright infringement, and Plaintiff has provided no support for his Motion. Indeed, Plaintiff has failed to cite a *single case* in a motion that necessarily must be based upon the law, nor has Plaintiff properly asserted that Yahoo! failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[2] Accepting Yahoo!'s allegations as true, and in the light most favorable to Yahoo!, this Court should deny Plaintiff's Motion.

## ARGUMENT

A motion to dismiss should only be granted where the complaint fails to sufficiently state a legally cognizable claim. *See, e.g., Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980). All allegations in a complaint (or, in this case, counterclaim) must be accepted as true and viewed in the "light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). This Court recognized the standard in its September 25, 2008 Order. (the "Order" at 2 n.1). When deciding a motion to dismiss, the Court may look only to the facts alleged in the pleading and its attachments, as well as any attachments to the motion to dismiss that are both integral to the pleading and unquestionably authentic. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994); *In re Rockefeller Ctr.*

---

[1] All defined terms herein have the same definition as that used in Yahoo!'s Motion to Dismiss.

[2] In addition to not troubling himself with actually citing any law, for good measure, Plaintiff states that Yahoo!'s "pleading reads like a bad Kafka novel." (Mot. to Dismiss Yahoo!'s Countercls. at 1). Of course, in *The Trial*, Kafka wrote about a defendant who could never determine with what he was charged, just as Yahoo! has little hope of fully comprehending what the Plaintiff is moving upon.

*Properties, Inc.*, 184 F.3d 280, 287 (3d Cir. 1999). The Court is similarly required to accept the allegations asserted in a *counterclaim* as true and draw all reasonable inferences in favor of the non-moving party, as the standard for dismissal of a counterclaim is the same as that for a complaint. *Johnson v. Res. for Human Dev., Inc.*, 860 F. Supp. 218, 220 (E.D. Pa. 1994).

Yahoo! has properly asserted its counterclaims; they are neither redundant nor "a grab for attorney fees." (Pl. Mot. to Dismiss Yahoo!'s Countercls. at 1). On the contrary, Yahoo!'s counterclaims have been properly plead, would provide greater certainty regarding the relationship between the parties, and would effectuate an efficient resolution of this matter. Plaintiff has utterly failed to provide any support sufficient to overcome the heavy burden of the moving party; offering no reason, compelling or otherwise, why this Court should dismiss Yahoo!'s counterclaims, Plaintiff's Motion should be denied.

## I.     Yahoo! Has Properly Pled Misuse Of Copyright.

In seeking to dismiss Yahoo!'s First Counterclaim of Misuse of Copyright, Plaintiff completely misapprehends the nature of the copyright misuse claim. Yahoo!'s claim here is considerably more straightforward than Plaintiff's ramblings: Plaintiff is misusing the traditional grant of copyright not to protect his readily available works but to achieve either some measure of financial gain or psychic benefit. Yahoo! has alleged a counterclaim and affirmative defense of copyright misuse based on Plaintiff's improper motive in registering his works and his offensive use of his copyrights as litigation tools. This violates the rights granted by his copyright registration and violates public policy. (Yahoo! Countercls. ¶¶ 24-31).

The doctrine of copyright misuse forbids a copyright holder from extending the limited monopoly on his work beyond the scope of the copyright, when such an extension is contrary to the public policy of the copyright grant. *Lasercomb America, Inc. v. Reynolds*, 911 F.2d 970, 978 (4th Cir. 1990) ("The question is . . . whether the copyright is being used in a manner

violative of the public policy embodied in the grant of a copyright"). Here, Yahoo! has alleged that Plaintiff registered copyrights in his self-published works for the sole purpose of effectuating this, and other, lawsuits. (Pl. Mot. to Dismiss Yahoo!'s Countercls. at 2; Yahoo! Countercls. ¶¶ 26-29); *see also Parker v. Google, Inc.*, 04-CV-3918, 422 F. Supp. 2d 492 (E.D. Pa. 2006), *aff'd,* 242 F. App'x 833 (3d Cir. 2007), *cert. denied,* 128 S. Ct. 1101 (2008). Such an improper use is plainly outside the grant of limited monopoly contained in the Copyright Act, and violative of public policy. Plaintiff's copyright, should it be confirmed as valid, embraces a right of publication, not a right to utilize the copyright for improper litigation purposes.

While the misuse doctrine is typically implicated when a copyright holder seeks to expand the limited monopoly granted by the Copyright Office into an area outside the copyright,[3] here Plaintiff has violated the public policy inherent in the Copyright Act by admittedly granting Yahoo! an implied license and subsequently using Yahoo!'s licensed conduct as a basis for litigation. (Yahoo! Countercls. ¶¶ 26-29).[4] While such an implied license may be revocable, Plaintiff admittedly made no attempt to inform Yahoo! of any alleged infringement or revocation prior to filing his lawsuit.[5] Plaintiff is violating the "public policy embodied in the grant of a copyright" by using his copyrights as a litigation tool when he was fully aware of the implied license granted to Yahoo!. *Lasercomb*, 911 F.2d at 978.

---

[3] *See, e.g., A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001) ("The misuse defense prevents copyright holders from leveraging their limited monopoly to allow them control of areas outside their monopoly."); *Practice Mgmt. Info. Corp. v. AMA*, 121 F.3d 516, 520 (9th Cir. 1997), *amended by,* 133 F.3d 1140 (9th Cir. 1998) (issuance of a license compelling the AMA to use only plaintiff's copyrighted coding system constitutes copyright misuse).

[4] Plaintiff has himself admitted that, in his mind, his only avenue for protecting his works was through litigation. (Pl. Mot. to Dismiss Yahoo!'s Countercls. at 2). However, Plaintiff also admits that he placed his works on the internet without restriction in order to effect "the easiest possible viewing by his audience," despite knowing that such placement would lead to searching, indexing, and/or caching by Yahoo!. (*Id.* at 3; Compl. ¶¶ 4, 24).

[5] Plaintiff admits a license existed *before* he allegedly revoked it. (*Cf.* Mot. to Dismiss Yahoo!'s Countercl. at 2).

Further, the doctrine of copyright misuse grows out of the unclean hands doctrine. *See qad, inc. v. ALN Assocs., Inc.*, 974 F.2d 834, 836 (7th Cir. 1992). A plaintiff who has used his copyright in a manner inconsistent with the Copyright Act, whether through action or inaction, is not entitled to enforce the copyright. *Tempo Music, Inc. v. Myers*, 407 F.2d 503, 507 (4th Cir. 1969) (Plaintiff's dereliction of duty in protecting its copyrights constitutes unclean hands; plaintiff is estopped from litigating infringement claim).[6] Here, Yahoo! has clearly advanced allegations establishing unclean hands. (*See, e.g.,* Yahoo! Countercls. ¶¶ 26-29). Plaintiff knowingly placed his works online in a manner to assure that they made available free to all users *and* certain to be searched, indexed, and cached by Yahoo!. (*Id.*) Doing so created an implied license for use by Yahoo!. *Field v. Google, Inc.,* 412 F. Sup. 2d 1106, 1116 (D. Nev. 2006).[7] As alleged, Plaintiff, well aware of the nature and operation of internet search engines, obtained copyright registrations of his works, seeking to use them to provide a basis for a lawsuit. Plaintiff placed his works on the internet, free of charge and with no restrictions on access. (Yahoo! Countercls. ¶¶ 26-29. Compl. ¶¶ 4, 24; Order at 1, 11-12; Pl. Mot. to Dismiss Yahoo!'s Countercls. at 3). Plaintiff then allowed his works to be searched, indexed, and cached. (Yahoo! Countercls. ¶¶ 26-29; Order at 11-12). He took no affirmative steps to protect his copyright, despite being fully aware of the consequences inherent in not utilizing any of the myriad means available to restrict access to his copyrighted works. (*Id.*; Compl. ¶ 24). Then,

---

[6] Neither the Eastern District of Pennsylvania nor the Third Circuit have opined on the availability of copyright misuse as a valid counterclaim. Other districts have addressed misuse of copyright counterclaims and found that the doctrine is one of equitable relief. *See, e.g., Maverick Recording Co. v. Chowdhury*, 07-CV-200, 2008 U.S. Dist. LEXIS 63783, at *10-11 (E.D.N.Y. Aug. 19, 2008); *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005); *Broadcast Music, Inc. v. Hearts/ABC Viacom Entm't Servs.*, 746 F. Supp. 320, 328 (S.D.N.Y. 1990). Should the Court determine that misuse of copyright is more appropriately pled as an affirmative defense, Yahoo! preserves its Fifteenth Affirmative Defense.

[7] As discussed in *Field*, the implied license doctrine is applicable to search engine caching, and a decision to exclude a "no archive" meta-tag from a website, when one possesses knowledge of how internet search engines operate, is tantamount to a license to search, index, and cache a website. *Id.*

once Yahoo! acted consistent with Plaintiff's refusal to opt out and allowed searching, indexing, and caching of Plaintiff's website, Plaintiff claimed ignorance, took umbrage at Yahoo!'s alleged infringement, and now seeks hundreds of thousands of dollars in damages for alleged infringement of works that Plaintiff offered at no charge to every internet user. [8]  At the same time, in this very Motion, Plaintiff admits that his goal was to drive traffic to his site to gain advertising revenue.  (Pl. Mot. to Dismiss Yahoo!'s Countercls. at 3).  Plaintiff's lawsuit is merely an attempt to abrogate the bounds of the previously granted implied license; it is, in essence, a means for Plaintiff to undo what he has already done.  He may not reassert his rights offensively, *ex post*, as attempted in *Field*, and may not misuse a grant of copyright to improperly effectuate a lawsuit.  This Court has acknowledged Plaintiff's grant of an implied license,[9] Yahoo! has properly pled copyright misuse, and dismissal of Yahoo!'s misuse counterclaim is unwarranted.

## II. Yahoo!'s Declaratory Judgment Counterclaims Reflect an Actual Controversy, Are Not Duplicative, and Should Not Be Dismissed.

As best as Yahoo! can tell, Plaintiff's chief complaint regarding Yahoo!'s declaratory judgment counterclaims is that they are allegedly duplicative of Plaintiff's claims, and should more readily be asserted as affirmative defenses.[10]  Plaintiff is wrong.

Plaintiff takes issue not with any failure by Yahoo! to properly assert elements of any specific cause of action, but instead makes conclusory statements concerning vague, and

---

[8] Further, Plaintiff would do well to avoid casting aspersions under what he refers to as the "Dragonetti Act."  (*See* Pl. Mot. to Dismiss Yahoo!'s Countercls. at 3).  Under 42 Pa. Cons. Stat. Ann. § 8351-54, which Plaintiff seems to assert in multiple lawsuits, a non-prevailing party may be found liable for bringing a wrongful civil action.  If Plaintiff continues to be unsuccessful in this lawsuit, he could be liable for damages if a court finds that he initiated the lawsuit without probable cause and primarily for an improper purpose.  *Id.*

[9] Order at 12.

[10] Plaintiff has not, however, moved to dismiss any of Yahoo!'s affirmative defenses.

unenforceable, rights. Instead of offering actual cogent argument, Plaintiff asks this Court to somehow divine some defect in Yahoo!'s pleading and decline jurisdiction.

Federal courts have the discretionary power to hear declaratory judgment claims under the Declaratory Judgment Act. 28 U.S.C. § 2201. Although a court's discretion is not unlimited, where the facts allege a "definite and concrete [dispute], touching the legal relations of parties having adverse legal interests," is "real and substantial" and "admi[ts] of specific relief," a court may hear a declaratory judgment claim.[11] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)). Without question, Yahoo! and Plaintiff are adverse parties involved in an actual, justiciable controversy. Moreover, a declaratory judgment decree from this Court will provide specific relief and resolution to the controversy.

The Third Circuit has held that Section 2201 should be construed liberally, and district courts are granted broad discretion to determine whether an exercise of jurisdiction over a declaratory judgment action is appropriate. *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000) (Section 2201 "contemplates that district courts will exercise discretion in determining whether to entertain such actions"); *United States v. Pa. Dep't of Envtl. Res.*, 923 F.2d 1071, 1073 (3d Cir. 1991). Indeed, although the district court is granted broad discretion in determining whether to hear a declaratory judgment action, the district courts "are not unlimited . . . in [their] discretion not to hear a declaratory judgment action. When the issues involved in the case include 'federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding' [it] should entertain the

---

[11] The Third Circuit has elaborated on several factors that may affect a court's decision to hear a declaratory judgment claim: "(1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies." *Pa. Dep't of Envtl. Res.*, 923 F.2d at 1075 (citing *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1224 (3d Cir. 1989)).

action." *The Hartford v. Keystone Auto. Operations*, 06-CV-465, 2007 U.S. Dist. LEXIS 5818, at *5 (M.D. Pa. Jan. 29, 2007) (citing *Summy*, 234 F.3d at 134). The questions implicated by Yahoo!'s counterclaims involve federal statutory interpretation. Although this Court retains wide discretion in deciding whether to hear Yahoo!'s declaratory judgment counterclaims, the purely federal nature of the counterclaims, combined with the factors noted below, suggest that the Court should so exercise its jurisdiction.[12] Yahoo! could not bring its declaratory judgment counterclaims in state court, nor could a state court properly rule on issues involving the Copyright Act.

Although Plaintiff continues to chant his mantra of "lack of controversy" and "redundancy" in an effort to avoid jurisdiction, real and triable issues exist between the parties. Without question, an actual "case or controversy" remains between Yahoo! and the Plaintiff, for which this Court can provide significant resolution. Despite dismissal of the vast majority of Plaintiff's claims, Plaintiff continues to believe that he has a legitimate direct infringement claim – and Yahoo! continues to believe that he does not. By exercising its right to hear Yahoo!'s declaratory judgment counterclaims, this Court can actively resolve the uncertainty that remains in this litigation.

Further, Plaintiff does not properly assert that convenience, judicial economy, or duplicative litigation exist here as reasons for the Court to dismiss Yahoo!'s counterclaims. The parties have already appeared and litigated Plaintiff's initial claims in this District, the issues are substantially similar, and there is no other jurisdiction better suited to handling this matter. *See*

---

[12] Concerns over federal/state entanglement are generally paramount when a district court considers exercising its jurisdiction over a declaratory judgment action. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942) ("Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided"). Because of the nature of Plaintiff's sole remaining claim, and Yahoo!'s declaratory judgment counterclaims, there are no issues of federal/state entanglement. *Krajewski v. American Honda Fin. Corp.*, 557 F. Supp. 2d 596, 611-12 (E.D. Pa. 2008) (finding that the existence of "no parallel state action implicating the federalism concerns" weighs in favor of exercising jurisdiction over declaratory relief claims).

*Siemens Med. Sys., Inc. v. Fonar Corp.*, 95-CV-261-SLR, 1995 U.S. Dist. LEXIS 22334, at *7-8 (D. Del. Apr. 27, 1995) (denying a motion to dismiss a declaratory judgment action because no issues of judicial economy, convenience, or forum shopping were implicated); *Terra Nova*, 887 F.2d at, 1224; *IMS Health, Inc. v. Vality Tech. Inc.*, 59 F. Supp. 2d 454, 472 (E.D. Pa. 1999) ("litigating in [two] fora would certainly be an exercise in needless duplication"); *Good Lad Co. v. B&W Assocs.*, 98-CV-6612, 1999 U.S. Dist. LEXIS 1047, at *5-7 (E.D. Pa. Feb. 5, 1999) (dismissing plaintiff's declaratory judgment action when brought separately from an identical suit in which the plaintiff had previously sought a declaratory judgment). Yahoo! has properly asserted its counterclaims as part of the present suit, and is not attempting to prosecute a separate declaratory judgment action outside the bounds of the current lawsuit, or circumvent the judicial process.

Finally, simply because Plaintiff's remaining claim may overlap with certain (but certainly not all) of Yahoo!'s counterclaims does not mean that declaratory relief is inappropriate. *Krajewski*, 557 F. Supp. 2d at 612 ("although [plaintiff's declaratory relief claims] are largely duplicative of plaintiff's other claims, there is no good reason for this court to decline jurisdiction") (citing *Pa. Dep't of Envtl. Res.*, 923 F.2d at 1073). The counterclaims are asserted as a means of settling all aspects of the controversy and clarifying the legal positions of the parties. Yahoo!'s declaratory judgment counterclaims serve the interests of judicial economy, are appropriate and necessary as a means of discouraging future litigation, and are properly pled. Therefore, the Court should deny Plaintiff's Motion as to Yahoo!'s declaratory judgment counterclaims.

### A.    Yahoo! Properly Pled the Doctrine of Fair Use.

Plaintiff attempts to obtain dismissal of Yahoo!'s Second Counterclaim for Declaratory Judgment of Fair Use by (a) referring to something he calls the "Google Books lawsuit

settlement," (b) asserting some indecipherable conclusions about levels of protection for "free works," and (c) incorporating, by reference, arguments made in his motion to dismiss Microsoft's counterclaims – arguments which improperly constitute factual conclusions far better suited to a motion for summary judgment.

Leaving aside Plaintiff's nonsensical assertions for the moment, Yahoo! has properly pled a counterclaim for declaratory judgment of fair use. Pursuant to Section 107, a fair use analysis involves a balancing of the following four factors:

(1)     the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2)     the nature of the copyrighted work;

(3)     the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4)     the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. A fair use determination necessarily involves a level of inquiry inappropriate for a motion to dismiss. As the Supreme Court noted in *Campbell v. Acuff-Rose Music, Inc.*, the fair use doctrine "calls for case-by-case analysis . . . the four statutory factors [may not] be treated in isolation . . . . All are to be explored, and the results weighed together." 510 U.S. 569, 577-78 (1994) (internal citations omitted). Yahoo! has properly alleged that its use of Plaintiff's works constitutes a fair use, specifically alleging that any use of Plaintiff's works was of a non-commercial nature and was affected for the limited, utilitarian, and indeed transformative purpose of streamlining the public's access to the internet. (Yahoo!'s Countercls. ¶ 38). Yahoo! has also alleged that Plaintiff has suffered no economic loss from Yahoo!'s limited use of his

works, nor has Yahoo!'s limited use had any impact on the market for Plaintiff's works. (*Id.* ¶¶ 39-40) Plaintiff has failed to provide any authority sufficient to prevail on a motion to dismiss Yahoo!'s counterclaim.

As to Plaintiff's contentions, first, as to the "Google Books lawsuit settlement." Plaintiff is well aware that Google is not a party to this lawsuit.[13] Plaintiff also fails to understand the inapplicability of the now-settled "Google Books" lawsuit to his current litigation. Google procured physical copies of millions of printed works, physically and volitionally scanned them into a database, and offered digital copies of these works on the internet. This activity is fundamentally and inherently dissimilar to that of Yahoo!. Yahoo! has, through an automated process, made a temporary cache copy of Plaintiff's website - - a website that already appeared on the internet without cost or restriction. There is simply no comparison to Google's affirmative effort to digitally scan the contents of entire university libraries and place the contents online with what occurred here, even if Plaintiff could adequately explain it.[14]

Second, Plaintiff's argument that "internet-published free works deserve the highest, not the lowest, level of protection" lacks any basis in legal authority, and is in any event, non-determinative in a fair use analysis. As the Supreme Court has held, when considering the nature of the copyrighted work under 17 U.S.C. § 107(2), and the amount reproduced under § 107(3), even the fact that an entire copyrightable work is reproduced "…does not have its ordinary effect of militating against a finding of fair use." *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 450 (1984). Yahoo! does not, and has not, made any argument concerning degrees of protection, aside from invoking applicable law.

---

[13] Plaintiff has already tried, and failed, to sue Google for conduct similar to Yahoo!'s. *Parker v. Google,* 422 F. Supp. 2d 492.

[14] Google was not found liable for direct infringement and no determination regarding fair use was made by the court.

Finally, Plaintiff attempts to incorporate his contemporaneous Motion with regard to Microsoft. In it, he includes the assertion that, because Microsoft allegedly profits from its caching activity, fair use is inapplicable. Plaintiff provides no support for this claim as to Microsoft or Yahoo!. Instead, Plaintiff insists, as he has fruitlessly in the past, that the sale of advertising on search results pages somehow negates a fair use argument. Whatever allegations Plaintiff may make, none defeat Yahoo!'s proper pleading of its fair use counterclaim. Plaintiff's Motion as to Yahoo!'s Second Counterclaim should be denied.

### B. Yahoo! Properly Pled Implied License.

Plaintiff's attack on Yahoo's Third Counterclaim is simply that no controversy exists and that "Defendants have already won." If that is the case, Plaintiff's claim should be dismissed in its entirety.[15] For a declaratory judgment claim to survive, as noted above, this Court must find that an actual case or controversy exists between the parties, and the determine whether it is appropriate for the Court to assert jurisdiction over such an action. There is, without question, a real and active case or controversy between Plaintiff and Yahoo!. Plaintiff continues to litigate his sole remaining claim of direct infringement, which would be directly impacted by a declaratory judgment of implied license.

Yahoo! has properly pled a counterclaim for declaratory judgment of implied license. The elements of an implied license claim involve the creation of the work by licensor, delivery of the work to the licensee, and an intent that the work be distributed by the licensee. *See Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990). The Eastern District of Pennsylvania has cited *Effects* with approval and adopted the conclusion that the licensee and licensor need not be in privity for an implied license to adhere. *NASCAR v. Scharle*, 356 F.

---

[15] Plaintiff also states that the only remaining issue concerns the "revocation of implied license." (Pl. Mot. to Dismiss Microsoft's Countercls. at 7). There is no revocation of license in the record in this case.

Supp. 2d 515, 526-27 (E.D. Pa. 2005), *aff'd,* 184 F. App'x 270 (3rd Cir. 2006). Yahoo! alleges that Plaintiff created and copyrighted his works and, with full knowledge that Yahoo! would search, index, and cache his works, made them available on the internet free of charge. (Yahoo! Countercls. ¶¶ 44-50). Plaintiff's knowledge is indicative of an intent to license Yahoo! to distribute his works through its search, index, and cache functions. (*Id.* ¶ 49). Because Plaintiff was aware of the myriad procedures by which he could have prevented such use by Yahoo!, he unquestionably granted Yahoo!, as properly alleged, an implied license for the limited use undertaken.[16] (*Id.* ¶¶ 46-49). Plaintiff cannot contend that Yahoo!'s counterclaim allegations are facially insufficient and subject to a motion to dismiss.

### C. Yahoo! Has Properly Pled Non-Infringing Use.

In response to Yahoo!'s Fourth Counterclaim, Plaintiff alleges that a counterclaim for declaratory judgment of non-infringement is redundant. Yahoo! has properly pled non-infringement of Plaintiff's works as a means of achieving a final resolution to this litigation. Yahoo! alleges that it has discontinued any allegedly infringing behavior and that Plaintiff has neither alleged nor provided any evidence of any further acts of "infringement." (Yahoo! Countercls. ¶ 53). Yahoo! thus seeks a declaration that its activity constitutes a non-infringing use of Plaintiff's works. Yahoo! may seek such a judgment by showing either that Plaintiff does not, in fact, possess the copyrights to allegedly infringed works, or by showing that there has been no actual infringement. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Yahoo! has properly alleged that any use of Plaintiff's work was non-infringing due to fair use and implied license. (Yahoo! Countercls. ¶¶ 36, 49). Yahoo! has also properly alleged that Plaintiff has failed to adequately register his copyrights, or provide proof of such registry

---

[16] This Court acknowledged as much in its opinion of September 25, 2008. (Order at 12) ("The Court is persuaded that Parker's complaint conclusively establishes the affirmative defense of implied license").

sufficient to state a claim of infringement. (*Id.* ¶ 59). On a motion to dismiss, Plaintiff's conclusory allegations of redundancy are insufficient to rebut Yahoo!'s properly pled allegations.

As is discussed, *supra*, duplication of claims is not fatal to Yahoo!'s counterclaim. Contrary to Plaintiff's allegation, a real controversy exists regarding Yahoo!'s status as an alleged infringer. This Court has allowed Plaintiff to proceed on one count of direct infringement, for which Yahoo! seeks full and final judgment in its favor. Due to the liberal construction given Section 2201 in this Circuit and the continued dispute between the parties, a declaration of non-infringement is appropriate. *Pa. Dep't of Envtl. Res.*, 923 F.2d at 1073. Because this Court can provide significant relief in the form of a declaratory judgment, because Plaintiff has failed to provide sufficient argument to fulfill his burden on a motion to dismiss, and because Yahoo! has properly pled a counterclaim for declaratory judgment of non-infringement, the Court should deny Plaintiff's Motion as to the Fourth Counterclaim.

**D.     Yahoo! Has Properly Pled Invalid Copyrights.**

In response to Yahoo!'s Fifth Counterclaim for Declaratory Judgment of Invalid Copyrights, Plaintiff appended a Library of Congress "print-out" as proof of his copyright registrations. Plaintiff is incorrect in believing that such "proof" of registration is sufficient. Yahoo! has alleged that, without valid proof of copyright registration, Plaintiff cannot continue to assert his remaining claim, and this Court is devoid of jurisdiction. Valid copyright registration, and proof of such registration, is required before a plaintiff may bring an infringement action. 17 U.S.C. § 411(a); *Raquel v. Educ. Mgmt. Corp.*, 196 F.3d 171, 174-76 (3d Cir. 1999), *vacated on other grounds*, 531 U.S. 952 (2000). In the absence of such proof, the district court lacks subject matter jurisdiction over a claim of infringement. *Raquel v. Educ. Mgmt. Corp.*, No. 95-CV-1620, 1996 U.S. Dist. Lexis 21192, at *17 (W.D. Pa. Oct. 11, 1996) ("failure to satisfy this jurisdictional prerequisite [of having filed a valid copyright registration]

deprives a federal court of subject matter jurisdiction.") (citing *Masquerade Novelty, Inc. v. Unique Indus., Inc.*, 912 F.2d 663, 667 (3d Cir. 1990); *Cameron v. Graphic Mgmt. Assocs., Inc.*, 817 F. Supp. 19, 22 (E.D. Pa. 1992)).  Plaintiff has not presented a valid copyright registration for any of the works allegedly infringed.  *Yash Raj Films (USA) Inc. v. Sur Sangeet Video Elecs., Inc.*, 06-CV-3968, 2007 U.S. Dist. LEXIS 61255, at *8 (D.N.J. Aug. 21, 2007) (denying summary judgment for 22 unverified copyright registrations while granting summary judgment for 70 verified copyrights).

Plaintiff asserts that it is Yahoo!'s burden to "allege[] any facts that would invalidate the registered copyrights."  Plaintiff fails to realize, however, that only a *valid* copyright registration creates prima facie evidence of copyright validity.  17 U.S.C. § 410(c).  Only upon a showing of valid copyright registration, by a "certificate of a registration made before or within the first five years after first publication of the work," does the burden of proving invalidity shift to the defendant.  *Id.*  Without such proof, any infringement claim is jurisdictionally premature and must be dismissed.  Yahoo!'s counterclaim is properly alleged based on the currently available facts.  Until Plaintiff provides valid proof of his copyrights, he cannot pass the burden of proving invalidity to Yahoo!.  As such, Yahoo!'s Fifth Counterclaim presents a real and justiciable controversy, has been properly pled, and should not be dismissed on the basis of Plaintiff's insufficient exhibits.

### E. Yahoo! Properly Asserted Safe Harbor Protection Under the DMCA as an Affirmative Defense.

Plaintiff does not appear to be moving to dismiss Yahoo!'s affirmative defense of safe harbor under the Digital Millennium Copyright Act ("DMCA"); however, because Plaintiff has "incorporated by reference" the entirety of his Motion to Dismiss Microsoft's Counterclaims, Yahoo! briefly responds to Plaintiff's allegations regarding the DMCA.

Plaintiff incorrectly asserts that this Court has rejected Yahoo!'s DMCA safe harbor defense. The Court, of course, has not reached a determination as to the DMCA. As the Court recognized in its Order, Yahoo! merely reserved its claims regarding the DMCA safe harbor, recognizing that some discovery might be necessary to succeed on such a defense.

Section 512(b) provides a safe harbor from copyright infringement for an internet service provider engaged in system caching when:

(A) the material is made available online by a person other than the service

provider;

(B) the material is transmitted from the person described in subparagraph (A)

through the system or network to a person other than the person described in

subparagraph (A); and

(C) the storage is carried out through an automated technical process for the

purpose of making the material available to users of the system or network

who, after the material is transmitted as described in subparagraph (B),

request access to the material from the person described in subparagraph (A).

17 U.S.C. § 512(b). Yahoo! has clearly alleged that Plaintiff made his works available online. (Yahoo! Countercls. ¶ 6). It is incontrovertible, and Yahoo! has so alleged, that Plaintiff placed no restrictions on access to his works, despite understanding the consequences inherent in such action. (*Id.* ¶ 12; Order at 12). Finally, Yahoo! alleges that its automated web crawler qualifies as an "automated technical process" under § 512(b) and serves to provide users with streamlined access to the internet. (Yahoo! Countercls. ¶¶ 8-9). Yahoo!'s search functionality and caching are emblematic of the purpose behind DMCA safe harbor.

Plaintiff has provided no authority to suggest that the DMCA's safe harbor provision is somehow inapplicable to Yahoo!; he has merely repeated the unsupported allegations that have riddled his prior filings. Furthermore, Plaintiff's citation, such as it is, to an unspecified World Trade Organization ruling regarding copyright infringement is wholly unpersuasive. In the absence of anything beyond conclusory statements, and recognizing Yahoo!'s allegations as properly pled, the Court must deny Plaintiff's Motion as to any safe harbor affirmative defense or counterclaim.

### III.     Yahoo!'s Request for Attorneys' Fees and Costs Is Legitimate.

To the extent that Plaintiff is claiming that Yahoo!'s request for attorney's fees and costs is unconstitutional, Plaintiff is wrong.[17]     Contrary to Plaintiff's allegations that Yahoo!'s counterclaims are brought solely to "grab attorney fees," Yahoo! is entitled to attorneys' fees regardless of any asserted counterclaims. 17 U.S.C. § 505; *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). If ultimately successful, the Copyright Act entitles Yahoo! to an attorneys' fee award, within the Court's discretion. In *Fogerty*, the Supreme Court elucidated several factors that weigh in favor of such an award, including unreasonable conduct by the non-prevailing party, frivolousness of the asserted claims, and deterrence of further litigation. *Id.* Plaintiff's conduct and claims in this action have been previously litigated, are excessive, and at multiple times have been completely incomprehensible. *See, e.g., Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 506-07 (4th Cir. 1994) (court awards defendant attorneys' fees based on plaintiff's "utterly meritless claim" and "patently frivolous position."); *Video-Cinema Films, Inc. v. CNN, Inc.*, No. 98 Civ. 7128, 98 Civ. 7129, 98 Civ. 7130, 2004 U.S. Dist. LEXIS 1428, at *2

---

[17] Plaintiff has put forward this assertion in his Motion to Dismiss Microsoft's Counterclaims, which he seeks to incorporate by reference.

(S.D.N.Y. Feb. 3, 2004) ("Throughout the underlying litigation, Plaintiff made objectively unreasonable factual and legal arguments.").[18]

In addition, a non-prevailing party's *pro se* status has been deemed irrelevant for the purposes of imposing attorney fees and costs under the Copyright Act. *See, e.g., Attia v. Soc'y of N.Y. Hosp.*, 12 F. App'x 78, 79-80 (2d Cir. 2001) (affirming an award of attorneys' fees and costs against a *pro se* copyright plaintiff); *Yue v. Storage Tech. Corp.*, 07-CV-05850, 2008 U.S. Dist. LEXIS 68920, at *11-12 (N.D. Cal. Aug. 6, 2008) (Plaintiff's duplicative filing and "nearly vexatious" conduct is indicative of harassment, and *pro se* status "does not warrant leniency."); *Chivalry Film Prods. v. NBC Universal, Inc.*, 05-CV-5627, 2007 U.S. Dist. LEXIS 86889, at *9-10 (S.D.N.Y. Nov. 27, 2007); *Harrison Music Corp. v. Tesfaye*, 293 F. Supp. 2d 80, 85 (D.D.C. 2003) (financial disparities between parties are irrelevant because "[t]he decision to award attorneys' fees is based on whether imposition of the fees will further the goals of the Copyright Act, not on whether the losing party can afford to pay the fees.").

Plaintiff cannot use his *pro se* filing status as an impervious shield from relief specifically allowed under the Copyright Act. Even outside of the copyright context, Plaintiff's *pro se* status does not, in and of itself, require this Court to dismiss Yahoo!'s demand for attorneys' fees. *See Hughes v. Rowe*, 449 U.S. 5, 15 (1980) (courts may assess attorneys' fee awards against a *pro se* plaintiff when the plaintiff's "claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.") (internal citation omitted). Plaintiff

---

[18] In addition, Plaintiff's prior litigation of a nearly identical lawsuit against Google suggests that deterrence against further baseless litigation is necessary. *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007) ("an award of costs and fees is crucial here, so as to deter this plaintiff, and other similarly situated plaintiffs, from bringing unreasonable claims based on a cost/benefit analysis that tells such plaintiffs that they can score big if they win and that there will be no adverse consequences if they lose.").

has, again, provided no compelling evidence to suggest that Yahoo!'s request of an award of

attorneys' fees and/or costs is improperly unconstitutional, or not properly pled.[19]

## **CONCLUSION**

For the forgoing reasons, Yahoo! respectfully requests that the Court deny Plaintiff's

Motion to Dismiss as to all of Yahoo!'s asserted counterclaims.

Respectfully submitted,

/s/ Corey Field
Lynn E. Rzonca (Pa. ID. No. 86747)
Corey Field (Pa. ID. No. 88650 (cf 2939)
BALLARD SPAHR ANDREWS & INGERSOLL
LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
TEL: (215) 665-8500
FAX: (215) 864-9120
rzoncal@ballardspahr.com
fieldc@ballardspahr.com

-and-

Thomas P. Lane (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
tlane@winston.com

*Attorneys for Defendant Yahoo!*

Dated: New York, New York
November 17, 2008

---

[19] Further, despite his *pro se* status, Plaintiff is also subject to possible Rule 11 sanctions and attorneys' fee awards, within the Court's discretion. Fed. R. Civ. P. 11. A district court possesses inherent authority to impose attorneys' fees or sanctions outside the bounds of 28 U.S.C. § 1927, Fed. R. Civ. P. 11, or any other statutory scheme. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-47 (1991); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-259 (1975).

**CERTIFICATE OF SERVICE**


       I, Corey Field, certify that a true and correct copy of the foregoing YAHOO!, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS, was filed electronically on the date shown.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may view and download this filing through the Court's system.  Copies of the foregoing are also being served on this date via the manner indicated.

<u>VIA FIRST CLASS MAIL, POSTAGE PREPAID AND VIA EMAIL:</u>

Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 386-7366
SnodgrassPublish@aol.com
LeModernCaveman@aol.com


Plaintiff, *Pro Se*

James D. Cashel
MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500
(215 772-7620 (facsimile)
JCashel@mmwr.com


Attorneys for Defendant Microsoft Corporation


                                   <u>/s/ Corey Field</u>
                                     Corey Field (Pa. ID. No. 88650) (cf2939)
                                     BALLARD SPAHR ANDREWS & INGERSOLL, LLP
                                     1735 Market Street, 51st Floor
                                     Philadelphia, PA 19103
                                     TEL: 215-665-8500
                                     FAX: 215-864-9120
                                     fieldc@ballardspahr.com

                                     Attorneys for Defendant Yahoo!, Inc.

Date:  November 17, 2008