## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON ROY PARKER, )<br>)<br>        Plaintiff, )<br>)   Civil Action No. 07-2757 (MAM)<br>        v. )<br>)<br>YAHOO!, INC. and )<br>MICROSOFT CORPORATION, )<br>)<br>        Defendants. )<br>) | |

### **ORDER**

AND NOW, this _____ day of _____, 200___, upon consideration of Plaintiff's Motion To Dismiss Defendant Microsoft's Counterclaims, and all responses thereto, it is hereby ORDERED that the Plaintiff's Motion is DENIED.

**BY THE COURT**

_____, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GORDON ROY PARKER, )
)
         Plaintiff, )
) Civil Action No. 07-2757 (MAM)
         v. )
)
YAHOO!, INC. and )
MICROSOFT CORPORATION, )
)
         Defendants. )
)

**MICROSOFT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION
TO DISMISS MICROSOFT'S COUNTERCLAIMS**

Defendant Microsoft Corporation ("Microsoft") submits this Brief in opposition to Plaintiff's motion to dismiss Microsoft's counterclaims.

## I. INTRODUCTION

Plaintiff Gordon Roy Parker ("Parker") filed this suit seeking to hold Defendants Microsoft and Yahoo!, Inc. ("Yahoo") liable for including in their respective Internet system caches copies of Parker's purported copyrighted works from his web site and for allegedly making these cached copies available to users of their respective Internet search engines.[1]

Earlier in this litigation, this Court dismissed the vast majority of Parker's claims under Fed. R. Civ. P. 12(b)(6), but left one issue undecided, namely whether or not the Defendants infringed Parker's alleged copyrights by including his purported works in their respective Internet system caches over Parker's alleged objection. *See Parker v. Yahoo!, Inc.*, No. 07-2757,

---

[1] Parker has been labeled a "serial litigant" by Judge Bartle in *Parker v. Learn the Skills Corp.*, No. 05-2752, 2006 WL 2228867, at *1 (E.D. Pa. Aug. 2, 2006), and a number of his other meritless lawsuits have been dismissed. *See Parker v. Univ. of Pa.*, No. 02-0567; *Parker v. Wintermute*, No. 02-7215; *Parker v. Google, Inc.*, No. 04-3918.

2008 WL 4410095, at *5 (E.D. Pa. Sept. 25, 2008). This issue was not briefed by the parties at the motion to dismiss stage, and the Court left open the possibility of the parties briefing it at a later time. *Id.* at *5.

On October 10, 2008, Microsoft filed its Answer, Affirmative Defenses and Counterclaim in Response to Plaintiff's Complaint ("Microsoft's Answer" or "Microsoft's Counterclaim"). Microsoft asserted the following six counterclaims arising under the Declaratory Judgment Act, 28 U.S.C. § 2201:

1. Declaratory judgment of non-infringement of Parker's purported copyright registrations;

2. Declaratory judgment of invalidity of Parker's purported copyright registrations;

3. Declaratory judgment of unenforceability of Parker's purported copyright registrations;

4. Declaratory judgment of fair use by Microsoft;

5. Declaratory judgment that Parker has provided an implied license to Microsoft; and

6. Declaratory judgment that Microsoft is entitled to the safe harbor of 17 U.S.C. § 512.

Microsoft's Counterclaim (Docket no. 25) ¶¶ 30-58.

On October 30, 2008, Parker filed a motion to dismiss Microsoft's counterclaims (Docket no. 26, hereafter "Parker's Motion"), arguing that there is no actual case or controversy and that the counterclaims are somehow redundant to other claims and defenses in the case or based on the same set of facts.[2] As explained in detail below, Parker's Motion should be dismissed

---

[2] Parker filed his motion under Fed. R. Civ. P. 12(b)(6) but fails to argue how any of Microsoft's counterclaims fail to state a claim upon which relief can be granted. In fact, Parker's primary argument seems to be that the Court lacks subject matter jurisdiction over Microsoft's counterclaims. Parker's jurisdictional argument is, for the reasons set forth herein, baseless.

because an actual case or controversy does exist, *see Parker*, 2008 WL 4410095 at *5, and Microsoft's counterclaims are not redundant to the parties' other claims and defenses.[3]

## II. SUMMARY OF RELEVANT FACTS

Internet search engines such as Google, Microsoft's MSN, and Yahoo allow Internet users to sift through the massive amount of information available on the Internet to find information of interest to the user.[4]

Microsoft's MSN search engine continuously scans the Internet, makes copies of Internet pages, and stores the content from those pages in a temporary repository called a cache. Complaint (Docket no. 3) ¶ 18. When a person submits a query to the MSN search engine, content from a cache is often included as a link in the displayed search results. *Id*. MSN scans the Internet like many other search engines and displays "cached" links with its search results. MSN also maintains an "opt out" policy whereby copyright holders such as Parker can notify it not to include particular Internet pages in the cache. *Id*. ¶ 24. In addition, Microsoft, in compliance with the Digital Millennium Copyright Act ("DMCA"), posts a notice and procedure for making claims of copyright infringement.

Parker is a purported author and owner of three copyrighted works – "*Outfoxing the Foxes*, *29 Reasons Not To Be A Nice Guy*, and *Why Hotties Choose Losers*" – which Parker

---

[3] In his Motion, Parker also argues that the Digital Millennium Copyright Act and the rulings in this case violate the WTO trade agreements, and that the fee-shifting provision in the Copyright Act is unconstitutional. (Parker Mot. at 8-9.) Because these arguments have no relevance to his motion to dismiss, Microsoft only responds at this time by stating that the fee shifting provision is constitutional, and that Parker chose this forum and the applicable law (i.e., the Copyright Act) when he filed his Complaint in this Court.

[4] The MSN search engine, now called "Live Search," is referred to herein as MSN to be consistent with the allegations in Parker's complaint.

-3-

makes available on his Internet site www.cybersheet.com.  *Id*. ¶¶ 11, 16 n.1.  Parker alleges that Microsoft's MSN search engine infringes his copyrights by storing portions of these works in Internet cache pages and displaying them in response to user queries.  *Id*. ¶ 47.  Before filing this suit, Parker never notified Microsoft of the alleged infringement nor did he notify MSN that he wished to "opt out" and exclude these works from MSN's Internet system cache.  *Id*. ¶¶ 24-25.

**III.   ARGUMENT**

    **A.   The Court Has Subject Matter Jurisdiction To Hear Microsoft's Six Counterclaims Under The Declaratory Judgment Act**

Parker argues that Microsoft's counterclaims should be dismissed on the grounds that there is no case or controversy.  Parker's Motion at 4-7.  This argument essentially challenges whether or not this Court has subject matter jurisdiction to hear Microsoft's counterclaims.  *See e.g., MedImmune, Inc v. Genentech, Inc.*, 549 U.S. 764, 777 (2007).

Under the Declaratory Judgment Act, a court may hear a claim seeking to obtain a declaration of rights or other legal relations with respect to another party where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Id*. at 770 (citations omitted).  The controversy must be "'definite and concrete, touching the legal relations of parties having adverse legal interests'; and . . . be 'real and substantial' . . . as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"  *Id.* at 770 (citations omitted).

Here, there is a substantial controversy, between parties having adverse legal interests, *i.e.*, Parker and Microsoft, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  The Court's September 25, 2008 Order did not dismiss all of Parker's claims.  *See Parker*, 2008 WL 4410095, at *5.  The parties are still actively litigating a narrower

version of Parker's claim for direct copyright infringement, and each of Microsoft's six counterclaims would defeat Parker's copyright infringement claim. Microsoft's counterclaims are not based on a hypothetical set of facts. The controversy between Parker and Microsoft is definite, concrete, substantial, and real.

Accordingly, this Court has subject matter jurisdiction to hear Microsoft's six counterclaims under the Declaratory Judgment Act.

### B. None of Microsoft's Counterclaims Should Be Dismissed On The Grounds Of Redundancy

Parker argues without any supporting legal authority that five of Microsoft's six counterclaims should be dismissed because they are redundant. Parker Motion at 4-7.[5] To prevail on this argument, Parker "must show that 'it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim.'" *University Patents, Inc. v. Kligman*, Nos. 89-3525, 90-0422, 1991 WL 165071, *1 (E.D. Pa. 1991) (citing *Aldens, Inc. v. Packel*, 524 F.2d 38, 51-52 (3d Cir. 1975). Parker fails to do so.

Parker has not and cannot show any alleged identity between the legal issues in his remaining claim and Microsoft's counterclaims. He challenges counterclaim I on the grounds that it is seeking identical relief and it is redundant to a defense. Parker's Motion at 4. He challenges counterclaim II on the grounds that it is based on identical facts. *Id*. at 5. He challenges counterclaims IV, V and VI on the grounds that they are redundant to defenses. *Id*. at 6-7. Parker never explains or attempts to explain how there is complete identity of the legal issues between his remaining claim and Microsoft's counterclaims – which there clearly is not.

---

[5] Parker does not seek to dismiss counterclaim III, regarding the unenforceability of Parker's purported copyright registrations, on the grounds of redundancy.

Because Parker has not met his burden of showing complete identity of legal issues, the challenged counterclaims should not be dismissed.

Moreover, Microsoft's six counterclaims are not redundant to Parker's remaining copyright infringement claim or Microsoft's defenses, but rather address very practical issues. Microsoft's counterclaims for declaratory judgment seek affirmative relief to ensure that the issues raised by Parker are litigated to a conclusion. Microsoft should be entitled to seek declarations that it does not infringe Parker's purported copyrights, and that his purported copyrights are invalid or unenforceable, as alleged in its first three counterclaims. Similarly, Microsoft should be entitled to seek declarations that its alleged conduct constitutes fair use, that Parker has authorized Microsoft's conduct, and that Microsoft's activities fall within the safe harbor provision of the DMCA, as alleged in its remaining three counterclaims. All six of these counterclaims address separate and distinct legal issues and controversies arising out of Parker's direct infringement claim.

In the absence of these counterclaims, Parker could, theoretically, seek to voluntarily dismiss his Complaint without prejudice and sue Microsoft again in another forum. However, if Microsoft's six counterclaims remain in the case, Microsoft is assured that they will be litigated to a conclusion in this civil action. Fed. R. Civ. P. 41(a)(2) (counterclaims can remain pending for independent adjudication despite a dismissal of the Plaintiff's claims); *see also Berlitz School of Languages of Am., Inc. v. Donnelly & Suess, Inc.*, 84 F. Supp. 75, 77 (E.D. Pa. 1949) ("The purpose of the declaratory judgment statute is to afford an additional remedy to one who is not certain of his rights and desires an early adjudication without waiting until his adversary should decide to bring suit.").

Accordingly, none of Microsoft's counterclaims should be dismissed on the grounds of redundancy.[6]

### C. Microsoft Has Stated Six Claims For Relief Under The Declaratory Judgment Act

#### 1. Legal Standard For A Motion To Dismiss Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits the Court to dismiss a counterclaim for "failure to state a claim upon which relief can be granted." The Supreme Court has explained that, to pass muster under Rule 12(b)(6), a claim must allege "enough factual matter (taken as true) to suggest" the elements necessary for the claims at issue. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). *See also Wilkerson v. New Media Technology Charter School, Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) ("The allegations . . . should 'plausibly suggest[]' that the pleader is entitled to relief." (quoting *Twombly*, 127 S. Ct. at 1966)).

When deciding a motion to dismiss, the Court may look only to the facts alleged in the pleading and its attachments, as well as any attachments to the motion to dismiss that are both integral to the pleading and unquestionably authentic. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994); *In re Rockefeller Ctr. Properties, Inc.*, 184 F.3d 280, 287 (3d Cir. 1999). For purposes of a Rule 12(b)(6) motion, the Court must "accept all factual allegations . . . as true and view[] them in the light most favorable" to the pleading party. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). But the Court is not "required to accept legal conclusions either alleged or inferred from the pleaded facts." *Id.* at 183 (citation omitted).

---

[6] Parker improperly characterizes Microsoft's counterclaims as a "grab" for attorney's fees. Parker Motion at 4. Contrary to Parker's characterization, Microsoft does not need to assert counterclaims to be entitled to its attorneys' fees. An award of these fees is potentially available should Microsoft prevail in its defense of Parker's infringement claim. 17 U.S.C. § 505.

Microsoft's counterclaims should not be dismissed because it has pled enough factual matter to suggest the elements necessary for each of its six counterclaims.

### 2. Microsoft Has Stated A Claim For A Declaratory Judgment Of Non-Infringement Of Parker's Purported Copyright Registrations

Viewed in the light most favorable to Microsoft, Microsoft has alleged enough factual matter to support its counterclaim for a declaratory judgment of non-infringement of Parker's purported copyrights. To establish non-infringement, Microsoft has two paths. First, Microsoft could show the absence of one of the elements of a copyright infringement claim: (1) Parker's ownership of a valid copyright or (2) copying by Microsoft. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Second, Microsoft could show that its alleged conduct was authorized by Parker or that it falls outside of the exclusive rights of copyright or within a limitation of liability. *See, e.g.*, 17 U.S.C. §§ 107, 512. Microsoft has alleged that Parker failed to attach to his complaint proof of registration (Microsoft's Counterclaim ¶ 13), that Microsoft is authorized to engage in the alleged copying conduct (*id.* ¶ 27), that the alleged copying conduct is a permissible fair use (*id.* ¶ 28), and that Microsoft is entitled to protection under the safe harbor provisions of the Digital Millennium Copyright Act (the "DMCA") (*id.* ¶ 29). Accordingly, Microsoft's allegations, viewed in a light most favorable to Microsoft, state a claim for a declaratory judgment of copyright non-infringement.

### 3. Microsoft Has Stated A Claim For A Declaratory Judgment Of Invalidity Of Parker's Purported Copyright Registrations

Microsoft has properly stated a claim for a declaration of the invalidity of Parker's purported copyright registrations. The Copyright Act provides, except for certain limited circumstances that do not apply here, that "no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411. Thus, if Parker's purported

copyright registrations are invalid, his claim for infringement necessarily fails. Microsoft has alleged that Parker failed to attach to his complaint proof of registration. Microsoft's Counterclaim ¶ 13. Accordingly, Microsoft has reason to believe that Parker does not hold valid copyrights in the works at issue. Microsoft's allegations, viewed in the light most favorable to Microsoft, state a claim for a declaratory judgment of copyright invalidity.

### 4. Microsoft Has Stated A Claim For A Declaratory Judgment Of Unenforceability Of Parker's Purported Copyright Registrations

Microsoft's declaratory judgment counterclaim regarding the unenforceability of Parker's purported copyright registrations rests on the doctrine of estoppel. "A [copyright infringement] plaintiff is estopped from asserting a copyright claim if he has aided the defendant in infringing or otherwise induced it to infringe or has committed covert acts such as holding out by silence or inaction." *Field v. Google, Inc.*, 412 F. Supp. 2d 1106, 1116 (D. Nev. 2006) (quotation, alteration and citation omitted). Microsoft has alleged all of the necessary elements, as follows:

- "At the time that he posted the Purported Works on his Internet site at www.cybersheet.com, Parker was aware of Microsoft's MSN search engine and its method of operation" (Microsoft's Counterclaim ¶ 19);

- Microsoft maintains a clear opt-out policy for its Internet system cache (*id*. ¶ 11);

- Parker was aware of the opt-out policy when he posted the alleged material to his web site (*id*. ¶ 23);

- Parker was aware of a simple Internet protocol that would prevent the alleged material from being indexed by Microsoft (*id*. ¶ 24);

- Parker filed his copyright infringement claim without notifying Microsoft to exclude his material from the MSN Internet system cache (*id*. ¶ 26);

- Parker does not pose any restrictions on who can access his work via his web site (*id.* ¶ 14); and

- Parker has made no money from the sale, licensing or other distribution of the purported works (*id.* ¶ 16).

Microsoft's allegations, viewed in a light most favorable to Microsoft, state a claim for a declaratory judgment of copyright unenforceability.

### 5. Microsoft Has Stated A Claim For A Declaratory Judgment Of Fair Use By Microsoft

Microsoft has properly stated a claim for a declaratory judgment that its alleged conduct constitutes fair use and thus falls outside of any purported copyright rights that Parker may hold. The Copyright Act allows certain fair uses of copyrighted materials. 17 U.S.C. § 107; *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 571-72, 579-80 (1994); *Field*, 412 F. Supp. 2d at 1117-1122. To determine whether a use qualifies as a fair use, Courts should consider and balance the following factors:

1. The purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

2. The nature of the copyrighted work;

3. The amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

4. The effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107.

Microsoft has alleged that "Microsoft was not using the MSN search engine to profit from Parker's works" (Microsoft's Counterclaim ¶ 41); "Microsoft's MSN Internet search engine and associated system cache function as a tool to help index and improve access to web

-10-

sites on the Internet" (*id.* ¶ 42); "the inclusion of [Parker's works] in the MSN Internet system cache has not caused Parker any loss in revenue from the sale, licensing or other distribution of [his works]" (*id.* ¶ 44); and "[t]he inclusion of [Parker's works] in the MSN Internet system cache has not caused an adverse impact for any potential market for or value of [his works]" (*id.* ¶ 45).

Microsoft's allegations, viewed in a light most favorable to Microsoft, state a claim for a declaratory judgment of fair use.

### 6. Microsoft Has Stated A Claim For A Declaratory Judgment That Parker Has Provided An Implied License To Microsoft

Microsoft has stated a claim for declaratory judgment that Parker has provided an implied license to Microsoft. As explained by the Court's September 25, 2008 Order, "[g]enerally, a court can find an implied license 'where the copyright holder engages in conduct from which [the] other [party] may properly infer that the owner consents to his use.'" *Parker*, 2008 WL 4410095 at *3 (citations omitted) (alterations in original). Furthermore, "silence or lack of objection may also be the equivalent of a nonexclusive license, especially where the plaintiff knows of the defendant's use and encourages it." *Id.* Here, Microsoft has alleged, among other things, that Parker knew that Microsoft's system would cache his purported works, that he knew of at least two means to prevent these works from being cached, and that he made a knowing and intentional choice not to prevent these works from being included in the MSN Internet system cache. Microsoft's Counterclaim ¶¶ 23, 24, 50-52.[7]

---

[7] Microsoft also contends that Parker should not be allowed to attempt an end-run around the DMCA take down procedures by filing a lawsuit. If Parker objected to the inclusion of his purported works in the MSN Internet system cache, he should have followed the procedures specified by the DMCA – which he did not do.

Accordingly, Microsoft's allegations, viewed in a light most favorable to Microsoft, set forth facts sufficient to suggest that Microsoft had an implied license to use Parker's works in its Internet system cache.

### 7. Microsoft Has Stated A Claim For A Declaratory Judgment That Microsoft Is Entitled To The Safe Harbor Of 17 U.S.C. § 512

As a threshold matter, Parker's argument that Microsoft's sixth counterclaim is barred by the doctrine of issue preclusion is meritless. Parker's Motion at 7. The four necessary factors for issue preclusion – none of which Parker demonstrates to exist in his motion papers – are as follows: (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question. *Bd. of Trs. of Trucking Employees of No. Jersey Welfare Fund, Inc. v. Centra,* 983 F.2d 495, 505 (3d Cir. 1992). Since Parker has not shown any of these four factors to exist, Microsoft's sixth counterclaim is not barred by the doctrine of issue preclusion.

As to the merits, Microsoft has stated a claim for a declaratory judgment that it is entitled to protection under the safe harbor of the DMCA. The DMCA provides:

> (b) System Caching.—
>
> > (1) Limitation on liability.— [If certain conditions are met, a] service provider shall not be liable for monetary relief, or, except as provided in subsection (j), for injunctive or other equitable relief, for infringement of copyright by reason of the intermediate and temporary storage of material on a system or network controlled or operated by or for the service provider in a case in which—
> >
> > > (A) the material is made available online by a person other than the service provider;

> (B) the material is transmitted from the person described in subparagraph (A) through the system or network to a person other than the person described in subparagraph (A) at the direction of that other person; and
>
> (C) the storage is carried out through an automatic technical process for the purpose of making the material available to users of the system or network who, after the material is transmitted as described in subparagraph (B), request access to the material from the person described in subparagraph (A),

17 U.S.C. § 512.

Here, Microsoft has alleged that Parker made his works available online (Microsoft's Counterclaim ¶ 12); that Parker's materials are available to other people without restriction (*id.* ¶¶ 14-15); that the "Internet search engines such as Microsoft's MSN search engine allow users to sift through the massive amount of information available on the Internet to find information of interest to the uses" (*id.* ¶ 7); and that "Cached versions of Internet Pages are kept only temporarily and are used to facilitate individual searches and to increase the speed at which search results are returned" (*id.* ¶ 9). In short, Microsoft's automatic Internet system cache makes it possible for a person to search the Internet for and view the works that Parker posted.

Accordingly, Microsoft's allegations, viewed in a light most favorable to Microsoft, set forth facts sufficient to suggest that Microsoft is entitled to protection under the safe harbor of the DMCA.

## IV. CONCLUSION

For the foregoing reasons Microsoft respectfully requests that this Court deny Parker's motion to dismiss Microsoft's counterclaims.

Respectfully submitted,

Dated: November 17, 2008

/s/ James D. Cashel

James D. Cashel (Pa. ID. No. 72056) (jc 24)
MONTGOMERY, MCCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
Telephone No.: (215) 772-1500
Facsimile No.: (215) 772-7620

Attorneys for Defendant
Microsoft Corporation

# CERTIFICATE OF SERVICE

I, James D. Cashel, hereby certify that on this 17th day of November, 2008, I caused to be served a true and correct copy of this *Certificate Of Service* And The *Microsoft's Brief In Opposition To Plaintiff's Motion To Dismiss Counterclaims*, and *proposed Order*, in the manner set forth below:

        Gordon Roy Parker
        4247 Locust Street #806
        Philadelphia, PA 19104
        **By First Class Mail, Postage Prepaid**

        Thomas P. Lane
        Winston & Strawn LLP
        200 Park Avenue
        New York, NY 10166
        **Counsel for Defendant Yahoo!, Inc.**
        **By Email and First Class Mail, Postage Prepaid**

        /s/ James D. Cashel
        _____
        James D. Cashel