IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, | |
|---|---|
| Plaintiff | |
| v. | CASE NO.: 07-2757 |
| | Judge: MAM |
| Microsoft, Inc., and Microsoft Corporation, | |
| Defendants | |

### PLAINTIFF'S ANSWER TO DEFENDANT MICROSOFT, INC'S COUNTERCLAIMS

**Plaintiff** in the above-styled action submits this answer to the counterclaims brought by Defendant Microsoft, Inc. in this action.

1. Defendant knows its corporate status better than Plaintiff, but, based upon Plaintiff's information and belief, this is **admitted**.

2. **Admitted**.

3. This is a conclusory legal argument to which no response is required. To the extent one is required, it id **denied**.

4. This is a conclusory legal argument to which no response is required. To the extent one is required, it id **denied**.

5. This is a conclusory legal argument to which a response is not required.

6. **Admitted**.

7. This is a conclusory statement, to which a response is not required. To the extent one is required, it is **denied**.

8. **Denied in part, admitted in part.** The definition of "temporary," nor the duration of the time content spends in the repository, has been specified. The averment is

therefore vague. That content from the internet is placed in the repository in the manner outlined by Defendant is <u>admitted</u>.

9. This is a conclusory statement, to which a response is not required. To the extent one is required, it is <u>denied</u>. By way of further response, Defendant's primary purpose for its repository is <u>profit</u>.

10. **<u>Admitted</u>**.

11. **<u>Admitted</u>**. By way of further answer, this does not address user knowledge of the existence of the MSN search engine, for notification.

12. **<u>Admitted in part, denied in part</u>**. Plaintiff <u>admits</u> to owning registered copyrights for the alleged works. He <u>denies</u> that all of these works are currently available free <u>only</u> on his site, but they were free at the time this suit was filed. Only **29 Reasons** is still on the site, in PDF form, along with other works not listed by Defendant.

13. **<u>Admitted</u>**. By way of further answer, Plaintiff was not required under notice pleading to attach proof of registered copyrights, although he did attach a printout of his copyrights from the Library of Congress website to a subsequent pleading.

14. **<u>Admitted</u>**. As this court's parent noted when striking down the access-restriction provisions of the CDA, the <u>burden</u> of requiring an internet audience to sacrifice its privacy in order to gain access to content was <u>insufficient to justify shielding adult content from underage viewers</u>, yet Defendant wants this court to find it no burden for a copyright holder, who has every reason to believe his content is protected.

15. **<u>Denied in part, admitted in part</u>**. Plaintiff's internet provider is not Santa Claus, and has bandwidth limits that kick in when too many users access the site. To the extent defendant is claiming that Plaintiff does not preemptively restrict multiple access, that is admitted, and, by way of further answer, irrelevant.

2

16. **Denied!** Not only could Defendant not possibly know this, but every ounce of evidence at its disposal, including <u>its own profiting from Plaintiff's works</u>, would indicate that it either knew, or should have known, that Plaintiff has indeed derived not just revenue, but <u>substantial</u> revenue, from both the free and for-sale distribution of his works. Defendant's own search engines also contain numerous postings from individuals who have purchased from Plaintiff.

17. **Admitted in part, denied in part.** Plaintiff admits to alleging infringement, but denies anything involving a "cache," as defined by the DMCA, as Defendant Microsoft does not operate a <u>system cache</u> on any of Plaintiff's computer systems.

18. **Admitted in part, denied in part.** Plaintiff admits to not notifying Defendant of infringement prior to filing suit, but denies anything involving a "cache," as defendant does not operate a system cache as defined by the DMCA. By way of further answer, the averment is irrelevant.

19. **Admitted.** By way of further answer, irrelevant.

20. **Admitted in part, denied in part.** Plaintiff admits that he was aware of the repository. He denies that the repository is a <u>system cache</u> as defined by the DMCA. By way of further answer, the averment is irrelevant.

21. **Denied.** That Plaintiff accepted his inability to enjoin the search-engines from displaying his works, does not constitute a "desire" to have them appear in the results.

22. **Denied.** That Plaintiff accepted his inability to enjoin the search-engines from displaying his works, does not constitute a "desire" to have them appear in the results. Plaintiff also has attempted to revoke any implied license by filing this suit, as noted by this court.

23. **Admitted.** By way of further answer, irrelevant.

24. **Admitted in part, denied in part.** "Simple" is denied. The remainder admitted, and, by way of further answer, irrelevant.

25. **Admitted in part, denied in part.** "Simple" is denied, as is any averment that Plaintiff "chose" the indexing. Plaintiff "chose" to publish to <u>his</u> website. Defendant "chose" to publish a copy on its site, and call it a "cache."

26. **Admitted.** By way of further answer, irrelevant.

27. **Denied.** To the extent Defendant had any reason to believe this to be true prior to the filing of this lawsuit (which is no longer in controversy), any purported authorization, explicit or otherwise, was revoked. By way of further answer, Plaintiff has never explicitly consented to the use of his work in the repository.

28. This is a conclusory legal argument to which no response is required. To the extent one is required, it is <u>denied</u>. There is no fair-use.

29. This is a conclusory legal argument to which no response is required. To the extent one is required, it is <u>denied</u>.

## ANSWER TO FIRST COUNTERCLAIM

30. No response required.

31. This is a conclusory legal argument to which a response is not required. To the extent one is required, it is <u>denied</u>. Defendant has not set forth facts which support any controversy involving any specific, registered works of Plaintiff's. To the extent any such remaining controversy exists (in light of the rulings in this case already made), it is redundant and should be framed as an affirmative defense to Count I.

## ANSWER TO SECOND COUNTERCLAIM

33. No response required.

4

34. This is a conclusory legal argument to which a response is not required. To the extent one is required, it is <u>denied</u>. Defendant has offered no valid basis or facts to support this alleged "controversy." Plaintiff's copyrights were properly registered, and are wholly valid. Indeed, were this not the case, the other counterclaims could not exist, or could simply be dismissed, in which case this counterclaim would be collaterally estopped.

35. This is a conclusory legal argument to which a response is not required. To the extent one is required, it is <u>denied</u>.

## ANSWER TO THIRD COUNTERCLAIM

36. No response required.

37. This is a conclusory legal argument to which a response is not required. To the extent one is required, it is <u>denied</u>. By way of further response, this "counterclaim" is redundant to Count I and should be framed as an affirmative defense, as no other controversy exists.

38. This is a conclusory legal argument to which a response is not required. To the extent one is required, it is <u>denied</u>. Defendant has not set forth facts which support any controversy involving any specific, registered works of Plaintiff's. To the extent any such remaining controversy exists (in light of the rulings in this case already made), it is redundant and should be framed as an affirmative defense to Count I.

## ANSWER TO FOURTH COUNTERCLAIM

39. No response required.

40. This is a conclusory legal argument to which a response is not required. To the extent one is required, it is <u>denied</u>. By way of further response, this "counterclaim" is redundant to Count I and should be framed as an affirmative defense, as no other controversy exists.

41. <u>Denied</u>. Defendant's primary intent for creating its entire search engine is profit, consistent with its mission as a publicly-traded company to maximize value to its shareholders.

42. This a conclusory statement to which no response is required. To the extent a response is required, it is _denied_. That Defendant operates a system cache, rather than a repository, is further _denied_.

43. **Admitted**. By way of further answer, irrelevant. Knowledge of the activity did not equate to the ability to stop it, insofar as Defendant had refused to respect existing copyright law at the time, instead choosing to seek an exemption via affirmative defense through these courts. Plaintiff had every reason to expect that the conduct would not be engaged in, but would no sooner not publish his site due to this, than he would cave in to any internet _pirates_.

44. **Denied**. The reposited copies in the search engine divert traffic to Defendants' websites, which otherwise would land at Plaintiff's site, either directly, or via alternative, legal portal sites which would not be allowed to pilfer his content. Defendants also lose context in viewing Plaintiff's work, as the cached content is _framed_ within Defendant's website, rather than Plaintiff's, thus making navigation to Plaintiff's home page more difficult, if not impossible, from the reposited copy. By way of further response, irrelevant, as statutory damages are recoverable for registered works.

45. **Denied**. See paragraph 44 above.

46. This is a conclusory legal argument to which a response is not required. To the extent one is required, it is _denied_. Defendant has not set forth facts which support any controversy involving any specific, registered works of Plaintiff's. To the extent any such remaining controversy exists (in light of the rulings in this case already made), it is redundant and should be framed as an affirmative defense to Count I.

## ANSWER TO FIFTH COUNTERCLAIM

47. No response required.

48. This is a conclusory legal argument to which a response is not required. To the extent one is required, it is <u>denied</u>. By way of further answer, the implied-license issues have been resolved by prior rulings, with the remaining controversy properly framed as an affirmative defense to Count I. Defendant has cited no works in controversy.

49. **<u>Admitted in part, denied in part.</u>** The conduct is admitted, and irrelevant. That defendant operates a system cache, as defined by the DMCA, is denied.

50. **<u>Admitted in part, denied in part.</u>** The conduct is admitted, and irrelevant, as opt-out copyright protection is not a valid legal concept. That the protocol is "simple" is denied.

51. This is a conclusory legal argument to which a response is not required. To the extent one is required, it is <u>denied</u>. As per this court's previous rulings, Plaintiff's implied license was revoked upon the filing of this lawsuit.

52. This is a conclusory legal argument to which a response is not required. To the extent one is required, it is <u>denied</u>. Plaintiff further denies that defendant operates a system cache.

53. This is a conclusory legal argument to which a response is not required. By way of further response, Defendant's "counterclaim" is redundant to Count I, and should be framed as an affirmative defense. Defendant has cited no works in controversy.

## <u>ANSWER TO SIXTH COUNTERCLAIM</u>

54. No response required.

55. This is a conclusory legal argument to which a response is not required. To the extent one is required, it is <u>denied</u>. By way of further answer, this controversy should be properly framed as an affirmative defense to Count I. Defendant has cited no works in controversy.

56. **<u>Admitted</u>**. By way of further answer, obvious.

57. **<u>Admitted</u>**. By way of further answer, irrelevant.

7

58. This is a conclusory legal argument to which a response is not required. By way of further response, Defendant's "counterclaim" is redundant to Count I. and should be framed as an affirmative defense. Defendant has cited no works in controversy.

### PLAINTIFF'S FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM/NO CONTROVERSY

59. Defendant Microsoft has failed to state a claim for which relief can be granted.

60. As Plaintiff has not filed or threatened litigation concerning any additional registered works, no controversy exists.

61. Defendant Microsoft is currently not engaging in any infringing conduct which would give rise to this additional litigation.

62. Defendant Microsoft has not identified any specific registered works of Plaintiff's which would give rise to this additional litigation. Its "counterclaim" should be framed as an affirmative defense to the existing Count I in this lawsuit.

### PLAINTIFF'S SECOND AFFIRMATIVE DEFENSE: NO DMCA SAFE HARBOR

63. Defendant Microsoft is not entitled to DMCA safe-harbor protection because it is not a transitory provider as defined by the DMCA.

64 Defendant Microsoft is not entitled to safe-harbor protection under the DMCA because it *directly* profits from the alleged infringement.

### PLAINTIFF'S THIRD AFFIRMATIVE DEFENSE: ISSUE PRECLUSION

65 Defendant Microsoft's "counterclaims" are an attempted reframing of its affirmative defenses to Count I. It is therefore issue-precluded from raising them again in subsequent litigation, as no controversy could exist, since Plaintiff would be issue-precluded from attempting to reverse any unfavorable precedent, while any favorable precedent would issue-

preclude the counterclaims. As it stands, any defense to this claim would require an attempt by Plaintiff to overturn of this court's previous ruling on implied license.

### PLAINTIFF'S FOURTH AFFIRMATIVE DEFENSE: NO IMPLIED LICENSE

66. This court has already held that Plaintiff's filing of this lawsuit has constituted an <u>attempted</u> revocation of implied license. Judicial precedent is on his side. Unless this precedent is reversed, any implied license granted by Plaintiff via his conduct was revoked by the filing of this lawsuit.

67. A finding of implied license would have <u>devastating</u> consequences on copyright holders. It would turn the <u>public</u> internet into quasi-public-domain territory, which publishers would have to avoid, either by avoiding website publishing, and by requiring shipping addresses, or e-mail addresses, from their audience, who, given the nature of internet material, prefer to have their privacy respected. Defendants know this, as they are advertising companies, which is why they themselves require no such barriers to access their sites, which they themselves further argue can be republished on the internet with the very implied-license they seek.

68. The full consequences of an implied-license ruling would not be realized until after the fact, as individuals and corporations would then feel empowered to distribute freely literally <u>anything</u> they find online. Internet copyright would be all but invalidated, and free content on the internet would be reduced to advertising copy, which people do not mind being "infringed."

### PLAINTIFF'S FIFTH AFFIRMATIVE DEFENSE: NO FAIR USE

69. There is no legal precedent supporting the commercialized use of entire copies of others' registered works as a fair use.

### PLAINTIFF'S SIXTH AFFIRMATIVE DEFENSE:

## WTO SUPREMACY ESTOPPEL

70. Defendants' counterclaims are precluded by America's participation in the World Trade Organization (WTO), specifically its provisions relating to a level playing field among its member nations. Allowing what would be infringement in any other member country to occur in the "home country" of the searches-engine industry (one with 95+ percent of the market), would violate the WTO agreements, by providing an unfair advantage to American search-engine companies, who would be free to infringe foreign content with impunity, with full knowledge that lack of audience would make similar foreign infringement of our content economically irrelevant, if not mute.

## PLAINTIFF'S SEVENTH AFFIRMATIVE DEFENSE: NO DAMAGES

71. Defendants have not alleged any damages which would give rise to any of its counterclaims.

## PLAINTIFF'S EIGHTH AFFIRMATIVE DEFENSE: VALID COPYRIGHT, NO MISUSE

72. Plaintiff's copyrights in controversy in this action are valid, registered, and were not misused.

## PLAINTIFF'S NINTH AFFIRMATIVE DEFENSE: ESTOPPEL

73. Defendants' counterclaims are barred by estoppel.

## PLAINTIFF'S TENTH AFFIRMATIVE DEFENSE: FAILURE TO MITIGATE

74. Defendants' counterclaims are barred by the doctrine of failure to mitigate.

## PLAINTIFF'S ELEVENTH AFFIRMATIVE DEFENSE: UNCONSTITUTIONALLY EXCESSIVE COSTS

75. Defendants' prayer for attorney fees is not proper, given that that conduct for which it seeks relief does not provide for monetary damages.

## ADDITIONAL DEFENSES

76. Defendants' prayer for attorney fees is not proper, given that that conduct for which it seeks relief does not provide for monetary damages.

WHEREFORE, Plaintiff seeks the following relief, in addition to that sought for the existing Count I:

1. Dismissal of all six counterclaims, <u>with prejudice</u>.

2. Costs, including any reasonable attorney fees incurred.

3. Such other and further relief as this court may deem just and proper to make Plaintiff whole.

This the 15th day of December, 2008.

_____
Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 764-5487
E-mail: <u>SnodgrassPublish@aol.com</u>
Plaintiff, Pro Se

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, Plaintiff v. Yahoo!, Inc., and Microsoft Corporation, Defendants | CASE NO.: 07-2757 Judge: MAM |
|---|---|

## CERTIFICATE OF SERVICE

I, Gordon Roy Parker, **Plaintiff** in the above-styled action, hereby certify that have served a copy of **Plaintiff's Answers to Defendants Counterclaims (2)**, on both defendants in this action via **regular mail**, as follows:

**Corey Field**
Ballard, Spahr, Andrews & Ingersoll, Rhoads
1735 Market Street, 51st Floor
Philadelphia, PA 19103
FieldC@ballardspahr.com
**Attorney For Yahoo!**

**Jeremy Mishkin**
Montgomery, McCracken, Walker &
123 South Broad Street, 28th Floor
Philadelphia, PA 19109
Jmishkin@mmr.com
**Attorney For Microsoft**

This the 15th day of December, 2008

Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 764-5487
E-mail: SnodgrassPublish@aol.com