`IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, Plaintiff | |
|---|---|
| v. | CASE NO.: 07-2757 |
| | Judge: MAM |
| Yahoo, Inc., and Microsoft Corporation, Defendants | |

## PLAINTIFF'S AMENDED RULE 16 STATUS REPORT FOR HEARING

Plaintiff has found the Rule 16 form, and amends this brief to reflect a tentative settlement with Defendant Yahoo.

I. **CASE INFORMATION**

Plaintiff incorporates by reference Defendant Microsoft's Form, which contains the information, as well as the caption of this document.

II. **QUESTIONNAIRE**

1-2. *Consolidation.* Not applicable.

3. *By which date can discovery be completed?*

   a. *Plaintiff's Claims.* For his remaining claim, Plaintiff has no need to conduct discovery beyond his own testimony and existing evidence. Rebuttal evidence and rebuttal witnesses to support that evidence, which is not required to be disclosed during discovery, but may become necessary depending on any contested fact(s). All relevant facts are or have been available to the public. Should defendant seek discovery, Plaintiff will likely require one round of interrogatories, one deposition of Defendant and/or its officers, one request for admissions, one request for production of documents, and up to a half-dozen or so subpoenas duces tecum.

   b. *Defendant's Counterclaims.* Defendant's counterclaims will require extensive, protracted discovery, relating to profit motive, the nature and history of Defendant's search engine, its corporate mission, its volition, revenue streams, statements made in filings to the SEC, and in all statements made to investors, regarding its mission, business model, and past, present, and future revenue projections. This discovery, depending on how contested it is, could easily exceed the normal time limits for discovery.

4. ***Do you anticipate using any expert witnesses?*** Only in rebuttal to any witnesses Defendant may use.

5. ***By which[1] date will this case be ready for trial?***

    a. ***Plaintiff's Claims.*** Anytime, anyplace. Plaintiff is, as they say, "good to go."

    b. ***Defendant's Counterclaims.*** That will depend on the nature of discovery required to defend. At this point, Plaintiff recommends a trial date two years from the date of this conference, or a date one year, with a liberal policy towards discovery-related trial rescheduling.

6. ***What is the total time necessary to present your case?***

    a. ***Plaintiff's Claims.*** Roughly ten minutes. Maybe twelve or fifteen. Possibly as low as five. Or two. Excluding rebuttal.

    b. ***Defendant's Counterclaims.*** At trial, anywhere from two weeks to three months.

7. ***What portion of this is liability and damages?***

    a. ***Plaintiff's Claims.*** Plaintiff seeks statutory damages for direct copyright infringement, costs, and any attorney fees he may incur after securing counsel.

    b. ***Defendant's Counterclaims.*** Defendant seeks injunctive relief, costs, and attorney fees.

8. ***What is your estimate of the total time required for trial?***

    a. ***Plaintiff's Claims.*** Ten minutes plus time required by the Defendant and jury to adjudicate.

    b. ***Defendant's Counterclaims.*** Two weeks to three months, plus the time required by the Defendant and jury to adjudicate.

9. ***Would an early settlement conference be helpful to effecting a settlement of this case?*** No. Plaintiff will only consider settlement offers made pursuant to Federal Rule 68.

10. ***If the answer to 9) above is yes...*** it isn't.

11. ***Do you have any special comment to make, or special issue or problem to raise, concerning this case? If so, please <specify>.***

    a. ***Plaintiff's Claims.*** No commentary within the scope of this litigation. Plaintiff does request electronic service of all documents, in Microsoft Word format, to accommodate an unspecified issue not yet corrected, to

---

[1] While the form says "what" rather than "which," "what" refers to an indeterminate number of options (such as "what will we do?"), while "which" refers to a finite menu, i.e., "which road do we take?"

SnodgrassPublish@aol.com. Upon successful e-mail service (acknowledge by reply mail), Plaintiff waives physical service of any document.

    c. ***Defendant's Counterclaims***. Defendant has not specified the nature of the alleged actionable conduct, beyond a notice-pleading that various statutes have been violated. Plaintiff considers this a "backdoor class action" lawsuit and intends to move the court, pursuant to Rule 23 to have it certified as such, and to appoint Counsel for Plaintiff, as he is 1) a <u>defendant</u> in the counterclaims, and thus here involuntarily; 2) disabled, as already noted by this court, and 3) unable to afford counsel. While a *pro-se* litigant may not represent a class, Plaintiff sees nothing in the rules that proscribes his moving for class certification. Defendant could have filed its counterclaims against any internet publisher that does not password-protect its documents, and has yet to offer anything which separates Plaintiff from the remainder of the class, other than the fact that Plaintiff has filed suit.

12. ***Certification***

I hereby certify that, prior to submitting this form, I spoke with counsel for all other parties, and carefully explored settlement of this action.

This the 26th day of January, 2009

*[signature]*

Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 764-5487
E-mail: <u>SnodgrassPublish@aol.com</u>

3

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| GORDON ROY PARKER, | |
|---|---|
| Plaintiff | |
| v. | CASE NO.: 07-2757 |
| | Judge: MAM |
| Yahoo!, Inc., and Microsoft Corporation, | |
| Defendants | |

## AMENDED CERTIFICATE OF SERVICE

I, Gordon Roy Parker, **Plaintiff** in the above-styled action, hereby certify that I have served a copy of **Plaintiff's Amended Rule 16 Status Report,** on both defendants in this action via **regular mail**, as follows:

**Corey Field**
Ballard, Spahr, Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
**Attorney For Yahoo!**

**Mr. Mishkin**
Montgomery, McCracken, Walker & Rhoads
123 South Broad Street, 28th Floor
Philadelphia, PA 19109
**Attorney For Microsoft**

This the 26th day of January, 2009

*(signature)*

Gordon Roy Parker
4247 Locust Street, #806
Philadelphia, PA 19104
(215) 764-5487
E-mail: SnodgrassPublish@aol.com

23